# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| INTERNET SPORTS INTERNATIONAL, LTD, | Case No. 2:23-cv-00893-ART-NJK |
| Plaintiff, | **ORDER** |
| v. | [Docket No. 23, 24] |
| AMELCO USA, LLC, et al., | |
| Defendant(s). | |

Pending before the Court are Plaintiff's motion for extension of case management deadlines and motion for leave to amend the complaint. Docket No. 23, 24. Defendants responded, Docket Nos. 25, 26, and Plaintiff replied, Docket Nos. 27, 28. The motions are properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the motions are **GRANTED**.

## I.      BACKGROUND

Plaintiff initiated this action in the Eighth Judicial District Court for Clark County, Nevada. Docket No. 1-2 at 2. Plaintiff raised several causes of action related to an alleged service agreement against Defendants. Docket No. 1-2 at 8-11. Defendant Amelco UK Ltd. subsequently removed the case to this Court on diversity grounds. Docket No. 1.

Prior to removal, the parties engaged in discovery pursuant to the state court discovery plan. *See* Docket Nos. 25-1 at 8. Plaintiff made its initial disclosures and provided three documents consisting of 27 pages. Docket No. 25-2 at 8. Defendant Amelco USA, LLC propounded discovery requests on Plaintiff on May 22, 2023. Docket Nos. 25-3, 25-4. Plaintiff, however, did not respond to the discovery requests because it maintained that removal vacated its deadline to respond. Docket No. 25-5 at 2.

1

In this Court, the parties sought special scheduling review for a 328-day discovery period, wherein January 29, 2024, was to be the deadline to amend the pleadings.  *See* Docket Nos. 18, 20.  The Court denied this request, finding that the parties had not established good cause for the extended discovery period.  Docket Nos. 19, 21.  The Court issued a scheduling order and established the following case management deadlines:

| | |
|---|---|
| Initial Disclosures: | August 10, 2023 |
| Add/Amend Pleadings: | September 5, 2023 |
| Initial Experts: | October 5, 2023 |
| Rebuttal Experts: | November 6, 2023 |
| Discovery Cut-Off: | December 4, 2023 |
| Dispositive Motions: | January 3, 2024 |

Docket No. 21.

On August 3, 2023. Defendant Amelco USA, LLC propounded its prior discovery requests on Plaintiff.  Docket Nos. 25-6, 26-7.  Plaintiff informed Defendant Almeco USA, LLC one week before the deadline that it could not timely respond to the discovery requests because "there may be thousands of documents to produce, which is taking us significant time to review."[1]  Docket No. 27-1 at 4.  Plaintiff subsequently filed the instant motion to extend the case management deadlines prior to the expiration of the deadline to amend the pleadings.  Docket No. 23.

Plaintiff filed its motion for leave to amend its complaint the day after the current deadline to amend the pleadings.  Docket No. 24.  Plaintiff's proposed first amended complaint adds claims against Defendants relating to two 2019 mutual confidentiality agreement.  Docket No. 24-1 at 6.

## II.    STANDARDS

### A.  Motion to Extend Case Management Deadlines

The district court has broad discretion in supervising the pretrial phase of litigation and in issuing and enforcing scheduling orders.  *Williams v. James River Group Incorporated*, 627 F.Supp.3d 1172, 1177 (D. Nev. 2022).  A scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril."  *Johnson v. Mammoth*

---

[1] On September 19, 2023, Plaintiff served its responses to Defendant Almeco USA, LLC's discovery requests, produced over 52,000 pages of documents, and provided an estimated calculation of damages.  Docket No. 27-4 at 2

*Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992).  In short, Rule 16 of the Federal Rules of Civil Procedure, as well as the scheduling orders entered pursuant to that rule, must "be taken seriously." *Williams*, 627 F.Supp.3d at 1177.

A motion to extend deadlines in the Court's scheduling order must be supported by a showing of good cause for the extension.  Local Rule 26-3; *see also Johnson*, 975 F.2d at 608-09. Good cause to extend a discovery deadline exists "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 975 F.2d at 609.  "The diligence obligation is ongoing." *Williams v. James River Group Incorporated*, 627 F.Supp.3d 1172, 1177 (D. Nev. 2022) (quoting *Morgal v. Maricopa Cnty Bd. of Supervisors*, 284 F.R.D. 452, 460 (D. Ariz. 2012). "The showing of diligence is measured by the conduct displayed throughout the entire period of time already allowed." *Id.*  "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609.  Although prejudice to the opposing party may also be considered, when the movant "fail[s] to show diligence, 'the inquiry should end.'" *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1295 (9th Cir. 2000) (quoting *Johnson*, 975 F.2d at 609).

### B.  Motion for Leave to Amend the Complaint

When a party moves to amend the pleadings or add parties after the expiration of the deadline established in the scheduling order, courts first treat the motion as seeking to amend the scheduling order.  Such a request implicates the "good cause" standard outlined in Rule 16(b) of the Federal Rules of Civil Procedure. *See supra*.

A motion for leave to amend or add parties filed after the expiration of the corresponding deadline also requires a showing of excusable neglect. *See Branch Banking & Trust Co. v. DMSI, LLC*, 871 F.3d 751, 764-65 (9th Cir. 2017*); see also* Local Rule 26-3.  The excusable neglect analysis is guided by factors that include (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Branch Banking*, 871 F.3d at 765.  The party seeking amendment bears the burden of establishing excusable neglect.  See *id*. (affirming finding of no excusable neglect based upon the movant's failure to provide a sufficient showing).

When the movant has established a sufficient basis for obtaining relief from the deadline to amend pursuant to Rule 16(b), courts then examine whether amendment is proper under the standards outlined in Rule 15(a).  Rule 15(a) provides that "[t]he court should freely give leave [to amend] when justice so requires," and there is a strong public policy in favor of permitting amendment.  *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999).  As such, the Ninth Circuit has made clear that Rule 15(a) is to be applied with "extreme liberality."  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (per curiam).  Under Rule 15(a), courts consider various factors, including: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of the amendment; and (5) whether the plaintiff has previously amended the complaint.  *See id*. at 1052.  Not all of these factors carry equal weight and prejudice is the "touchstone."  *Id*. Absent a showing of prejudice or a strong showing of any of the remaining factors, there is a presumption that leave to amend should be granted.  *Id*.  The party opposing the amendment bears the burden of showing why leave should not be permitted under Rule 15(a).  *Underwood,* 342 F.R.D. at 343.

## III.   ANALYSIS

### A.  Motion to Extend Case Management Deadlines

Plaintiff asks this Court to extend the case management deadlines in its scheduling order. *See* Docket No. 23.  Defendants primarily contest extending the deadline to amend pleadings. Docket No. 35 at 1-2.

In reviewing the circumstances of discovery, the Court finds that the parties have acted diligently.  Therefore, the Court finds good cause exists to extend all deadlines.

### B.  Motion for Leave to Amend Complaint

Plaintiff filed its motion for leave to amend the complaint one day after the deadline to amend pleadings, and, five days after its motion to extend that deadline.  *See* Docket Nos. 23, 24. In examining all of the relevant standards, the Court **GRANTS** Plaintiff's request to amend its complaint.

## IV.     CONCLUSION

Accordingly, Plaintiff's motion to extend case management deadlines is **GRANTED**. Plaintiff's motion for leave to amend its complaint is **GRANTED**.  Plaintiff must promptly file and serve its amended complaint.  Deadlines are **RESET** as follows:

- Amend pleadings/ add parties:  November 3, 2023
- Initial experts:  January 12, 2024
- Rebuttal experts:  February 9, 2024
- Discovery cutoff:  February 23, 2024
- Dispositive motions:  March 15, 2024
- Joint proposed pretrial order:  April 12, 2024, or 30 days after resolution of dispositive motions

IT IS SO ORDERED.

Dated: October 6, 2023

_____
Nancy J. Koppe
United States Magistrate Judge