# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| INTERNET SPORTS INTERNATIONAL, LTD,<br><br>    Plaintiff,<br><br>v.<br><br>AMELCO USA, LLC, *et al.*,<br><br>    Defendants. | Case No. 2:23-cv-00893-ART-NJK<br><br>**ORDER**<br><br>[Docket No. 75] |

Pending before the Court is the parties' joint motion to modify the scheduling order in the instant case.  Docket No. 75.

A request to extend discovery deadlines must include a statement specifying the discovery completed, a specific description of the discovery that remains, the reasons why the subject deadline cannot be met, and a proposed schedule for completing the outstanding discovery.  Local Rule 26-3.  The request must also be supported by a showing of good cause.  *Id.*  The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence.  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  This showing of diligence is measured by the movant's conduct throughout the entire period of time already allowed.  *CC.Mexicano.US, LLC v. Aero II Aviation, Inc.*, 2015 U.S. Dist. LEXIS 169110, at *11-12 (D. Nev. Dec. 15, 2015).  If diligence is not established, the Court's inquiry should end.  *Johnson*, 975 F.2d at 609 (internal citation omitted).

Here, the parties have not demonstrated diligence.  The parties submit that they refrained from conducting discovery to focus "their efforts on mediation over the past 60 days."  Docket No. 75 at 4.  Essentially, the parties granted themselves a stay for the past 60 days without the Court's approval, and now request an extension for the same period of time.  Such conduct does not establish diligence.  Therefore, the Court cannot find good cause for the extension request and the inquiry ends.

1

Accordingly, the parties' joint motion to modify scheduling order is **DENIED** without prejudice. Docket No. 75.

IT IS SO ORDERED.

Dated: January 24, 2024

_____
Nancy J. Koppe
United States Magistrate Judge