Robert M. Manley (*pro hac vice*)
Travis E. DeArman (*pro hac vice*)
Patrick Pijls (*pro hac vice*)
**MCKOOL SMITH, PC**
300 Crescent Court, Suite 1500
Dallas, TX 75201
Tel: (214) 978-4000
Fax: (214) 978-4044
rmanley@mckoolsmith.com
tdearman@mckoolsmith.com
ppijls@mckoolsmith.com

J Christopher Jorgensen (Bar No. 5382)
**LEWIS ROCA ROTHGERBER CHRISTIE LLP**
3993 Howard Hughes Pkwy, Suite 600
Las Vegas, NV 89169
Tel: (702) 949-8200
cjorgensen@lewisrcoa.com

Attorneys for Plaintiff Internet Sports International, Ltd.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| Internet Sports International, Ltd., <br><br> Plaintiff, <br><br> v. <br><br> Amelco USA, LLC. et al., <br><br> Defendants. | Case No.: 2:23-cv-00893-ART-NJK <br><br> **PLAINTIFF ISI'S MOTION TO MODIFY SCHEDULING ORDER** |

Plaintiff Internet Sports International, Ltd. ("ISI") requests, pursuant to Local Rules IA 6-1 and 26-3, that the Court modify the scheduling order entered on November 6, 2023.[1]

---

[1] ECF No. 58.

1

## I. INTRODUCTION AND SUMMARY.

ISI requests the following extensions:

| Event | Current Deadline | Proposed Amended Deadline |
|---|---|---|
| Initial Experts | April 11, 2024 | July 11, 2024 |
| Rebuttal Experts | May 9, 2024 | August 1, 2024 |
| Discovery Cut-Off | May 23, 2024 | August 15, 2024 |
| Dispositive Motions | June 13, 2024 | September 5, 2024 |
| Joint Proposed Pretrial Order | July 11, 2024 or 30 days after resolution of dispositive motions, whichever dates comes sooner | October 3, 2024, or 30 days after resolution of dispositive motions, whichever dates comes sooner |

This is the fourth motion requesting an extension of the pretrial deadlines in this matter. The first and second requests (one opposed, one joint) were granted by this Court.[2] The Court recently denied the third request (joint) without prejudice.[3]

The requested extension is necessary because Defendants[4] have obstructed and delayed discovery. Despite this obstruction, ISI tried to resolve the matter and narrow any discovery disputes, including by agreeing to multiple courtesy extensions for Defendants. *Cf., e.g.*, *Scott v. Smith's Food & Drug Ctr., Inc.*, No. 218CV00303JCMVCF, 2019 WL 13030150, at *2 (D. Nev. Aug. 2, 2019) (noting the "Court's policy of encouraging cooperation between the parties in matters of discovery"). At the same time, ISI continued to collect and review evidence responsive to Defendants' discovery requests. ISI produced another roughly 21,000 documents this week (for a total of 43,060). In other words, ISI *diligently* pursued discovery while also attempting to resolve the dispute.

---

[2] ECF No. 23-01; ECF No. 56.
[3] ECF No. 75 (motion); No. 76 (order).
[4] Amelco USA, LLC and Amelco UK, Ltd.

In contrast, Defendants <u>produced no documents, refused to answer basic interrogatories, and delayed depositions.</u> Defendants even used mediation to extract additional delays, while promising to cooperate with ISI to secure a reasonable extension. Defendants' actions prevented the litigation from moving forward, thus necessitating this motion seeking additional time.

In hindsight, ISI sees Defendants' tactics for what they are: a tool for delay. ISI likewise regrets pursing an agreed motion for extension, rather than laying out the full record. However, the Court should not reward Defendants' delay tactics, nor punish ISI for trying to resolve the case (or at least to narrow the parties' dispute).

## II.   LEGAL STANDARD

This Court has broad discretion to issue, modify, and enforce its scheduling orders. *See* ECF No. 76 at 1 (describing the Court's authority to manage its docket and the standards for granting extensions). A party seeking to expand deadlines must show diligence, and in the absence of diligence, the Court may deny an extension. *Id.* (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) and *CC.Mexicano.US, LLC v. Aero II Aviation, Inc.*, No. 2:14-cv-00108-JCM-NJK, 2015 U.S. Dist. LEXIS 169110 (D. Nev. Dec. 15, 2015). However, the "district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Green v. City of Phoenix*, 330 F.R.D. 239, 240 (D. Ariz. 2019) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).

## III.   ARGUMENT AND AUTHORITIES.

### A.   ISI has pursued discovery and responded to Defendants' discovery requests, with diligence.

Prior to removal on August 3, 2023, Defendant Amelco USA, LLC propounded interrogatories, requests for admissions, and requests for production on ISI in the state court proceedings. After removal, Amelco re-served its requests on ISI. On September 19, 2023, ISI served objections and responses. On December 23, 2023, ISI served supplemental and amended responses.

3

Aside from a few, targeted objections, ISI agreed to produce responsive, non-privileged documents to the extent they (i) exist and (ii) can be located following a reasonable search. ISI has honored that commitment, producing more than 40,000 documents. ISI's review of the evidence is ongoing, and ISI will produce additional, responsive and non-privileged documents if and when they are located.

Similarly, ISI responded to Defendants' interrogatories. ISI will continue to promptly supplement those responses as discovery progresses, for example, once ISI receives information solely in Defendants' possession and once ISI serves its expert reports. To date, Defendants have raised no specific complaints concerning ISI's responses. However, ISI remains willing to engage with Defendants on any issue should it arise.

ISI offered to present its primary witnesses for deposition in February 2024. Defendants requested to delay those depositions, however. ISI's counsel asked Defendants to "[p]lease provide the date-ranges that you want, and I will see if the witnesses are available."[5] Defendants have not provided dates.

Stated differently, ISI has responded in good faith to the discovery propounded by Defendants. ISI will continue to do so, including through amendment and supplementation as contemplated by the Federal Rules. Defendants have taken another approach.

**B.     Defendants obstructed and delayed discovery.**

For months, ISI has attempted to secure discovery from Defendants. Defendants have responded with nothing but delay and obstruction. ISI provides an abbreviated timeline below.

<u>On October 18, 2023</u>, ISI's counsel requested a first meet-and-confer with Defendants' counsel, stating:

> Given the deadlines in this case, both sides will need to move rapidly to produce documents, respond to interrogatories, designate witnesses for deposition, etc. I

---

[5] Ex. 16 (Jan. 22, 2024 Email from T. DeArman to J. Tennert).

4

would like to set a call to discuss discovery, scheduling, and other housekeeping matters. Are you available Monday, October 23 at 11:00am [P]T / 1:00pm CT?[6]

In advance of the parties' conference, <u>On October 20, 2023</u>, ISI sent a draft protective order and ESI protocol.[7] As ISI explained to Defendants, these routine documents were important gating issues for continuing discovery and needed to be completed quickly. *Cf., e.g.*, *Ngrime v. Papillion Manor*, No. CASE NO.8:08CV23, 2008 WL 4224907, at *2 (D. Neb. Sept. 11, 2008) ("The parties are strongly encouraged to work together regarding the terms of any protective order and to submit to the court a joint motion for protective order and a proposed order."); *Bird v. PSC Holdings I, LLC*, No. 12-CV-1528 W NLS, 2013 WL 1120659, at *4 n.5 (S.D. Cal. Mar. 18, 2013) (similar). Immediately, Defendants began to drag their feet. For example, over roughly a month after the parties' initial conference, <u>ISI's counsel sent at least eight emails requesting comment or revisions to protective order.</u>[8] Amelco did not finally agree to the terms of these documents until November 17, 2023 (ESI Stipulation)[9] and November 20, 2023 (protective order).[10]

<u>Also on October 20, 2023</u>, ISI served requests for production (RFPs) and interrogatories on each Defendant. Defendants' deadline to respond was <u>November 20, 2023</u>. In the days before this deadline, Defendants requested an extension. As a courtesy, ISI agreed to extend Defendants deadline until <u>December 4, 2023</u>, with two conditions. As ISI's counsel stated:[11]

We agree to a two-week extension, or until December 4, with the following caveats:

---

[6] Ex. 1 at 4 (Oct. 18, 2023 email from T. DeArman to J. Tennert (attachments omitted)).

[7] Ex. 1 at 2 (October 20, 2023 email from T. DeArman to J. Tennert) (excluding attachments).

[8] *E.g.* Ex. 1 at 1-2 (October 23, 2023 email from T. DeArman to J. Tennert); Ex. 1 at 1 (October 31, 2023 email from T. DeArman to J. Tennert); Ex. 1 at 1 (Nov. 2, 2023 email from T. DeArman to J. Tennert); Ex. 2 (Nov. 2, 2023 email from T. DeArman to J. Tennert, offering a post-meet-and-confer recap); Ex. 3 at 5 (Nov. 9, 2023 email from T. DeArman to J. Tennert); Ex. 3 at 4 (Nov. 10, 2023 email from P. Pijls to J. Tennert); Ex. 3 at 1 (Nov. 13, 2023 email from T. DeArman to W. Beavers); Ex. 4 at 1 (Nov. 15, 2023 email from T. DeArman to W. Beavers).

[9] The Court declined to issue an order confirming the parties' ESI stipulation. ECF 65. However, as the court observed, "[u]nless such agreement interferes with court proceedings or deadlines, parties may stipulate to discovery procedures without obtaining judicial approval." *Id.*

[10] ECF No. 64.

[11] Ex. 5 at 1 (Nov. 17, 2023 email from T. DeArman to W. Beavers).

1) Amelco at least begin its document production at the same time it responds. I understand and expect that document production will be a rolling process, but certainly there are some documents that can be produced immediately.

2) Amelco serves interrogatory responses that are something more than just "Amelco objects and refuses to answer."

In other words, I understand the need for an extension in order to substantively respond and to prepare for production. But if the plan is to just object, I don't see the need for the extension. Also, if we get past Thanksgiving and you feel that you absolutely need another week to respond. I am happy to have a call to discuss.

Defendants accepted these conditions.[12]

On December 4, 2023, however, Defendants violated the parties' agreement. Specifically, they served responses consisting almost entirely of meritless, boilerplate objections.[13]

Taking the RFPs first: For 39 of 82 requests, Defendants asserted boilerplate objections and claimed to have "no obligation to respond."[14] Defendants' refusal encompasses fundamental discovery into Amelco's internal communications regarding ISI, and the development, marketing, and sale in the U.S. of Amelco's retail sports-betting hardware and software—the same products that Amelco built using ISI's assistance and intellectual property.[15] For other requests, Amelco claimed to lack understanding or refused to produce because it alleged the documents were already in ISI's possession. In total, Defendants committed to producing documents in response to only *10* of 62 requests.[16] **To this day, Defendants have produced no documents directly in response to ISI's requests.**

Defendants' interrogatory responses were equally defective. For example, Defendants objected to ISI's first interrogatory because it "exceeded the limit of 25 written interrogatories without leave."[17] For seven of eighteen interrogatories, Defendants claim to have "no obligation

---

[12] *Id.* (Nov. 17, 2023 response from W. Beavers to T. DeArman).

[13] Ex. 6 at 1-2 (Dec. 4, 2023 email from T. DeArman to W. Beavers); *see also*, *e.g.*, Ex. 7 (AUSA responses to ISI's RFPs; Ex. 8 (AUSUA responses to ISI's interrogatories).

[14] Ex. 7 (RFP Nos. 1, 2, 4, 6, 7, 9, 10, 11, 13, 14, 15, 17, 18, 25, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 48, 49, 51, 52, 53, 54, 55, 56, 57, 58, 59, and 60.)

[15] *See*, *e.g.*, Ex. 7 (RFP Nos. 25, 29, 31, 36, 37).

[16] Ex. 7 (RFP Nos. 3, 5, 19, 20, 21, 22, 23, 24, 61, and 62).

[17] Ex. 8 at 4. Defendants repeat this boilerplate objection for 14 of 18 interrogatories.

to respond."[18] Defendants' refusal to participate encompasses some of the most fundamental inquiries in the case—for example, Defendants' efforts to market and sell retail sports-betting hardware and software in the United States[19] and Defendants' alleged "independent development" of Defendants' retail sports-betting solution (called the SSBT).[20]

ISI will be filing motions to compel addressed these issues in detail. For present purposes, *i.e.* demonstrating ISI's diligence, ISI confronted Defendants within thirty minutes of receiving Defendants' responses.[21] *Cf., e.g.*, *Universal Ent. Corp. v. Aruze Gaming Am., Inc.*, No. 218CV00585RFBNJK, 2022 WL 17362676, at *1 (D. Nev. Nov. 30, 2022) ("To encourage a cooperative discovery process, this Court's Local Rules require parties to meet and confer before filing a discovery motion with the Court."). ISI requested a meet-and-confer, but Defendants delayed that conference until December 11.[22] At and after that conference, ISI's counsel attempted to reach a compromise.[23] Among other things, ISI agreed to provide search terms and parameters in connection with its requests for "documents and communications concerning ISI and the parties' business relationship."[24] Within two days, on December 13, ISI provided those search parameters.[25]

Between December 13, 2023 and January 3, 2024, Defendants simply refused to respond to ISI's proposals.[26] Once Defendants finally agreed to a conference on January 3, 2024, Plaintiffs

---

[18] *Id.* (Interrogatory Nos. 2, 3, 4, 11, 12, 13, 14).

[19] Ex. 8 (Interrogatory Nos. 3, 4).

[20] Ex. 8 (Interrogatory No. 11). In multiple fora, Defendants claimed to have "independently" developed their retail sports-betting products without using the information provided by ISI. Yet Defendants refuse to produce any information concerning this supposed independent development. *See also* Ex. 7 at 62-63 (Response to RFP 51).

[21] Ex. 6 (Dec. 4, 2023 email from T. DeArman to J. Tennert).

[22] Ex. 11 at 6 (Dec. 5, 2023 email from J. Tennert to T. DeArman).

[23] *Id.* at 1 (Dec. 11, 2023 email from T. DeArman to J. Tennert).

[24] *Id.*

[25] Ex. 12 (Dec. 13, 2023 email from T. DeArman to J. Tennert); Ex. 13 (Attachment: Original Search Parameters).

[26] Ex. 14 (January 4, 2024 email from T. DeArman to J. Tennert).

re-raised their offers and even provided revised search terms in response to a concern from Defendants' counsel.[27]

At this time, <u>late December 2023 through early January 2024</u>, ISI reluctantly agreed to postpone certain discovery and motions practice to preserve the chance to mediate.[28] ISI discusses this in more detail below.

As a matter of timing and diligence, however, ISI's counsel emphasized the need to (i) extend the deadlines, and (ii) obtain Court approval. <u>In fact, ISI's counsel worried that the Court would view a request for extension dimly, if the parties did not get it on file in advance of the mediation.</u>[29] To that end, ISI requested agreement on a 30-day extension <u>on January 4, 2023</u>.[30] Defendants' counsel requested a longer, 60-day extension. ISI then sent a proposed motion to Defendants, but Defendants did not respond prior to the mediation on January 19. Accordingly, ISI sent a modified motion to Defendants on January 19, reflecting that mediation had failed. <u>On January 22</u>, the parties exchanged minor changes and ISI filed the joint motion the same day.[31] The Court's denial of that motion is addressed below.

<u>Also on January 22, 2024</u>, ISI again attempted to confer with Defendants to secure some kind of compromise concerning discovery. Among other things, counsel for ISI asked counsel for Defendants to identify any areas of agreement, so that ISI could seek judicial intervention where the parties faced impasse. ISI reiterated offers to compromise on document that outstanding for more than a month and asked for a response by January 25.[32] **Defendants failed to respond.** ISI's first motion to compel is forthcoming.

---

[27] *Id.*; Ex. 15 (Revised Search Parameters).

[28] *See* Ex. 1 (Dec. 11, 2023 email from T. DeArman to J. Tennert); Ex. 14 (Jan. 4, 2023 email from T. DeArman to J. Tennert)

[29] DeArman Declaration, at ¶ 8.

[30] Ex. 14 (Jan. 4, 2023 email from T. DeArman to J. Tennert);

[31] ECF. No. 75.

[32] Ex. 16 (Jan. 22, 2024 Email from T. DeArman to J. Tennert).

C.  **Defendants used mediation to extract additional delay.**

The timeline discussed above demonstrates ISI's diligence and Defendants' delay. Defendants' delay is all the more egregious, however, because **Defendants used the prospect of mediation to extract delay.**

On November 20, 2023, Travis DeArman (counsel for ISI) and John Tennert (Counsel for Defendants) conferred to discuss a number of topics. On that call, Defendants' counsel inquired about mediation.[33] Over roughly the next month, the parties negotiated the particulars of mediation, ultimately agreeing to mediate the case before the Hon. Peggy Leen (Ret.) on January 19, 2034.

During this process, Defendants demanded various preconditions. As relevant to this motion, Defendants demanded that ISI: (i) withhold third-party subpoenas directed to Defendants' U.S. customers; (ii) cancel third-party depositions set for early January; and (ii) withhold any discovery motions, pending mediation.[34] In phone calls and emails between counsel, Defendants threatened to cancel the mediation unless all of these conditions were met.[35]

Defendants' conduct left ISI with no good choices. On one hand, ISI believed that a good-faith effort to resolve the entire case was in both parties' interest, and would promote efficiency. ISI also hoped (vainly it turns out) that Defendants would compromise in some manner, narrowing the discovery disputes presented to the Court.

On the other hand, ISI was concerned about the schedule and the need to bring these issues to the Court's attention. Reluctantly, ISI agreed to hold off on these issues—only for a matter of weeks—in order to preserve the chance to mediate. Cognizant of the schedule, however, ISI also

---

[33] DeArman Declaration at ¶ 6.

[34] Ex. 14 (Jan. 4, 2023 email from T. DeArman to J. Tennert); Ex. 17 (Jan. 10 & January 12, 2023 emails from T. DeArman to J. Tennert).

[35] Ex. 14 (Jan. 4, 2023 email from T. DeArman to J. Tennert) ("We have tried to meet you half way by, for example, holding back on third-party discovery and holding off on motions practice over Amelco's document production").

requested that Defendants cooperate in seeking an extension. Defendants delayed even in that process.[36]

### D. The Court should not reward Defendants' delay, nor punish ISI for trying to resolve the case and narrow discovery disputes.

On January 24, the Court denied the joint motion without prejudice, remarking that "parties granted themselves a stay for the past 60 days without the Court's approval, and now request an extension for the same period of time." ECF. No. 76.

ISI understands how the Court reached that conclusion, after reading the parties' joint motion. But ISI was forced to be agreeable, in order to get Defendants' sign-off on an agreed motion. At the time, ISI believed pursuing a joint motion to be the better approach, as opposed to engaging in contested motions practice over the schedule. Had ISI known what it knows now, it would have refused the delays demanded by Defendants and filed motions in early January, once Defendants failed to respond to ISI's various offers to compromise. It certainly would have forgone a joint motion for extension, in favor a full recounting of the record.

ISI now presents the record to the Court. That record establishes that ISI has diligently pursued its case—answering discovery, producing tens of thousands of documents, and setting depositions. In stark contrast, Defendants have obstructed discovery—**producing no documents, refusing to answer interrogatories, and delaying all depositions.** In fact, Defendants have delayed the proceedings at every opportunity, even refusing to answer emails for days or weeks and postponing meet-and-confers.

The Court should not reward Defendants' delay tactics. *See*, *e.g.*, *Mason v. Texaco, Inc.*, No. CIV. A. 87-1337-T, 1989 WL 78178, at *3 (D. Kan. June 19, 1989) ("Courts are for the purpose of doing justice, not rewarding legal tactics which inhibit justice."). Likewise, the Court should not punish ISI for trying to eliminate or narrow disputes. *See Sali v. Corona Reg'l Med.*

---

[36] Ex. 17 (Jan. 10 & January 12, 2023 emails from T. DeArman to J. Tennert).

10

*Ctr.*, 884 F.3d 1218, 1219 (9th Cir. 2018) ("The discovery process in theory should be cooperative and largely unsupervised by the district court.").

**IV.    CONCLUSION**

For the reasons stated above, ISI respectfully requests that the Court extend the pre-trial deadlines.

DATED: January 27, 2024

**MCKOOL SMITH, PC**

<u>*/s/ Travis DeArman*</u>
Robert M. Manley, (*pro hac vice*)
rmanley@mckoolsmith.com
Travis E. DeArman, (*pro hac vice*)
tdearman@mckoolsmith.com
Patrick Pijls, (*pro hac vice*)
ppijls@mckoolsmith.com
300 Crescent Court, Suite 1500
Dallas, TX 75201
Tel: (214) 978-4000
Fax: (214) 978-4044

J Christopher Jorgensen (Ba No. 5382)
cjorgensen@lewisroca.com
**LEWIS ROCA ROTHGERBER CHRISTIE LLP**
3993 Howard Hughes Pkwy, Suite 600
Las Vegas, NV 89169
Tel: (702) 949-8200

*Attorneys for Plaintiff*
*Internet Sports International, Ltd.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that service of the foregoing was filed on January 27, 2024 via the Court's CM/ECF electronic filing system addressed to all Parties on the e-service list.

*/s/ Travis E. DeArman*
Travis DeArman