# EXHIBIT 2

JOHN D. TENNERT, III (Nev. Bar No. 11728)
WADE BEAVERS (Nev. Bar No. 13451)
MARYJO E. SMART (Nev. Bar No. 16139)
FENNEMORE CRAIG, P.C.
7800 Rancharrah Parkway
Reno, NV 89511
Tel: (775) 788-2200 / Fax: (775) 788-2283
jtennert@fennemorelaw.com
wbeavers@fennemorelaw.com
msmart@fennemorelaw.com

*Attorneys for Amelco UK Ltd. and Amelco USA, LLC*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| INTERNET SPORTS INTERNATIONAL, LTD., a foreign corporation;<br><br>            Plaintiff,<br><br>vs.<br><br>AMELCO USA, LLC, a Delaware limited liability company; AMELCO UK LTD., a foreign corporation, and DOES I THROUGH x, INCLUSIVE; AND ROE CORPORATIONS I through X, inclusive,<br><br>            Defendants. | CASE NO.: 2:23-CV-00893<br><br><br><br>**DEFENDANT AMELCO USA, LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFF INTERNET SPORTS INTERNATIONAL, LTD'S AMENDED FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO AMELCO USA, LLC** |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("FRCP"), and all other

applicable laws and rules, as Amelco USA, LLC ("Defendant" or "AUSA"), by and through its

undersigned counsel, submits the following objections and responses to Internet Sports International,

LTD.'s ("ISI") Amended First Set of Requests for Production of Documents to Amelco USA, LLC

("Requests") dated October 20, 2023, as follows:

### GENERAL OBJECTIONS

1.      AUSA objects to each Request and each definition and instruction to the extent it seeks

to impose upon AUSA any obligations or responsibilities other than those mandated by the Federal

Rules of Civil Procedure, the Local Rules of the United States District Court for the District of Nevada, or any other applicable law.

2.      AUSA objects to each Request to the extent it is unduly burdensome, expensive, and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and that the burden or expense of the proposed discovery outweighs its likely benefit.  See FRCP 26(b)(1).

3.      AUSA objects to each Request to the extent it purports to compel production of documents or information that consist of trade secrets or other proprietary, confidential, research, development, or commercial information of AUSA not subject to disclosure under FRCP 26(c) or other applicable law.

4.      AUSA objects to each Request to the extent it calls for documents protected by the attorney-client privilege, the attorney-work product doctrine, the protection accorded to materials prepared in anticipation of litigation, the common-interest privilege, the marital privilege, or any other applicable privilege, protection, immunity, or exemption from disclosure.  Nothing contained in these objections is intended to be, or in any way may be, deemed a waiver of any such available privilege or immunity.  Any inadvertent disclosure of information that is privileged or protected from discovery shall not constitute a waiver of any privilege or immunity.

5.      AUSA objects to each Request to the extent it seeks documents or information which is either equally available, or more easily available, to ISI.

6.      AUSA objects to the supplied definitions of "Amelco," "AUK," "AUSA," "you," and "your" as vague, ambiguous, unintelligible, and overbroad, and in that the definitions where incorporated could be interpreted to impose an undue burden on AUSA to provide information that is privileged, non-relevant, and/or outside of AUSA's control, and/or outside the scope of permissible discovery pursuant to FRCP 26.  AUSA does not interpret that any request seeks production of privileged material.  Further, AUSA responds to these requests on its own behalf and not on behalf of any other party or non-party to this litigation.  In investigating, searching, and producing any document in response to these requests, AUSA has complied with its obligations to produce

FENNEMORE.

7800 Rancharrah Parkway
RENO, NEVADA 89511
(775) 788-2200

documents that are within its possession, custody, or control as those terms are used in FRCP 34, and has neither assumed nor conceded any further duty or obligation beyond what the rule requires.

7.    AUSA objects to the supplied definitions of "refer to / relating to / regarding / concerning" as vague, ambiguous, unintelligible, and/or overbroad, and in that to the definitions where incorporated could be interpreted to impose an undue burden on AUSA to provide information that is privileged, non-relevant, and/or outside of AUSA's control, and/or outside the scope of permissible discovery pursuant to FRCP 26.  For clarity, notwithstanding the foregoing objection, AUSA does not interpret that this request seeks such material.

8.    AUSA objects to each definition which incorporates reference to specific sections of ISI's Complaint, which would improperly appear to require AUSA to interpret ISI's subjective intent in drafting its pleading and would improperly assume facts and impose an undue burden on AUSA.

9.    AUSA objects to each Request to the extent it seeks information controlled or possessed by third parties not under AUSA's control.  To the extent the information requested is in the possession of a third party, it is more convenient, less burdensome and less expensive for ISI to seek discovery directly from that third party.

10.    AUSA objects to each Request and each definition and instruction to the extent they purport to compel production of electronically stored information, documents, or materials from sources that are not reasonably accessible because of undue burden or costs, including, but not limited to, AUSA objects to each Request which purports to compel a burdensome or exhaustive search of AUSA's case files for information, and to the extent each Request seeks information or documents relating to backup tapes, inactive e-mail accounts, voicemail, instant messaging, legacy data, metadata, and any type of inaccessible, residual, fragmented, or damaged data.   See FRCP 26(b)(2)(B) ("A party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost.").

11.    AUSA reserves the right to object to further discovery regarding the subject matter of any Request and to object to the introduction into evidence of any and all information produced in response thereto.

12.    By responding that it will produce all non-privileged documents in its possession,

FENNEMORE.

7800 Rancharrah Parkway
RENO, NEVADA 89511
(775) 788-2200

1   custody, or control, AUSA does not concede that the documents specifically requested actually exist,

2   or are properly discoverable or admissible.

3       13.     As used herein, the term "privileged" refers to any and all documents and / or

4   information protected by attorney-client privilege, the work product doctrine, or any other recognized

5   privilege or basis for immunity from discovery.  Accordingly, by responding that it will produce all

6   "non-privileged" documents or information in its possession, custody, or control, AUSA does not

7   agree to produce any such "privileged" documents or information.

8       14.     While AUSA has undertaken a reasonable effort to provide responsive information to

9   the extent such information is not subject to objection, AUSA's investigation of this matter is

10  ongoing.   Accordingly, AUSA reserves its right to supplement, modify, amend, or revoke its

11  responses to the Requests if it becomes known or appears at any time (i) that errors or omissions have

12  been made or (ii) that additional or more accurate information becomes available.

13      15.     AUSA objects to each Request to the extent it seeks information already within ISI's

14  knowledge, or which is more readily obtainable by ISI, or publicly-available information, or other

15  information obtainable from some other source that is more convenient, less burdensome, or less

16  expensive, or where such request will impose undue burden, inconvenience, or expense upon AUSA.

17      16.     AUSA reserves all objections as to competency, relevance, materiality, privilege, or

18  admissibility of all evidence proffered in any subsequent proceeding in, or trial of, this or any other

19  action for any purpose whatsoever.

20      17.     AUSA expects to discover additional facts in support of its allegations as discovery

21  continues, and by responding to these Requests, AUSA does not waive its right to discovery and

22  present in the future any and all other relevant facts and evidence.

23      18.     AUSA objects to each Request to the extent documents may have existed but are

24  unavailable to the extent the unavailability of such documents has been caused by ISI, or any other

25  third party acting outside the control of AUSA.

26      19.     AUSA objects to each Request to the extent it seeks a legal conclusion.

27      20.     AUSA objects to each Request to the extent it assumes and/or mischaracterizes facts.

28      21.     No incidental or implied admissions are intended herein.  Nothing in these Objections

FENNEMORE.

7800 Rancharrah Parkway
RENO, NEVADA 89511
(775) 788-2200

or Responses should be taken as an admission that:  (a) AUSA accepts or admits the existence of any fact(s) set forth or assumed by the Requests; (b) documents or information responsive to any Request are in AUSA's possession, custody, or control; or (c) documents or information responsive to any Request exist.  AUSA's responses to all or any part of a Request are also not intended to be, and shall not be, a waiver by AUSA of all or any part of any objection(s) to that Request.

22.     These responses are based on AUSA's present knowledge, information, and belief. Because AUSA's discovery, investigation, and analysis is still ongoing, AUSA's Objections and Responses herein are made without prejudice to its right to assert additional objections and responses at a later date, or to correct, clarify, amend, or supplement its Objections and Responses as appropriate.

23.     The applicable foregoing General Objections are incorporated into each of the specific Objections and Responses that follow.  The stating of a specific Objection shall not be construed as a waiver of AUSA's General Objections.

**SPECIFIC RESPONSES AND OBJECTIONS**

**REQUEST FOR PRODUCTION NO. 1:**

*All Documents and Communications wherein AUK identified itself or as AUSA or identified itself as Amelco, without distinguishing between AUK and AUSA.*

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

AUSA objects to this request as follows:

1.     AUSA objects to this request as vague, overbroad, and unduly burdensome in that it purports to compel production of a broad category of documents, unlimited in scope and time, irrespective of relevance to the claims in this matter.

2.     AUSA objects to this request as seeking material falling outside the scope of discovery under FRCP 26(b).

3.     AUSA objects to this request to the extent it seeks documents or information that consist of trade secrets or other proprietary, confidential, research, development, or commercial information of AUSA that is protectable from disclosure under FRCP 26(c) or other applicable law, and/or which is prohibited from disclosure by contractual obligations to third parties.  For

1  clarity, notwithstanding the foregoing objection, AUSA does not interpret that this request seeks

2  such material.

3       4.       AUSA objects to this request to the extent it seeks material protected from

4  disclosure by privilege or immunity, including attorney-client privilege, work product doctrine,

5  and/or the common interest privilege.  For clarity, notwithstanding the foregoing objection, AUSA

6  does not interpret that this request seeks such material.

7       5.       AUSA objects to this request as it is impermissibly vague to the extent it relies on

8  the phrase ". . . AUK identified itself or as AUSA or identified  or identified itself as Amelco . . ."

9  which is susceptible to multiple overbroad interpretations and which renders this request

10  unintelligible as drafted.

11      Based on the foregoing specific and general objections, AUSA has no obligation to respond

12  to this request.

13  **REQUEST FOR PRODUCTION NO. 2:**

14      *Documents sufficient to show all business conducted by AUSA in the United States*

15  *generally and in the State of Nevada particularly. A complete response shall include Documents*

16  *evidencing negotiations, agreements or contracts (whether executed or not), course of*

17  *performance, and profits and losses.*

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

19  AUSA objects to this request as follows:

20      1.       AUSA objects to this request on grounds that it appears to be propounded for no

21  purpose other than to burden, harass, and annoy AUSA, its business partners, and customers by

22  purporting to compel AUSA to provide an essentially limitless category of documents relating in

23  any way to its business dealings, which documents might reasonably include records regarding

24  independently-developed proprietary technology, business plans and financial data, and third-

25  party business relationships, the provision of which would impose an unfair and undue burden on

26  AUSA (and on non-parties) which would substantially outweigh any likely benefit for the litigation

27  of material issues in this case.  ISI has no colorable claim to any interest in or profits of any of

28  AUSA's  technology  or  business  dealings  with  third  parties,  and  therefore  the  facts  and

FENNEMORE.

7800 Rancharrah Parkway
RENO, NEVADA 89511
(775) 788-2200

1  circumstances of the same are utterly irrelevant.

2      2.      AUSA objects to this request as vague and ambiguous to the extent it relies on the

3  phrase "sufficient to show all business conducted by AUSA in the United States generally and in

4  the State of Nevada particularly," which is susceptible to multiple interpretations and which

5  renders this request overbroad, unduly burdensome, and unintelligible as drafted.

6      3.      AUSA objects to this request as vague, overbroad, and unduly burdensome in that

7  it purports to compel production of a broad category of documents, unlimited in time, irrespective

8  of relevance to the claims in this matter.

9      4.      AUSA objects to this request as seeking material falling outside the scope of

10  discovery under FRCP 26(b).

11      5.      AUSA objects to this request on grounds that it appears to seek documents or

12  information that consist of trade secrets or other proprietary, confidential, research, development,

13  or commercial information of AUSA that is protectable from disclosure under FRCP 26(c) or other

14  applicable law, and/or which is prohibited from disclosure by contractual obligations to third

15  parties.

16      6.      AUSA objects to this request to the extent it seeks material protected from

17  disclosure by privilege or immunity, including attorney-client privilege, work product doctrine,

18  and/or the common interest privilege.  For clarity, notwithstanding the foregoing objection, AUSA

19  does not interpret that this request seeks such material.

20      Based on the foregoing specific and general objections, AUSA has no obligation to respond

21  to this request.

22  **REQUEST FOR PRODUCTION NO. 3:**

23      *All Documents and Communications regarding ISI.*

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

25  AUSA objects to this request as follows:

26      1.      AUSA objects to this request as overbroad and unduly burdensome in that it

27  purports to compel production of a broad category of documents, unlimited in time and scope,

28  irrespective of relevance to the claims in this matter.

FENNEMORE.

7800 Rancharrah Parkway
RENO, NEVADA 89511
(775) 788-2200

2.     AUSA objects to this request as seeking material falling outside the scope of discovery under FRCP 26(b).

3.     AUSA objects to this request to the extent it seeks documents or information that consist of trade secrets or other proprietary, confidential, research, development, or commercial information of AUSA that is protectable from disclosure under FRCP 26(c) or other applicable law, and/or which is prohibited from disclosure by contractual obligations to third parties.  For clarity, notwithstanding the foregoing objection, AUSA does not interpret that this request seeks such material.

4.     AUSA objects to this request to the extent it seeks material protected from disclosure by privilege or immunity, including attorney-client privilege, work product doctrine, and/or the common interest privilege.  For clarity, notwithstanding the foregoing objection, AUSA does not interpret that this request seeks such material.

5.     AUSA objects to this request as it is impermissibly vague to the extent it relies on the phrase ". . . regarding ISI . . ." which is susceptible to multiple overbroad interpretations. AUSA responds to this request to the best of its ability based on its subjective understanding of the language used.

Subject to, and without waiving the foregoing general and specific objections, and to the extent AUSA is able to understand this request, AUSA states that it has produced or will produce non-privileged, responsive documents in its possession, custody, or control that are relevant to the claims at issue in this case as AUSA understands them and which are proportional to the needs of the case.  Discovery and AUSA's investigation of the claims and defenses in this matter are ongoing and AUSA reserves the right to supplement or amend its response to this request as and when appropriate.

**REQUEST FOR PRODUCTION NO. 4:**

*All Documents and Communications regarding hardware or software for a retail gaming or gambling kiosk or other retail gaming or gambling solution in the US market.*

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

AUSA objects to this request as follows:



7800 Rancharrah Parkway
RENO, NEVADA 89511
(775) 788-2200

1.      AUSA objects to this request on grounds that it appears to be propounded for no purpose other than to burden, harass, and annoy AUSA, its business partners, and customers by purporting to compel AUSA to provide an essentially limitless category of documents relating in any way to gaming technology and/or AUSA's business affairs, which documents might reasonably include records regarding independently-developed proprietary technology, business plans and financial data, and third-party business relationships, the provision of which would impose an unfair and undue burden on AUSA (and on non-parties) which would substantially outweigh any likely benefit for the litigation of material issues in this case.  ISI has no colorable claim to any interest in or profits of any of AUSA's technology or business dealings with third parties, and therefore the facts and circumstances of the same are utterly irrelevant.

2.      AUSA objects to this request as vague and ambiguous to the extent it relies on the phrase "regarding hardware or software for a retail gaming or gambling kiosk or other retail gaming or gambling solution," which is susceptible to multiple interpretations and which renders this request overbroad, unduly burdensome, and unintelligible as drafted.

3.      AUSA objects to this request as vague, overbroad, and unduly burdensome in that it purports to compel production of a broad category of documents, unlimited in time, irrespective of relevance to the claims in this matter.

4.      AUSA objects to this request as seeking material falling outside the scope of discovery under FRCP 26(b).

5.      AUSA objects to this request on grounds that it appears to seek documents or information that consist of trade secrets or other proprietary, confidential, research, development, or commercial information of AUSA that is protectable from disclosure under FRCP 26(c) or other applicable law, and/or which is prohibited from disclosure by contractual obligations to third parties.

6.      AUSA objects to this request to the extent it seeks material protected from disclosure by privilege or immunity, including attorney-client privilege, work product doctrine, and/or the common interest privilege.  For clarity, notwithstanding the foregoing objection, AUSA does not interpret that this request seeks such material.

**FENNEMORE.**

7800 Rancharrah Parkway
RENO, NEVADA 89511
(775) 788-2200

9

Based on the foregoing specific and general objections, AUSA has no obligation to respond to this request.

**REQUEST FOR PRODUCTION NO. 5:**

*All Documents and Communications exchanged between AUSA and ISI regarding the development of hardware or software for a retail gaming or gambling kiosk or other retail gaming or gambling solution in the US market.*

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

AUSA objects to this request as follows:

1.      AUSA objects to this request as the information sought is equally available to propounding party and therefore appears to be propounded for the improper purpose of harassing AUSA, causing unnecessary delay, and needlessly increasing the cost of litigation.

2.      AUSA objects to this request on grounds that it assumes and/or mischaracterizes facts.

3.      AUSA objects to this request as vague and ambiguous to the extent it relies on the phrase "development of hardware or software for a retail gaming or gambling kiosk or other retail gaming or gambling solution," which is susceptible to multiple interpretations and which renders this request overbroad, unduly burdensome, and unintelligible as drafted.  AUSA responds to this request to the best of its ability based on its subjective understanding of the language used.

Subject to, and without waiving the foregoing general and specific objections, and to the extent AUSA is able to understand this request, AUSA states that it has produced or will produce non-privileged, responsive documents in its possession, custody, or control that are relevant to the claims at issue in this case as AUSA understands them and which are proportional to the needs of the case.  Discovery and AUSA's investigation of the claims and defenses in this matter are ongoing and AUSA reserves the right to supplement or amend its response to this request as and when appropriate.

**REQUEST FOR PRODUCTION NO. 6:**

*All Documents and Communications exchanged between AUSA and any third party regarding the development, marketing, or sale of hardware or software for a retail gaming or*

1     *gambling kiosk or other retail gaming or gambling solution in the US market.*

2     **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

3     AUSA objects to this request as follows:

4         1.     AUSA objects to this request on grounds that it appears to be propounded for no

5 purpose other than to burden, harass, and annoy AUSA, its business partners, and customers by

6 purporting to compel AUSA to provide an essentially limitless category of documents relating in

7 any way to gaming technology and/or AUSA's business affairs, which documents might

8 reasonably include records regarding independently-developed proprietary technology, business

9 plans and financial data, and third-party business relationships, the provision of which would

10 impose an unfair and undue burden on AUSA (and on non-parties) which would substantially

11 outweigh any likely benefit for the litigation of material issues in this case.  ISI has no colorable

12 claim to any interest in or profits of any of AUSA's technology or business dealings with third

13 parties, and therefore the facts and circumstances of the same are utterly irrelevant.

14         2.     AUSA objects to this request as vague and ambiguous to the extent it relies on the

15 phrase "development, marketing, or sale of hardware or software for a retail gaming or gambling

16 kiosk or other retail gaming or gambling solution," which is susceptible to multiple interpretations

17 and which renders this request overbroad, unduly burdensome, and unintelligible as drafted.

18         3.     AUSA objects to this request as vague, overbroad, and unduly burdensome in that

19 it purports to compel production of a broad category of documents, unlimited in time, irrespective

20 of relevance to the claims in this matter.

21         4.     AUSA objects to this request as seeking material falling outside the scope of

22 discovery under FRCP 26(b).

23         5.     AUSA objects to this request on grounds that it appears to seek documents or

24 information that consist of trade secrets or other proprietary, confidential, research, development,

25 or commercial information of AUSA that is protectable from disclosure under FRCP 26(c) or other

26 applicable law, and/or which is prohibited from disclosure by contractual obligations to third

27 parties.

28         6.     AUSA objects to this request to the extent it seeks material protected from

**FENNEMORE.**

7800 Rancharrah Parkway
RENO, NEVADA 89511
(775) 788-2200

1   disclosure by privilege or immunity, including attorney-client privilege, work product doctrine,

2   and/or the common interest privilege.  For clarity, notwithstanding the foregoing objection, AUSA

3   does not interpret that this request seeks such material.

4        Based on the foregoing specific and general objections, AUSA has no obligation to respond

5   to this request.

6   **REQUEST FOR PRODUCTION NO. 7:**

7        *All Documents and Communications exchanged internally by AUSA regarding the*

8   *development, marketing, or sale of hardware or software for a retail gaming or gambling kiosk or*

9   *other retail gaming or gambling solution in the US market.*

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

11  AUSA objects to this request as follows:

12       1.     AUSA objects to this request on grounds that it appears to be propounded for no

13  purpose other than to burden, harass, and annoy AUSA, its business partners, and customers by

14  purporting to compel AUSA to provide an essentially limitless category of documents relating in

15  any way to gaming technology and/or AUSA's business affairs, which documents might

16  reasonably include records regarding independently-developed proprietary technology, business

17  plans and financial data, and third-party business relationships, the provision of which would

18  impose an unfair and undue burden on AUSA (and on non-parties) which would substantially

19  outweigh any likely benefit for the litigation of material issues in this case.  ISI has no colorable

20  claim to any interest in or profits of any of AUSA's technology or business dealings with third

21  parties, and therefore the facts and circumstances of the same are utterly irrelevant.

22       2.     AUSA objects to this request as vague and ambiguous to the extent it relies on the

23  phrase "development, marketing, or sale of hardware or software for a retail gaming or gambling

24  kiosk or other retail gaming or gambling solution," which is susceptible to multiple interpretations

25  and which renders this request overbroad, unduly burdensome, and unintelligible as drafted.

26       3.     AUSA objects to this request as vague, overbroad, and unduly burdensome in that

27  it purports to compel production of a broad category of documents, unlimited in time, irrespective

28  of relevance to the claims in this matter.

4.       AUSA objects to this request as seeking material falling outside the scope of discovery under FRCP 26(b).

5.       AUSA objects to this request on grounds that it appears to seek documents or information that consist of trade secrets or other proprietary, confidential, research, development, or commercial information of AUSA that is protectable from disclosure under FRCP 26(c) or other applicable law, and/or which is prohibited from disclosure by contractual obligations to third parties.

6.       AUSA objects to this request to the extent it seeks material protected from disclosure by privilege or immunity, including attorney-client privilege, work product doctrine, and/or the common interest privilege.  For clarity, notwithstanding the foregoing objection, AUSA does not interpret that this request seeks such material.

Based on the foregoing specific and general objections, AUSA has no obligation to respond to this request.

**REQUEST FOR PRODUCTION NO. 8:**

*All Documents and Communications exchanged between Rob Bone and ISI regarding the development, marketing, or sale of hardware or software for a retail gaming or gambling kiosk or other retail gaming or gambling solution in the US market.*

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

AUSA objects to this request as follows:

1.       AUSA objects to this request to the extent it seeks material protected from disclosure by privilege or immunity, including attorney-client privilege, work product doctrine, and/or the common interest privilege.  For clarity, notwithstanding the foregoing objection, AUSA does not interpret that this request seeks such material.

2.       AUSA objects to this request as the information sought is equally available to propounding party and therefore appears to be propounded for the improper purpose of harassing AUSA, causing unnecessary delay, and needlessly increasing the cost of litigation.

3.       AUSA objects to this request on grounds that it assumes and/or mischaracterizes facts.

FENNEMORE.

7800 Rancharrah Parkway
RENO, NEVADA 89511
(775) 788-2200

4.      AUSA objects to this request as vague and ambiguous to the extent it relies on the phrase "development, marketing, or sale of hardware or software for a retail gaming or gambling kiosk or other retail gaming or gambling solution," which is susceptible to multiple interpretations and which renders this request overbroad, unduly burdensome, and unintelligible as drafted. AUSA responds to this request to the best of its ability based on its subjective understanding of the language used.

5.      AUSA objects to this request to the extent it seeks documents that are outside its possession, custody, and control and which are more appropriately sought from other parties to this case, or from non-parties.

Subject to the foregoing specific and general objections, to the extent AUSA is able to understand this request, and without conceding the existence of any fact or legal conclusion, AUSA states that the documents sought by this request appear to already be in the possession of ISI.

**REQUEST FOR PRODUCTION NO. 9:**

*All Documents and Communications exchanged between Rob Bone and AUSA regarding ISI and/or the development, marketing, or sale of hardware or software for a retail gaming or gambling kiosk or other retail gaming or gambling solution in the US market.*

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

AUSA objects to this request as follows:

1.      AUSA objects to this request on grounds that it appears to be propounded for no purpose other than to burden, harass, and annoy AUSA, its business partners, and customers by purporting to compel AUSA to provide an essentially limitless category of documents relating in any way to gaming technology and/or AUSA's business affairs, which documents might reasonably include records regarding independently-developed proprietary technology, business plans and financial data, and third-party business relationships, the provision of which would impose an unfair and undue burden on AUSA (and on non-parties) which would substantially outweigh any likely benefit for the litigation of material issues in this case.  ISI has no colorable claim to any interest in or profits of any of AUSA's technology or business dealings with third

**FENNEMORE.**

1    parties, and therefore the facts and circumstances of the same are utterly irrelevant.

2         2.      AUSA objects to this request as vague and ambiguous to the extent it relies on the

3    phrases "regarding ISI" and "development, marketing, or sale of hardware or software for a retail

4    gaming or gambling kiosk or other retail gaming or gambling solution," which are susceptible to

5    multiple interpretations and which render this request overbroad, unduly burdensome, and

6    unintelligible as drafted.

7         3.      AUSA objects to this request as vague, overbroad, and unduly burdensome in that

8    it purports to compel production of a broad category of documents, unlimited in time, irrespective

9    of relevance to the claims in this matter.

10        4.      AUSA objects to this request as seeking material falling outside the scope of

11   discovery under FRCP 26(b).

12        5.      AUSA objects to this request on grounds that it appears to seek documents or

13   information that consist of trade secrets or other proprietary, confidential, research, development,

14   or commercial information of AUSA that is protectable from disclosure under FRCP 26(c) or other

15   applicable law, and/or which is prohibited from disclosure by contractual obligations to third

16   parties.

17        6.      AUSA objects to this request to the extent it seeks material protected from

18   disclosure by privilege or immunity, including attorney-client privilege, work product doctrine,

19   and/or the common interest privilege.  For clarity, notwithstanding the foregoing objection, AUSA

20   does not interpret that this request seeks such material.

21        Based on the foregoing specific and general objections, AUSA has no obligation to respond

22   to this request.

23   **REQUEST FOR PRODUCTION NO. 10:**

24        *All Documents and Communications exchanged between AUSA and any third party*

25   *regarding ISI and/or the development, marketing, or sale hardware or software for a retail gaming*

26   *or gambling kiosk or other retail gaming or gambling solution in the US market.*

27   **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

28   AUSA objects to this request as follows:



7800 Rancharrah Parkway
RENO, NEVADA 89511
(775) 788-2200

1.     AUSA objects to this request on grounds that it appears to be propounded for no purpose other than to burden, harass, and annoy AUSA, its business partners, and customers by purporting to compel AUSA to provide an essentially limitless category of documents relating in any way to gaming technology and/or AUSA's business affairs, which documents might reasonably include records regarding independently-developed proprietary technology, business plans and financial data, and third-party business relationships, the provision of which would impose an unfair and undue burden on AUSA (and on non-parties) which would substantially outweigh any likely benefit for the litigation of material issues in this case.  ISI has no colorable claim to any interest in or profits of any of AUSA's technology or business dealings with third parties, and therefore the facts and circumstances of the same are utterly irrelevant.

2.     AUSA objects to this request as vague and ambiguous to the extent it relies on the phrases "regarding ISI" and "development, marketing, or sale of hardware or software for a retail gaming or gambling kiosk or other retail gaming or gambling solution," which are susceptible to multiple interpretations and which render this request overbroad, unduly burdensome, and unintelligible as drafted.

3.     AUSA objects to this request as vague, overbroad, and unduly burdensome in that it purports to compel production of a broad category of documents, unlimited in time, irrespective of relevance to the claims in this matter.

4.     AUSA objects to this request as seeking material falling outside the scope of discovery under FRCP 26(b).

5.     AUSA objects to this request on grounds that it appears to seek documents or information that consist of trade secrets or other proprietary, confidential, research, development, or commercial information of AUSA that is protectable from disclosure under FRCP 26(c) or other applicable law, and/or which is prohibited from disclosure by contractual obligations to third parties.

6.     AUSA objects to this request to the extent it seeks material protected from disclosure by privilege or immunity, including attorney-client privilege, work product doctrine, and/or the common interest privilege.  For clarity, notwithstanding the foregoing objection, AUSA

FENNEMORE.
7800 Rancharrah Parkway
RENO, NEVADA 89511
(775) 788-2200

1    does not interpret that this request seeks such material.

2        Based on the foregoing specific and general objections, AUSA has no obligation to respond

3    to this request.

4    **REQUEST FOR PRODUCTION NO. 11:**

5        *All Documents or Communications authored or received by Rob Bone regarding ISI and/or*

6    *developing hardware or software for a retail gaming or gambling kiosk or other retail gaming or*

7    *gambling solution in the US market.*

8    **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

9    AUSA objects to this request as follows:

10       1.    AUSA objects to this request on grounds that it appears to be propounded for no

11   purpose other than to burden, harass, and annoy AUSA, its business partners, and customers by

12   purporting to compel AUSA to provide an essentially limitless category of documents relating in

13   any way to gaming technology and/or AUSA's business affairs, which documents might

14   reasonably include records regarding independently-developed proprietary technology, business

15   plans and financial data, and third-party business relationships, the provision of which would

16   impose an unfair and undue burden on AUSA (and on non-parties) which would substantially

17   outweigh any likely benefit for the litigation of material issues in this case.  ISI has no colorable

18   claim to any interest in or profits of any of AUSA's technology or business dealings with third

19   parties, and therefore the facts and circumstances of the same are utterly irrelevant.

20       2.    AUSA objects to this request as vague and ambiguous to the extent it relies on the

21   phrases "regarding ISI" and "developing hardware or software for a retail gaming or gambling

22   kiosk or other retail gaming or gambling solution," which are susceptible to multiple

23   interpretations and which render this request overbroad, unduly burdensome, and unintelligible as

24   drafted.

25       3.    AUSA objects to this request as vague, overbroad, and unduly burdensome in that

26   it purports to compel production of a broad category of documents, unlimited in time, irrespective

27   of relevance to the claims in this matter.

28       4.    AUSA objects to this request as seeking material falling outside the scope of

**FENNEMORE.**

7800 Rancharrah Parkway
RENO, NEVADA 89511
(775) 788-2200

1   discovery under FRCP 26(b).

2        5.    AUSA objects to this request on grounds that it appears to seek documents or

3   information that consist of trade secrets or other proprietary, confidential, research, development,

4   or commercial information of AUSA that is protectable from disclosure under FRCP 26(c) or other

5   applicable law, and/or which is prohibited from disclosure by contractual obligations to third

6   parties.

7        6.    AUSA objects to this request to the extent it seeks material protected from

8   disclosure by privilege or immunity, including attorney-client privilege, work product doctrine,

9   and/or the common interest privilege.  For clarity, notwithstanding the foregoing objection, AUSA

10   does not interpret that this request seeks such material.

11        Based on the foregoing specific and general objections, AUSA has no obligation to respond

12   to this request.

13   **REQUEST FOR PRODUCTION NO. 12:**

14        *All Documents and Communications exchanged between Paul Manning and ISI.*

15   **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

16   AUSA objects to this request as follows:

17        1.    AUSA objects to this request as overbroad and unduly burdensome in that it

18   purports to compel production of a broad category of documents, unlimited in time and scope,

19   irrespective of relevance to the claims in this matter.

20        2.    AUSA objects to this request as seeking material falling outside the scope of

21   discovery under FRCP 26(b).

22        3.    AUSA objects to this request as the information sought is equally available to

23   propounding party and therefore appears to be propounded for the improper purpose of harassing

24   AUSA, causing unnecessary delay, and needlessly increasing the cost of litigation.

25        4.    AUSA objects to this request to the extent it seeks documents that are outside its

26   possession, custody, and control and which are more appropriately sought from other parties to

27   this case, or from non-parties.

28        Subject to the foregoing specific and general objections, to the extent AUSA is able to

1    understand this request, and without conceding the existence of any fact or legal conclusion,

2    AUSA states that the documents sought by this request appear to already be in the possession of

3    ISI, and/or are more appropriately sought from persons or entities other than AUSA.

4    **REQUEST FOR PRODUCTION NO. 13:**

5        *All Documents and Communications exchanged between Paul Manning and AUSA or*

6    *AUSA relating ISI and/or the development, marketing, or sale of hardware or software for a retail*

7    *gaming or gambling kiosk or other retail gaming or gambling solution in the US market.*

8    **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

9    AUSA objects to this request as follows:

10       1.    AUSA objects to this request on grounds that it appears to be propounded for no

11   purpose other than to burden, harass, and annoy AUSA, its business partners, and customers by

12   purporting to compel AUSA to provide an essentially limitless category of documents relating in

13   any way to gaming technology and/or AUSA's business affairs, which documents might

14   reasonably include records regarding independently-developed proprietary technology, business

15   plans and financial data, and third-party business relationships, the provision of which would

16   impose an unfair and undue burden on AUSA (and on non-parties) which would substantially

17   outweigh any likely benefit for the litigation of material issues in this case.  ISI has no colorable

18   claim to any interest in or profits of any of AUSA's technology or business dealings with third

19   parties, and therefore the facts and circumstances of the same are utterly irrelevant.

20       2.    AUSA objects to this request as vague and ambiguous to the extent it relies on the

21   phrases "relating ISI" and "development, marketing, or sale of hardware or software for a retail

22   gaming or gambling kiosk or other retail gaming or gambling solution," which are susceptible to

23   multiple interpretations and which render this request overbroad, unduly burdensome, and

24   unintelligible as drafted.

25       3.    AUSA objects to this request as vague, overbroad, and unduly burdensome in that

26   it purports to compel production of a broad category of documents, unlimited in time, irrespective

27   of relevance to the claims in this matter.

28       4.    AUSA objects to this request as seeking material falling outside the scope of

**FENNEMORE.**

7800 Rancharrah Parkway
RENO, NEVADA 89511
(775) 788-2200

1    discovery under FRCP 26(b).

2         5.      AUSA objects to this request on grounds that it appears to seek documents or

3    information that consist of trade secrets or other proprietary, confidential, research, development,

4    or commercial information of AUSA that is protectable from disclosure under FRCP 26(c) or other

5    applicable law, and/or which is prohibited from disclosure by contractual obligations to third

6    parties.

7         6.      AUSA objects to this request to the extent it seeks material protected from

8    disclosure by privilege or immunity, including attorney-client privilege, work product doctrine,

9    and/or the common interest privilege.  For clarity, notwithstanding the foregoing objection, AUSA

10   does not interpret that this request seeks such material.

11        Based on the foregoing specific and general objections, AUSA has no obligation to respond

12   to this request.

13   **REQUEST FOR PRODUCTION NO. 14:**

14        *All Documents and Communications exchanged between Paul Manning and any third*

15   *party relating to ISI and/or the development, marketing, or sale of hardware or software for a*

16   *retail gaming or gambling kiosk or other retail gaming or gambling solution in the US market.*

17   **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

18   AUSA objects to this request as follows:

19        1.      AUSA objects to this request on grounds that it appears to be propounded for no

20   purpose other than to burden, harass, and annoy AUSA, its business partners, and customers by

21   purporting to compel AUSA to provide an essentially limitless category of documents relating in

22   any way to gaming technology and/or AUSA's business affairs, which documents might

23   reasonably include records regarding independently-developed proprietary technology, business

24   plans and financial data, and third-party business relationships, the provision of which would

25   impose an unfair and undue burden on AUSA (and on non-parties) which would substantially

26   outweigh any likely benefit for the litigation of material issues in this case.  ISI has no colorable

27   claim to any interest in or profits of any of AUSA's technology or business dealings with third

28   parties, and therefore the facts and circumstances of the same are utterly irrelevant.

**FENNEMORE.**

7800 Rancharrah Parkway
RENO, NEVADA 89511
(775) 788-2200

2.      AUSA objects to this request as vague and ambiguous to the extent it relies on the phrases "relating to ISI" and "development, marketing, or sale of hardware or software for a retail gaming or gambling kiosk or other retail gaming or gambling solution," which are susceptible to multiple interpretations and which render this request overbroad, unduly burdensome, and unintelligible as drafted.

3.      AUSA objects to this request as vague, overbroad, and unduly burdensome in that it purports to compel production of a broad category of documents, unlimited in time, irrespective of relevance to the claims in this matter.

4.      AUSA objects to this request as seeking material falling outside the scope of discovery under FRCP 26(b).

5.      AUSA objects to this request on grounds that it appears to seek documents or information that consist of trade secrets or other proprietary, confidential, research, development, or commercial information of AUSA that is protectable from disclosure under FRCP 26(c) or other applicable law, and/or which is prohibited from disclosure by contractual obligations to third parties.

6.      AUSA objects to this request to the extent it seeks material protected from disclosure by privilege or immunity, including attorney-client privilege, work product doctrine, and/or the common interest privilege.  For clarity, notwithstanding the foregoing objection, AUSA does not interpret that this request seeks such material.

7.      AUSA objects to this request to the extent it seeks documents that are outside its possession, custody, and control.

Based on the foregoing specific and general objections, AUSA has no obligation to respond to this request.

**REQUEST FOR PRODUCTION NO. 15:**

*Any draft communications authored or received by Paul Manning regarding ISI and/or the development, marketing, or sale of hardware or software for a retail gaming or gambling kiosk or other retail gaming or gambling solution in the US market.*

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**



7800 Rancharrah Parkway
RENO, NEVADA 89511
(775) 788-2200

AUSA objects to this request as follows:

1. AUSA objects to this request on grounds that it appears to be propounded for no purpose other than to burden, harass, and annoy AUSA, its business partners, and customers by purporting to compel AUSA to provide an essentially limitless category of documents relating in any way to gaming technology and/or AUSA's business affairs, which documents might reasonably include records regarding independently-developed proprietary technology, business plans and financial data, and third-party business relationships, the provision of which would impose an unfair and undue burden on AUSA (and on non-parties) which would substantially outweigh any likely benefit for the litigation of material issues in this case. ISI has no colorable claim to any interest in or profits of any of AUSA's technology or business dealings with third parties, and therefore the facts and circumstances of the same are utterly irrelevant.

2. AUSA objects to this request as vague and ambiguous to the extent it relies on the phrases "regarding ISI" and "development, marketing, or sale of hardware or software for a retail gaming or gambling kiosk or other retail gaming or gambling solution," which are susceptible to multiple interpretations and which render this request overbroad, unduly burdensome, and unintelligible as drafted.

3. AUSA objects to this request as vague, overbroad, and unduly burdensome in that it purports to compel production of a broad category of documents, unlimited in time, irrespective of relevance to the claims in this matter.

4. AUSA objects to this request as seeking material falling outside the scope of discovery under FRCP 26(b).

5. AUSA objects to this request on grounds that it appears to seek documents or information that consist of trade secrets or other proprietary, confidential, research, development, or commercial information of AUSA that is protectable from disclosure under FRCP 26(c) or other applicable law, and/or which is prohibited from disclosure by contractual obligations to third parties.

6. AUSA objects to this request to the extent it seeks material protected from disclosure by privilege or immunity, including attorney-client privilege, work product doctrine,

FENNEMORE.

7800 Rancharrah Parkway
RENO, NEVADA 89511
(775) 788-2200

and/or the common interest privilege.  For clarity, notwithstanding the foregoing objection, AUSA does not interpret that this request seeks such material.

7.      AUSA objects to this request to the extent it seeks documents that are outside its possession, custody, and control.

Based on the foregoing specific and general objections, AUSA has no obligation to respond to this request.

**REQUEST FOR PRODUCTION NO. 16:**

*All Documents and Communications exchanged between Leon Wynne and ISI.*

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16**

AUSA objects to this request as follows:

1.      AUSA objects to this request as overbroad and unduly burdensome in that it purports to compel production of a broad category of documents, unlimited in time and scope, irrespective of relevance to the claims in this matter.

2.      AUSA objects to this request as seeking material falling outside the scope of discovery under FRCP 26(b).

3.      AUSA objects to this request as the information sought is equally available to propounding party and therefore appears to be propounded for the improper purpose of harassing AUSA, causing unnecessary delay, and needlessly increasing the cost of litigation.

4.      AUSA objects to this request to the extent it seeks documents that are outside its possession, custody, and control.

Subject to the foregoing specific and general objections, to the extent AUSA is able to understand this request, and without conceding the existence of any fact or legal conclusion, AUSA states that the documents sought by this request appear to already be in the possession of ISI, and/or are more appropriately sought from persons or entities other than AUSA.

**REQUEST FOR PRODUCTION NO. 17:**

*All Documents and Communications exchanged between Leon Wynne and AUSA relating to ISI and/or the development, marketing, or sale of hardware or software for a retail gaming or gambling kiosk or other retail gaming or gambling solution in the US market.*

FENNEMORE.

7800 Rancharrah Parkway
RENO, NEVADA 89511
(775) 788-2200

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

2    AUSA objects to this request as follows:

3        1.      AUSA objects to this request on grounds that it appears to be propounded for no

4    purpose other than to burden, harass, and annoy AUSA, its business partners, and customers by

5    purporting to compel AUSA to provide an essentially limitless category of documents relating in

6    any way to gaming technology and/or AUSA's business affairs, which documents might

7    reasonably include records regarding independently-developed proprietary technology, business

8    plans and financial data, and third-party business relationships, the provision of which would

9    impose an unfair and undue burden on AUSA (and on non-parties) which would substantially

10   outweigh any likely benefit for the litigation of material issues in this case.  ISI has no colorable

11   claim to any interest in or profits of any of AUSA's technology or business dealings with third

12   parties, and therefore the facts and circumstances of the same are utterly irrelevant.

13       2.      AUSA objects to this request as vague and ambiguous to the extent it relies on the

14   phrases "relating to ISI" and "development, marketing, or sale of hardware or software for a retail

15   gaming or gambling kiosk or other retail gaming or gambling solution," which are susceptible to

16   multiple interpretations and which render this request overbroad, unduly burdensome, and

17   unintelligible as drafted.

18       3.      AUSA objects to this request as vague, overbroad, and unduly burdensome in that

19   it purports to compel production of a broad category of documents, unlimited in time, irrespective

20   of relevance to the claims in this matter.

21       4.      AUSA objects to this request as seeking material falling outside the scope of

22   discovery under FRCP 26(b).

23       5.      AUSA objects to this request on grounds that it appears to seek documents or

24   information that consist of trade secrets or other proprietary, confidential, research, development,

25   or commercial information of AUSA that is protectable from disclosure under FRCP 26(c) or other

26   applicable law, and/or which is prohibited from disclosure by contractual obligations to third

27   parties.

28       6.      AUSA objects to this request to the extent it seeks material protected from

FENNEMORE.

7800 Rancharrah Parkway
RENO, NEVADA 89511
(775) 788-2200

1  disclosure by privilege or immunity, including attorney-client privilege, work product doctrine,

2  and/or the common interest privilege.  For clarity, notwithstanding the foregoing objection, AUSA

3  does not interpret that this request seeks such material.

4       7.    AUSA objects to this request to the extent it seeks documents that are outside its

5  possession, custody, and control.

6       Based on the foregoing specific and general objections, AUSA has no obligation to respond

7  to this request.

8  **REQUEST FOR PRODUCTION NO. 18:**

9       *All Documents and Communications exchanged between Leon Wynne and any third party*

10  *relating to ISI and/or the development, marketing, or sale of hardware or software for a retail*

11  *gaming or gambling kiosk or other retail gaming or gambling solution in the US market.*

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

13  AUSA objects to this request as follows:

14       1.    AUSA objects to this request on grounds that it appears to be propounded for no

15  purpose other than to burden, harass, and annoy AUSA, its business partners, and customers by

16  purporting to compel AUSA to provide an essentially limitless category of documents relating in

17  any way to gaming technology and/or AUSA's business affairs, which documents might

18  reasonably include records regarding independently-developed proprietary technology, business

19  plans and financial data, and third-party business relationships, the provision of which would

20  impose an unfair and undue burden on AUSA (and on non-parties) which would substantially

21  outweigh any likely benefit for the litigation of material issues in this case.  ISI has no colorable

22  claim to any interest in or profits of any of AUSA's technology or business dealings with third

23  parties, and therefore the facts and circumstances of the same are utterly irrelevant.

24       2.    AUSA objects to this request as vague and ambiguous to the extent it relies on the

25  phrases "relating to ISI" and "development, marketing, or sale of hardware or software for a retail

26  gaming or gambling kiosk or other retail gaming or gambling solution," which are susceptible to

27  multiple interpretations and which render this request overbroad, unduly burdensome, and

28  unintelligible as drafted.

**FENNEMORE.**
7800 Rancharrah Parkway
RENO, NEVADA 89511
(775) 788-2200

3.      AUSA objects to this request as vague, overbroad, and unduly burdensome in that it purports to compel production of a broad category of documents, unlimited in time, irrespective of relevance to the claims in this matter.

4.      AUSA objects to this request as seeking material falling outside the scope of discovery under FRCP 26(b).

5.      AUSA objects to this request on grounds that it appears to seek documents or information that consist of trade secrets or other proprietary, confidential, research, development, or commercial information of AUSA that is protectable from disclosure under FRCP 26(c) or other applicable law, and/or which is prohibited from disclosure by contractual obligations to third parties.

6.      AUSA objects to this request to the extent it seeks material protected from disclosure by privilege or immunity, including attorney-client privilege, work product doctrine, and/or the common interest privilege.  For clarity, notwithstanding the foregoing objection, AUSA does not interpret that this request seeks such material.

7.      AUSA objects to this request to the extent it seeks documents that are outside its possession, custody, and control.

Based on the foregoing specific and general objections, AUSA has no obligation to respond to this request.

**REQUEST FOR PRODUCTION NO. 19:**

*All drafts and/or copies of the License Agreement, including visible edits.*

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

AUSA objects to this request as follows:

1.      AUSA objects to this request to the extent it seeks material protected from disclosure by privilege or immunity, including attorney-client privilege, work product doctrine, and/or the common interest privilege.  For clarity, notwithstanding the foregoing objection, AUSA does not interpret that this request seeks such material.

2.      AUSA objects to this request to the extent it seeks documents already in the possession, custody, or control of ISI.

**FENNEMORE.**
7800 Rancharrah Parkway
RENO, NEVADA 89511
(775) 788-2200

3.     AUSA objects to this request to the extent it assumes and/or mischaracterizes facts.

4.     AUSA objects to this request as vague and ambiguous to the extent it relies on the phrase "visible edits," which is susceptible to multiple interpretations.  AUSA responds to this request to the best of its ability based on its subjective understanding of the language used.  Additionally, AUSA does not assume or concede any obligation to produce electronically stored information that exceeds the requirements of the Federal Rules of Civil Procedure.

Subject to, and without waiving the foregoing general and specific objections, and to the extent AUSA is able to understand this request, AUSA states that it has produced or will produce non-privileged (and non-work product), responsive documents in its possession, custody, or control that are relevant to the claims at issue in this case as AUSA understands them and which are proportional to the needs of the case.  Discovery and AUSA's investigation of the claims and defenses in this matter are ongoing and AUSA reserves the right to supplement or amend its response to this request as and when appropriate.

**REQUEST FOR PRODUCTION NO. 20:**

*All Documents and Communications concerning the 2019 NDA.*

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

AUSA objects to this request as follows:

1.     AUSA objects to this request to the extent it seeks material protected from disclosure by privilege or immunity, including attorney-client privilege, work product doctrine, and/or the common interest privilege.  For clarity, notwithstanding the foregoing objection, AUSA does not interpret that this request seeks such material.

2.     AUSA objects to this request to the extent it seeks documents already in the possession, custody, or control of ISI.

3.     AUSA objects to this request as vague and ambiguous to the extent it relies on the phrase "concerning the 2019 NDA," which is susceptible to multiple overbroad interpretations and which renders this request unduly burdensome.  AUSA responds to this request to the best of its ability based on its subjective understanding of the language used.

Subject to, and without waiving the foregoing general and specific objections, and to the

FENNEMORE.

7800 Rancharrah Parkway
RENO, NEVADA 89511
(775) 788-2200

1  extent AUSA is able to understand this request, AUSA states that it has produced or will produce

2  non-privileged (and non-work product), responsive documents in its possession, custody, or control

3  that are relevant to the claims at issue in this case as AUSA understands them and which are

4  proportional to the needs of the case.   Discovery and AUSA's investigation of the claims and

5  defenses in this matter are ongoing and AUSA reserves the right to supplement or amend its

6  response to this request as and when appropriate.

7  **REQUEST FOR PRODUCTION NO. 21:**

8      *All drafts and/or copies of the 2019 MCA, including visible edits.*

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

10  AUSA objects to this request as follows:

11      1.      AUSA objects to this request to the extent it seeks material protected from

12  disclosure by privilege or immunity, including attorney-client privilege, work product doctrine,

13  and/or the common interest privilege.  For clarity, notwithstanding the foregoing objection, AUSA

14  does not interpret that this request seeks such material.

15      2.      AUSA objects to this request to the extent it seeks documents already in the

16  possession, custody, or control of ISI.

17      3.      AUSA objects to this request to the extent it assumes and/or mischaracterizes facts.

18      4.      AUSA objects to this request as vague and ambiguous to the extent it relies on the

19  phrase "visible edits," which is susceptible to multiple interpretations.  AUSA responds to this

20  request to the best of its ability based on its subjective understanding of the language used.

21  Additionally, AUSA does not assume or concede any obligation to produce electronically stored

22  information that exceeds the requirements of the Federal Rules of Civil Procedure.

23      Subject to, and without waiving the foregoing general and specific objections, and to the

24  extent AUSA is able to understand this request, AUSA states that it has produced or will produce

25  non-privileged (and non-work product), responsive documents in its possession, custody, or control

26  that are relevant to the claims at issue in this case as AUSA understands them and which are

27  proportional to the needs of the case.  Discovery and AUSA's investigation of the claims and

28  defenses in this matter are ongoing and AUSA reserves the right to supplement or amend its

**FENNEMORE.**

7800 Rancharrah Parkway
RENO, NEVADA 89511
(775) 788-2200

1    response to this request as and when appropriate.

2    **REQUEST FOR PRODUCTION NO. 22:**

3         *All Documents and Communications concerning the 2019 MCA.*

4    **RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

5    AUSA objects to this request as follows:

6         1.     AUSA objects to this request to the extent it seeks material protected from

7    disclosure by privilege or immunity, including attorney-client privilege, work product doctrine,

8    and/or the common interest privilege.  For clarity, notwithstanding the foregoing objection, AUSA

9    does not interpret that this request seeks such material.

10        2.     AUSA objects to this request to the extent it seeks documents already in the

11   possession, custody, or control of ISI.

12        3.     AUSA objects to this request as vague and ambiguous to the extent it relies on the

13   phrase "concerning the 2019 NDA," which is susceptible to multiple overbroad interpretations and

14   which renders this request unduly burdensome.  AUSA responds to this request to the best of its

15   ability based on its subjective understanding of the language used.

16        Subject to, and without waiving the foregoing general and specific objections, and to the

17   extent AUSA is able to understand this request, AUSA states that it has produced or will produce

18   non-privileged (and non-work product), responsive documents in its possession, custody, or control

19   that are relevant to the claims at issue in this case as AUSA understands them and which are

20   proportional to the needs of the case.   Discovery and AUSA's investigation of the claims and

21   defenses in this matter are ongoing and AUSA reserves the right to supplement or amend its

22   response to this request as and when appropriate.

23   **REQUEST FOR PRODUCTION NO. 23:**

24        *All drafts and/or copies of the Kiosk Agreement, including visible edits.*

25   **RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

26   AUSA objects to this request as follows:

27        1.     AUSA objects to this request to the extent it seeks material protected from

28   disclosure by privilege or immunity, including attorney-client privilege, work product doctrine,

**FENNEMORE.**

7800 Rancharrah Parkway
RENO, NEVADA 89511
(775) 788-2200

1  and/or the common interest privilege.  For clarity, notwithstanding the foregoing objection, AUSA

2  does not interpret that this request seeks such material.

3       2.  AUSA objects to this request to the extent it seeks documents already in the

4  possession, custody, or control of ISI.

5       3.  AUSA objects to this request to the extent it assumes and/or mischaracterizes facts.

6       4.  AUSA objects to this request as vague and ambiguous to the extent it relies on the

7  phrase "Kiosk Agreement," which assumes and mischaracterizes facts and which is susceptible to

8  multiple interpretations.  AUSA responds to this request to the best of its ability based on its

9  subjective understanding of the language used.

10       5.  AUSA objects to this request as vague and ambiguous to the extent it relies on the

11  phrase "visible edits," which is susceptible to multiple interpretations.  AUSA responds to this

12  request to the best of its ability based on its subjective understanding of the language used.

13  Additionally, AUSA does not assume or concede any obligation to produce electronically stored

14  information that exceeds the requirements of the Federal Rules of Civil Procedure.

15       Subject to, and without waiving the foregoing general and specific objections, and to the

16  extent AUSA is able to understand this request, AUSA states that it has produced or will produce

17  non-privileged (and non-work product), responsive documents in its possession, custody, or control

18  that are relevant to the claims at issue in this case as AUSA understands them and which are

19  proportional to the needs of the case.  Discovery and AUSA's investigation of the claims and

20  defenses in this matter are ongoing and AUSA reserves the right to supplement or amend its

21  response to this request as and when appropriate.

22  **REQUEST FOR PRODUCTION NO. 24:**

23  *All Documents and Communications concerning the Kiosk Agreement.*

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

25  AUSA objects to this request as follows:

26       1.  AUSA objects to this request to the extent it seeks material protected from

27  disclosure by privilege or immunity, including attorney-client privilege, work product doctrine,

28  and/or the common interest privilege.  For clarity, notwithstanding the foregoing objection, AUSA

FENNEMORE.

7800 Rancharrah Parkway
RENO, NEVADA 89511
(775) 788-2200

1    does not interpret that this request seeks such material.

2         2.      AUSA objects to this request to the extent it seeks documents already in the

3    possession, custody, or control of ISI.

4         3.      AUSA objects to this request to the extent it assumes and/or mischaracterizes facts.

5         4.      AUSA objects to this request as vague and ambiguous to the extent it relies on the

6    phrase "Kiosk Agreement," which assumes and mischaracterizes facts and which is susceptible to

7    multiple interpretations.   AUSA responds to this request to the best of its ability based on its

8    subjective understanding of the language used.

9         5.      AUSA objects to this request as vague and ambiguous to the extent it relies on the

10   phrase "concerning the Kiosk Agreement," which is susceptible to multiple overbroad

11   interpretations and which renders this request unduly burdensome.  AUSA responds to this request

12   to the best of its ability based on its subjective understanding of the language used.

13        Subject to, and without waiving the foregoing general and specific objections, and to the

14   extent AUSA is able to understand this request, AUSA states that it has produced or will produce

15   non-privileged (and non-work product), responsive documents in its possession, custody, or control

16   that are relevant to the claims at issue in this case as AUSA understands them and which are

17   proportional to the needs of the case.  Discovery and AUSA's investigation of the claims and

18   defenses in this matter are ongoing and AUSA reserves the right to supplement or amend its

19   response to this request as and when appropriate.

20   **REQUEST FOR PRODUCTION NO. 25:**

21        *All Documents and Communications regarding the Kiosk Co-Development Project.*

22   **RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

23   AUSA objects to this request as follows:

24        1.      AUSA objects to this request to the extent it assumes and/or mischaracterizes facts.

25        2.      AUSA objects to this request as vague and ambiguous to the extent it relies on the

26   phrase "Kiosk Co-Development Project," which assumes and mischaracterizes facts and which is

27   susceptible to multiple interpretations, and which renders this request unintelligible as drafted.

28        3.      AUSA objects to this request as vague and ambiguous to the extent it relies on the

**FENNEMORE.**

7800 Rancharrah Parkway
RENO, NEVADA 89511
(775) 788-2200

phrase "concerning the Kiosk Co-Development Project Agreement," which is susceptible to multiple overbroad interpretations and which renders this request unduly burdensome and unintelligible as drafted.

4.      AUSA objects to this request to the extent it seeks material protected from disclosure by privilege or immunity, including attorney-client privilege, work product doctrine, and/or the common interest privilege.  For clarity, notwithstanding the foregoing objection, AUSA does not interpret that this request seeks such material.

5.      AUSA objects to this request to the extent it seeks documents or information that consist of trade secrets or other proprietary, confidential, research, development, or commercial information of AUSA that is protectable from disclosure under FRCP 26(c) or other applicable law, and/or which is prohibited from disclosure by contractual obligations to third parties.   For clarity, notwithstanding the foregoing objection, AUSA does not interpret that this request seeks such material.

Based on the foregoing specific and general objections, AUSA has no obligation to respond to this request.

**REQUEST FOR PRODUCTION NO. 26:**

*All Documents and Communications concerning any offer from ISI to develop, market, or sell hardware or software for a retail gaming or gambling kiosk or other retail gaming or gambling solution in the US market.*

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

AUSA objects to this request as follows:

1.      AUSA objects to this request on grounds that it assumes and/or mischaracterizes facts.

2.      AUSA objects to this request on grounds that it appears to be duplicative and cumulative, in whole or in part, of other requests, and thereby imposes and undue burden on AUSA in demanding a response.

3.      AUSA objects to this request as vague and ambiguous to the extent it relies on the phrase "concerning any offer from ISI to develop, market, or sell hardware or software for a retail

1   gaming or gambling kiosk or other retail gaming or gambling solution in the US market," which

2   is susceptible to multiple overbroad interpretations and which renders this request unduly

3   burdensome and unintelligible as drafted.

4          4.      AUSA objects to this request to the extent it seeks material protected from

5   disclosure by privilege or immunity, including attorney-client privilege, work product doctrine,

6   and/or the common interest privilege.  For clarity, notwithstanding the foregoing objection, AUSA

7   does not interpret that this request seeks such material.

8          5.      AUSA objects to this request to the extent it seeks documents or information that

9   consist of trade secrets or other proprietary, confidential, research, development, or commercial

10   information of AUSA that is protectable from disclosure under FRCP 26(c) or other applicable

11   law, and/or which is prohibited from disclosure by contractual obligations to third parties.   For

12   clarity, notwithstanding the foregoing objection, AUSA does not interpret that this request seeks

13   such material.

14          Subject to the foregoing specific and general objections, to the extent Defendant is able to

15   understand this request, and without conceding the existence of any fact or legal conclusion,

16   AUSA refers to and incorporates its responses to Request Number 3 and Request Number 5.

17   **REQUEST FOR PRODUCTION NO. 27:**

18          *All Documents and Communications concerning any request for payment or payment*

19   *arrangement between AUSA and ISI.*

20   **RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

21   AUSA objects to this request as follows:

22          1.      AUSA objects to this request on grounds that it assumes and/or mischaracterizes

23   facts.

24          2.      AUSA objects to this request as vague and ambiguous to the extent it relies on the

25   phrase "concerning any request for payment or payment arrangement between AUSA and ISI,"

26   which is susceptible to multiple overbroad interpretations and which renders this request unduly

27   burdensome and unintelligible as drafted.

28          3.      AUSA objects to this request to the extent it seeks material protected from

**FENNEMORE.**
7800 Rancharrah Parkway
RENO, NEVADA 89511
(775) 788-2200

1   disclosure by privilege or immunity, including attorney-client privilege, work product doctrine,

2   and/or the common interest privilege.  For clarity, notwithstanding the foregoing objection, AUSA

3   does not interpret that this request seeks such material.

4       Subject to the foregoing specific and general objections, AUSA requests that ISI clarify

5   what is being sought by this request.

6   **REQUEST FOR PRODUCTION NO. 28:**

7       *All Documents and Communications reflecting payment(s) made by you to ISI.*

8   **RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

9   AUSA objects to this request as follows:

10      1.    AUSA objects to this request on grounds that it assumes and/or mischaracterizes

11  facts.

12      2.    AUSA objects to this request on grounds that it appears to seek documents already

13  in the possession, custody, or control of ISI.

14      3.    AUSA objects to this request as vague and ambiguous to the extent it relies on the

15  phrase "reflecting payments made by you to ISI," which is susceptible to multiple overbroad

16  interpretations and which renders this request unduly burdensome and unintelligible as drafted.

17      4.    AUSA objects to this request to the extent it seeks material protected from

18  disclosure by privilege or immunity, including attorney-client privilege, work product doctrine,

19  and/or the common interest privilege.  For clarity, notwithstanding the foregoing objection, AUSA

20  does not interpret that this request seeks such material.

21      5.    AUSA objects to this request to the extent it seeks documents or information that

22  consist of trade secrets or other proprietary, confidential, research, development, or commercial

23  information of AUSA that is protectable from disclosure under FRCP 26(c) or other applicable

24  law, and/or which is prohibited from disclosure by contractual obligations to third parties.   For

25  clarity, notwithstanding the foregoing objection, AUSA does not interpret that this request seeks

26  such material.

27      Subject to the foregoing specific and general objections, AUSA requests that ISI clarify

28  what is being sought by this request.

**FENNEMORE.**

7800 Rancharrah Parkway
RENO, NEVADA 89511
(775) 788-2200

**REQUEST FOR PRODUCTION NO. 29:**

> *Documents sufficient to show every sale or license of Amelco software or hardware related to a retail gambling or gaming solution within United States, from January 1, 2019 to the present.*

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

AUSA objects to this request as follows:

1.      AUSA objects to this request on grounds that it appears to be propounded for no purpose other than to burden, harass, and annoy AUSA, its business partners, and customers by purporting to compel AUSA to provide an essentially limitless category of documents relating in any way to gaming technology and/or AUSA's business affairs, which documents might reasonably include records regarding independently-developed proprietary technology, business plans and financial data, and third-party business relationships, the provision of which would impose an unfair and undue burden on AUSA (and on non-parties) which would substantially outweigh any likely benefit for the litigation of material issues in this case.  ISI has no colorable claim to any interest in or profits of any of AUSA's technology or business dealings with third parties, and therefore the facts and circumstances of the same are utterly irrelevant.

2.      AUSA objects to this request as vague and ambiguous to the extent it relies on the phrase "sufficient to show every sale or license of Amelco software or hardware related to a retail gambling or gaming solution," which is susceptible to multiple interpretations and which renders this request overbroad, unduly burdensome, and unintelligible as drafted.

3.      AUSA objects to this request as vague and ambiguous to the extent it relies on the defined term "Amelco," which is susceptible to multiple interpretations and which renders this request unintelligible and/or overbroad.  AUSA responds to this request on its own behalf based on information within its possession, custody, and control under FRCP 34, and does not purport to respond on behalf of any other party or non-party to this litigation.

4.      AUSA objects to this request as vague, overbroad, and unduly burdensome in that it purports to compel production of a broad category of documents, irrespective of relevance to the claims in this matter.

5.      AUSA objects to this request as seeking material falling outside the scope of

FENNEMORE.

7800 Rancharrah Parkway
RENO, NEVADA 89511
(775) 788-2200

1    discovery under FRCP 26(b).

2        6.      AUSA objects to this request on grounds that it appears to seek documents or

3    information that consist of trade secrets or other proprietary, confidential, research, development,

4    or commercial information of AUSA that is protectable from disclosure under FRCP 26(c) or other

5    applicable law, and/or which is prohibited from disclosure by contractual obligations to third

6    parties.

7        7.      AUSA objects to this request to the extent it seeks material protected from

8    disclosure by privilege or immunity, including attorney-client privilege, work product doctrine,

9    and/or the common interest privilege.  For clarity, notwithstanding the foregoing objection, AUSA

10   does not interpret that this request seeks such material.

11       Based on the foregoing specific and general objections, AUSA has no obligation to respond

12   to this request.

13   **REQUEST FOR PRODUCTION NO. 30:**

14       *Documents sufficient to show every sale or license of Amelco software or hardware related*

15   *to a retail gambling or gaming solution within United States, prior to January 1, 2019.*

16   **RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

17   AUSA objects to this request as follows:

18       1.      AUSA objects to this request on grounds that it appears to be propounded for no

19   purpose other than to burden, harass, and annoy AUSA, its business partners, and customers by

20   purporting to compel AUSA to provide an essentially limitless category of documents relating in

21   any way to gaming technology and/or AUSA's business affairs, which documents might

22   reasonably include records regarding independently-developed proprietary technology, business

23   plans and financial data, and third-party business relationships, the provision of which would

24   impose an unfair and undue burden on AUSA (and on non-parties) which would substantially

25   outweigh any likely benefit for the litigation of material issues in this case.  ISI has no colorable

26   claim to any interest in or profits of any of AUSA's technology or business dealings with third

27   parties, and therefore the facts and circumstances of the same are utterly irrelevant.

28       2.      AUSA objects to this request as vague and ambiguous to the extent it relies on the

FENNEMORE.

7800 Rancharrah Parkway
RENO, NEVADA 89511
(775) 788-2200

1   phrase "sufficient to show every sale or license of Amelco software or hardware related to a retail

2   gambling or gaming solution," which is susceptible to multiple interpretations and which renders

3   this request overbroad, unduly burdensome, and unintelligible as drafted.

4        3.     AUSA objects to this request as vague and ambiguous to the extent it relies on the

5   defined term "Amelco," which is susceptible to multiple interpretations and which renders this

6   request unintelligible and/or overbroad.  AUSA responds to this request on its own behalf based

7   on information within its possession, custody, and control under FRCP 34, and does not purport

8   to respond on behalf of any other party or non-party to this litigation.

9        4.     AUSA objects to this request on grounds that the supplied time period has no

10   connection to the time period during which the facts at issue in this case occurred.

11        5.     AUSA objects to this request as vague, overbroad, and unduly burdensome in that

12   it purports to compel production of a broad category of documents, irrespective of relevance to the

13   claims in this matter.

14        6.     AUSA objects to this request as seeking material falling outside the scope of

15   discovery under FRCP 26(b).

16        7.     AUSA objects to this request on grounds that it appears to seek documents or

17   information that consist of trade secrets or other proprietary, confidential, research, development,

18   or commercial information of AUSA that is protectable from disclosure under FRCP 26(c) or other

19   applicable law, and/or which is prohibited from disclosure by contractual obligations to third

20   parties.

21        8.     AUSA objects to this request to the extent it seeks material protected from

22   disclosure by privilege or immunity, including attorney-client privilege, work product doctrine,

23   and/or the common interest privilege.  For clarity, notwithstanding the foregoing objection, AUSA

24   does not interpret that this request seeks such material.

25        Based on the foregoing specific and general objections, AUSA has no obligation to respond

26   to this request.

27   **REQUEST FOR PRODUCTION NO. 31:**

28        *Documents sufficient to describe the technical function and operation of the hardware or*

**FENNEMORE.**

*software related to a retail gambling or gaming solution sold by Amelco in the Unites States, from January 1, 2019 to the present.*

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

AUSA objects to this request as follows:

1. AUSA objects to this request on grounds that it appears to be propounded for no purpose other than to burden, harass, and annoy AUSA, its business partners, and customers by purporting to compel AUSA to provide an essentially limitless category of documents relating in any way to gaming technology and/or AUSA's business affairs, which documents might reasonably include records regarding independently-developed proprietary technology, business plans and financial data, and third-party business relationships, the provision of which would impose an unfair and undue burden on AUSA (and on non-parties) which would substantially outweigh any likely benefit for the litigation of material issues in this case. ISI has no colorable claim to any interest in or profits of any of AUSA's technology or business dealings with third parties, and therefore the facts and circumstances of the same are utterly irrelevant.

2. AUSA objects to this request as vague and ambiguous to the extent it relies on the phrase "sufficient to describe the technical function and operation of the hardware or software related to a retail gambling or gaming solution sold by Amelco," which is susceptible to multiple interpretations and which renders this request overbroad, unduly burdensome, and unintelligible as drafted.

3. AUSA objects to this request as vague and ambiguous to the extent it relies on the defined term "Amelco," which is susceptible to multiple interpretations and which renders this request unintelligible and/or overbroad. AUSA responds to this request on its own behalf based on information within its possession, custody, and control under FRCP 34, and does not purport to respond on behalf of any other party or non-party to this litigation.

4. AUSA objects to this request as vague, overbroad, and unduly burdensome in that it purports to compel production of a broad category of documents, irrespective of relevance to the claims in this matter.

5. AUSA objects to this request as seeking material falling outside the scope of

1   discovery under FRCP 26(b).

2       6.      AUSA objects to this request on grounds that it appears to seek documents or

3   information that consist of trade secrets or other proprietary, confidential, research, development,

4   or commercial information of AUSA that is protectable from disclosure under FRCP 26(c) or other

5   applicable law, and/or which is prohibited from disclosure by contractual obligations to third

6   parties.

7       7.      AUSA objects to this request to the extent it seeks material protected from

8   disclosure by privilege or immunity, including attorney-client privilege, work product doctrine,

9   and/or the common interest privilege.  For clarity, notwithstanding the foregoing objection, AUSA

10  does not interpret that this request seeks such material.

11      Based on the foregoing specific and general objections, AUSA has no obligation to respond

12  to this request.

13  **REQUEST FOR PRODUCTION NO. 32:**

14      *Documents sufficient to describe the technical function and operation of the hardware or*

15  *software related to a retail gambling or gaming solution sold by Amelco in the Unites States, prior*

16  *to January 1, 2019.*

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

18  AUSA objects to this request as follows:

19      1.      AUSA objects to this request on grounds that it appears to be propounded for no

20  purpose other than to burden, harass, and annoy AUSA, its business partners, and customers by

21  purporting to compel AUSA to provide an essentially limitless category of documents relating in

22  any way to gaming technology and/or AUSA's business affairs, which documents might

23  reasonably include records regarding independently-developed proprietary technology, business

24  plans and financial data, and third-party business relationships, the provision of which would

25  impose an unfair and undue burden on AUSA (and on non-parties) which would substantially

26  outweigh any likely benefit for the litigation of material issues in this case.  ISI has no colorable

27  claim to any interest in or profits of any of AUSA's technology or business dealings with third

28  parties, and therefore the facts and circumstances of the same are utterly irrelevant.

**FENNEMORE.**

7800 Rancharrah Parkway
RENO, NEVADA 89511
(775) 788-2200

2.      AUSA objects to this request as vague and ambiguous to the extent it relies on the phrase "sufficient to describe the technical function and operation of the hardware or software related to a retail gambling or gaming solution sold by Amelco," which is susceptible to multiple interpretations and which renders this request overbroad, unduly burdensome, and unintelligible as drafted.

3.      AUSA objects to this request as vague and ambiguous to the extent it relies on the defined term "Amelco," which is susceptible to multiple interpretations and which renders this request unintelligible and/or overbroad.  AUSA responds to this request on its own behalf based on information within its possession, custody, and control under FRCP 34, and does not purport to respond on behalf of any other party or non-party to this litigation.

4.      AUSA objects to this request on grounds that the supplied time period has no connection to the time period during which the facts at issue in this case occurred.

5.      AUSA objects to this request as vague, overbroad, and unduly burdensome in that it purports to compel production of a broad category of documents, irrespective of relevance to the claims in this matter.

6.      AUSA objects to this request as seeking material falling outside the scope of discovery under FRCP 26(b).

7.      AUSA objects to this request on grounds that it appears to seek documents or information that consist of trade secrets or other proprietary, confidential, research, development, or commercial information of AUSA that is protectable from disclosure under FRCP 26(c) or other applicable law, and/or which is prohibited from disclosure by contractual obligations to third parties.

8.      AUSA objects to this request to the extent it seeks material protected from disclosure by privilege or immunity, including attorney-client privilege, work product doctrine, and/or the common interest privilege.  For clarity, notwithstanding the foregoing objection, AUSA does not interpret that this request seeks such material.

Based on the foregoing specific and general objections, AUSA has no obligation to respond to this request.

**REQUEST FOR PRODUCTION NO. 33:**

*Documents sufficient to show all marketing, sales, or licensing of hardware or software by Amelco to Fanatics.*

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

AUSA objects to this request as follows:

1.      AUSA objects to this request on grounds that it appears to be propounded for no purpose other than to burden, harass, and annoy AUSA, its business partners, and customers by purporting to compel AUSA to provide an essentially limitless category of documents relating in any way to gaming technology and/or AUSA's business affairs, which documents might reasonably include records regarding independently-developed proprietary technology, business plans and financial data, and third-party business relationships, the provision of which would impose an unfair and undue burden on AUSA (and on non-parties) which would substantially outweigh any likely benefit for the litigation of material issues in this case.  ISI has no colorable claim to any interest in or profits of any of AUSA's technology or business dealings with third parties, and therefore the facts and circumstances of the same are utterly irrelevant.

2.      AUSA objects to this request as vague and ambiguous to the extent it relies on the phrase "sufficient to show all marketing, sales, or licensing of hardware or software by Amelco," which is susceptible to multiple interpretations and which renders this request overbroad, unduly burdensome, and unintelligible as drafted.

3.      AUSA objects to this request on grounds that it assumes and/or mischaracterizes facts.

4.      AUSA objects to this request as vague and ambiguous to the extent it relies on the defined term "Amelco," which is susceptible to multiple interpretations and which renders this request unintelligible and/or overbroad.  AUSA responds to this request on its own behalf based on information within its possession, custody, and control under FRCP 34, and does not purport to respond on behalf of any other party or non-party to this litigation.

5.      AUSA objects to this request as vague, overbroad, and unduly burdensome in that it purports to compel production of a broad category of documents, irrespective of time period or

FENNEMORE.

7800 Rancharrah Parkway
RENO, NEVADA 89511
(775) 788-2200

1   relevance to the claims in this matter.

2        6.    AUSA objects to this request as seeking material falling outside the scope of

3   discovery under FRCP 26(b).

4        7.    AUSA objects to this request on grounds that it appears to seek documents or

5   information that consist of trade secrets or other proprietary, confidential, research, development,

6   or commercial information of AUSA that is protectable from disclosure under FRCP 26(c) or other

7   applicable law, and/or which is prohibited from disclosure by contractual obligations to third

8   parties.

9        8.    AUSA objects to this request to the extent it seeks material protected from

10   disclosure by privilege or immunity, including attorney-client privilege, work product doctrine,

11   and/or the common interest privilege.  For clarity, notwithstanding the foregoing objection, AUSA

12   does not interpret that this request seeks such material.

13        Based on the foregoing specific and general objections, AUSA has no obligation to respond

14   to this request.

15   **REQUEST FOR PRODUCTION NO. 34:**

16   *Documents sufficient to describe the technical function and operation of all hardware or*

17   *software marketed, sold, or licensed by Amelco to Fanatics.*

18   **RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

19   AUSA objects to this request as follows:

20        1.    AUSA objects to this request on grounds that it appears to be propounded for no

21   purpose other than to burden, harass, and annoy AUSA, its business partners, and customers by

22   purporting to compel AUSA to provide an essentially limitless category of documents relating in

23   any way to gaming technology and/or AUSA's business affairs, which documents might

24   reasonably include records regarding independently-developed proprietary technology, business

25   plans and financial data, and third-party business relationships, the provision of which would

26   impose an unfair and undue burden on AUSA (and on non-parties) which would substantially

27   outweigh any likely benefit for the litigation of material issues in this case.  ISI has no colorable

28   claim to any interest in or profits of any of AUSA's technology or business dealings with third

FENNEMORE.

7800 Rancharrah Parkway
RENO, NEVADA 89511
(775) 788-2200

parties, and therefore the facts and circumstances of the same are utterly irrelevant.

2.      AUSA objects to this request as vague and ambiguous to the extent it relies on the phrase "sufficient to describe the technical function and operation of all hardware or software marketed, sold, or licensed by Amelco," which is susceptible to multiple interpretations and which renders this request overbroad, unduly burdensome, and unintelligible as drafted.

3.      AUSA objects to this request on grounds that it assumes and/or mischaracterizes facts.

4.      AUSA objects to this request as vague and ambiguous to the extent it relies on the defined term "Amelco," which is susceptible to multiple interpretations and which renders this request unintelligible and/or overbroad.  AUSA responds to this request on its own behalf based on information within its possession, custody, and control under FRCP 34, and does not purport to respond on behalf of any other party or non-party to this litigation.

5.      AUSA objects to this request as vague, overbroad, and unduly burdensome in that it purports to compel production of a broad category of documents, irrespective of time period or relevance to the claims in this matter.

6.      AUSA objects to this request as seeking material falling outside the scope of discovery under FRCP 26(b).

7.      AUSA objects to this request on grounds that it appears to seek documents or information that consist of trade secrets or other proprietary, confidential, research, development, or commercial information of AUSA that is protectable from disclosure under FRCP 26(c) or other applicable law, and/or which is prohibited from disclosure by contractual obligations to third parties.

8.      AUSA objects to this request to the extent it seeks material protected from disclosure by privilege or immunity, including attorney-client privilege, work product doctrine, and/or the common interest privilege.  For clarity, notwithstanding the foregoing objection, AUSA does not interpret that this request seeks such material.

Based on the foregoing specific and general objections, AUSA has no obligation to respond to this request.

**REQUEST FOR PRODUCTION NO. 35:**

*Documents sufficient to describe the development of all hardware or software marketed, sold, or licensed by Amelco to Fanatics, from February 2019 to the present.*

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

AUSA objects to this request as follows:

1.     AUSA objects to this request on grounds that it appears to be propounded for no purpose other than to burden, harass, and annoy AUSA, its business partners, and customers by purporting to compel AUSA to provide an essentially limitless category of documents relating in any way to gaming technology and/or AUSA's business affairs, which documents might reasonably include records regarding independently-developed proprietary technology, business plans and financial data, and third-party business relationships, the provision of which would impose an unfair and undue burden on AUSA (and on non-parties) which would substantially outweigh any likely benefit for the litigation of material issues in this case.  ISI has no colorable claim to any interest in or profits of any of AUSA's technology or business dealings with third parties, and therefore the facts and circumstances of the same are utterly irrelevant.

2.     AUSA objects to this request as vague and ambiguous to the extent it relies on the phrase "sufficient to describe the development of all hardware or software marketed, sold, or licensecd by Amelco to Fanatics," which is susceptible to multiple interpretations and which renders this request overbroad, unduly burdensome, and unintelligible as drafted.

3.     AUSA objects to this request on grounds that it assumes and/or mischaracterizes facts.

4.     AUSA objects to this request as vague and ambiguous to the extent it relies on the defined term "Amelco," which is susceptible to multiple interpretations and which renders this request unintelligible and/or overbroad.  AUSA responds to this request on its own behalf based on information within its possession, custody, and control under FRCP 34, and does not purport to respond on behalf of any other party or non-party to this litigation.

5.     AUSA objects to this request as vague, overbroad, and unduly burdensome in that it purports to compel production of a broad category of documents, irrespective of relevance to the

FENNEMORE.

7800 Rancharrah Parkway
RENO, NEVADA 89511
(775) 788-2200

1   claims in this matter.

2        6.      AUSA objects to this request as seeking material falling outside the scope of

3   discovery under FRCP 26(b).

4        7.      AUSA objects to this request on grounds that it appears to seek documents or

5   information that consist of trade secrets or other proprietary, confidential, research, development,

6   or commercial information of AUSA that is protectable from disclosure under FRCP 26(c) or other

7   applicable law, and/or which is prohibited from disclosure by contractual obligations to third

8   parties.

9        8.      AUSA objects to this request to the extent it seeks material protected from

10  disclosure by privilege or immunity, including attorney-client privilege, work product doctrine,

11  and/or the common interest privilege.  For clarity, notwithstanding the foregoing objection, AUSA

12  does not interpret that this request seeks such material.

13       Based on the foregoing specific and general objections, AUSA has no obligation to respond

14  to this request.

15  **REQUEST FOR PRODUCTION NO. 36:**

16       *Documents sufficient to show all marketing, sales, or licensing of hardware or software by*

17  *Amelco to Hard Rock and/or the Seminole Tribe.*

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

19  AUSA objects to this request as follows:

20       1.      AUSA objects to this request on grounds that it appears to be propounded for no

21  purpose other than to burden, harass, and annoy AUSA, its business partners, and customers by

22  purporting to compel AUSA to provide an essentially limitless category of documents relating in

23  any way to gaming technology and/or AUSA's business affairs, which documents might

24  reasonably include records regarding independently-developed proprietary technology, business

25  plans and financial data, and third-party business relationships, the provision of which would

26  impose an unfair and undue burden on AUSA (and on non-parties) which would substantially

27  outweigh any likely benefit for the litigation of material issues in this case.  ISI has no colorable

28  claim to any interest in or profits of any of AUSA's technology or business dealings with third

FENNEMORE.
7800 Rancharrah Parkway
RENO, NEVADA 89511
(775) 788-2200

1    parties, and therefore the facts and circumstances of the same are utterly irrelevant.

2         2.    AUSA objects to this request as vague and ambiguous to the extent it relies on the

3    phrase "sufficient to show all marketing, sales, or licensing of hardware or software by Amelco to

4    Hard Rock and/or the Seminole Tribe," which is susceptible to multiple interpretations and which

5    renders this request overbroad, unduly burdensome, and unintelligible as drafted.

6         3.    AUSA objects to this request on grounds that it assumes and/or mischaracterizes

7    facts.

8         4.    AUSA objects to this request as vague and ambiguous to the extent it relies on the

9    defined term "Amelco," which is susceptible to multiple interpretations and which renders this

10   request unintelligible and/or overbroad.  AUSA responds to this request on its own behalf based

11   on information within its possession, custody, and control under FRCP 34, and does not purport

12   to respond on behalf of any other party or non-party to this litigation.

13        5.    AUSA objects to this request as vague, overbroad, and unduly burdensome in that

14   it purports to compel production of a broad category of documents, irrespective of time period or

15   relevance to the claims in this matter.

16        6.    AUSA objects to this request as seeking material falling outside the scope of

17   discovery under FRCP 26(b).

18        7.    AUSA objects to this request on grounds that it appears to seek documents or

19   information that consist of trade secrets or other proprietary, confidential, research, development,

20   or commercial information of AUSA that is protectable from disclosure under FRCP 26(c) or other

21   applicable law, and/or which is prohibited from disclosure by contractual obligations to third

22   parties.

23        8.    AUSA objects to this request to the extent it seeks material protected from

24   disclosure by privilege or immunity, including attorney-client privilege, work product doctrine,

25   and/or the common interest privilege.  For clarity, notwithstanding the foregoing objection, AUSA

26   does not interpret that this request seeks such material.

27        Based on the foregoing specific and general objections, AUSA has no obligation to respond

28   to this request.

FENNEMORE.

7800 Rancharrah Parkway
RENO, NEVADA 89511
(775) 788-2200

**REQUEST FOR PRODUCTION NO. 37:**

*Documents sufficient to describe the technical function and operation of all hardware or software marketed, sold, or licensed by Amelco to Hard Rock and/or the Seminole Tribe.*

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

AUSA objects to this request as follows:

1.     AUSA objects to this request on grounds that it appears to be propounded for no purpose other than to burden, harass, and annoy AUSA, its business partners, and customers by purporting to compel AUSA to provide an essentially limitless category of documents relating in any way to gaming technology and/or AUSA's business affairs, which documents might reasonably include records regarding independently-developed proprietary technology, business plans and financial data, and third-party business relationships, the provision of which would impose an unfair and undue burden on AUSA (and on non-parties) which would substantially outweigh any likely benefit for the litigation of material issues in this case.  ISI has no colorable claim to any interest in or profits of any of AUSA's technology or business dealings with third parties, and therefore the facts and circumstances of the same are utterly irrelevant.

2.     AUSA objects to this request as vague and ambiguous to the extent it relies on the phrase "sufficient to describe the technical function and operation of all hardware or software marketed, sold, or licensed by Amelco," which is susceptible to multiple interpretations and which renders this request overbroad, unduly burdensome, and unintelligible as drafted.

3.     AUSA objects to this request on grounds that it assumes and/or mischaracterizes facts.

4.     AUSA objects to this request as vague and ambiguous to the extent it relies on the defined term "Amelco," which is susceptible to multiple interpretations and which renders this request unintelligible and/or overbroad.  AUSA responds to this request on its own behalf based on information within its possession, custody, and control under FRCP 34, and does not purport to respond on behalf of any other party or non-party to this litigation.

5.     AUSA objects to this request as vague, overbroad, and unduly burdensome in that it purports to compel production of a broad category of documents, irrespective of time period or

FENNEMORE.

7800 Rancharrah Parkway
RENO, NEVADA 89511
(775) 788-2200

1    relevance to the claims in this matter.

2        6.      AUSA objects to this request as seeking material falling outside the scope of

3    discovery under FRCP 26(b).

4        7.      AUSA objects to this request on grounds that it appears to seek documents or

5    information that consist of trade secrets or other proprietary, confidential, research, development,

6    or commercial information of AUSA that is protectable from disclosure under FRCP 26(c) or other

7    applicable law, and/or which is prohibited from disclosure by contractual obligations to third

8    parties.

9        8.      AUSA objects to this request to the extent it seeks material protected from

10   disclosure by privilege or immunity, including attorney-client privilege, work product doctrine,

11   and/or the common interest privilege.  For clarity, notwithstanding the foregoing objection, AUSA

12   does not interpret that this request seeks such material.

13       Based on the foregoing specific and general objections, AUSA has no obligation to respond

14   to this request.

15   **REQUEST FOR PRODUCTION NO. 38:**

16       *Documents sufficient to describe the development of all hardware or software marketed,*

17   *sold, or licensed Amelco to Hard Rock and/or the Seminole Tribe.*

18   **RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

19   AUSA objects to this request as follows:

20       1.      AUSA objects to this request on grounds that it appears to be propounded for no

21   purpose other than to burden, harass, and annoy AUSA, its business partners, and customers by

22   purporting to compel AUSA to provide an essentially limitless category of documents relating in

23   any way to gaming technology and/or AUSA's business affairs, which documents might

24   reasonably include records regarding independently-developed proprietary technology, business

25   plans and financial data, and third-party business relationships, the provision of which would

26   impose an unfair and undue burden on AUSA (and on non-parties) which would substantially

27   outweigh any likely benefit for the litigation of material issues in this case.  ISI has no colorable

28   claim to any interest in or profits of any of AUSA's technology or business dealings with third

FENNEMORE.

7800 Rancharrah Parkway
RENO, NEVADA 89511
(775) 788-2200

1    parties, and therefore the facts and circumstances of the same are utterly irrelevant.

2         2.    AUSA objects to this request as vague and ambiguous to the extent it relies on the

3    phrase "sufficient to describe the development of all hardware or software marketed, sold, or

4    licensed Amelco to Hard Rock and/or Seminole Tribe," which is susceptible to multiple

5    interpretations and which renders this request overbroad, unduly burdensome, and unintelligible

6    as drafted.

7         3.    AUSA objects to this request on grounds that it assumes and/or mischaracterizes

8    facts.

9         4.    AUSA objects to this request as vague and ambiguous to the extent it relies on the

10   defined term "Amelco," which is susceptible to multiple interpretations and which renders this

11   request unintelligible and/or overbroad.  AUSA responds to this request on its own behalf based

12   on information within its possession, custody, and control under FRCP 34, and does not purport

13   to respond on behalf of any other party or non-party to this litigation.

14        5.    AUSA objects to this request as vague, overbroad, and unduly burdensome in that

15   it purports to compel production of a broad category of documents, irrespective of time period or

16   relevance to the claims in this matter.

17        6.    AUSA objects to this request as seeking material falling outside the scope of

18   discovery under FRCP 26(b).

19        7.    AUSA objects to this request on grounds that it appears to seek documents or

20   information that consist of trade secrets or other proprietary, confidential, research, development,

21   or commercial information of AUSA that is protectable from disclosure under FRCP 26(c) or other

22   applicable law, and/or which is prohibited from disclosure by contractual obligations to third

23   parties.

24        8.    AUSA objects to this request to the extent it seeks material protected from

25   disclosure by privilege or immunity, including attorney-client privilege, work product doctrine,

26   and/or the common interest privilege.  For clarity, notwithstanding the foregoing objection, AUSA

27   does not interpret that this request seeks such material.

28        Based on the foregoing specific and general objections, AUSA has no obligation to respond

**FENNEMORE.**
7800 Rancharrah Parkway
RENO, NEVADA 89511
(775) 788-2200

1  to this request.

2  **REQUEST FOR PRODUCTION NO. 39:**

3      *All JIRA tickets or other similar Documents concerning the development of hardware or*

4  *software related to any Amelco retail gambling or gaming solution developed for or offered for*

5  *sale in the United States, including without limitation JIRA tickets exchanged between Amelco and*

6  *ISI.*

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

8  AUSA objects to this request as follows:

9      1.      AUSA objects to this request on grounds that it appears to be propounded for no

10  purpose other than to burden, harass, and annoy AUSA, its business partners, and customers by

11  purporting to compel AUSA to provide an essentially limitless category of documents relating in

12  any way to gaming technology and/or AUSA's business affairs, which documents might

13  reasonably include records regarding independently-developed proprietary technology, business

14  plans and financial data, and third-party business relationships, the provision of which would

15  impose an unfair and undue burden on AUSA (and on non-parties) which would substantially

16  outweigh any likely benefit for the litigation of material issues in this case.  ISI has no colorable

17  claim to any interest in or profits of any of AUSA's technology or business dealings with third

18  parties, and therefore the facts and circumstances of the same are utterly irrelevant.

19      2.      AUSA objects to this request as vague and ambiguous to the extent it relies on the

20  phrases "JIRA ticket or other similar Documents" and "concerning the development of hardware

21  or software related to any Amelco retail gambling or gaming solution developed for or offered for

22  sale," which are susceptible to multiple interpretations and which render this request overbroad,

23  unduly burdensome, and unintelligible as drafted.

24      3.      AUSA objects to this request on grounds that it assumes and/or mischaracterizes

25  facts.

26      4.      AUSA objects to this request as vague and ambiguous to the extent it relies on the

27  defined term "Amelco," which is susceptible to multiple interpretations and which renders this

28  request unintelligible and/or overbroad.  AUSA responds to this request on its own behalf based

1    on information within its possession, custody, and control under FRCP 34, and does not purport

2    to respond on behalf of any other party or non-party to this litigation.

3          5.      AUSA objects to this request as vague, overbroad, and unduly burdensome in that

4    it purports to compel production of a broad category of documents, unlimited in time, irrespective

5    of relevance to the claims in this matter.

6          6.      AUSA objects to this request as seeking material falling outside the scope of

7    discovery under FRCP 26(b).

8          7.      AUSA objects to this request on grounds that it appears to seek documents or

9    information that consist of trade secrets or other proprietary, confidential, research, development,

10   or commercial information of AUSA that is protectable from disclosure under FRCP 26(c) or other

11   applicable law, and/or which is prohibited from disclosure by contractual obligations to third

12   parties.

13         8.      AUSA objects to this request to the extent it seeks material protected from

14   disclosure by privilege or immunity, including attorney-client privilege, work product doctrine,

15   and/or the common interest privilege.  For clarity, notwithstanding the foregoing objection, AUSA

16   does not interpret that this request seeks such material.

17         Based on the foregoing specific and general objections, AUSA has no obligation to respond

18   to this request.

19   **REQUEST FOR PRODUCTION NO. 40:**

20         *All marketing and sales materials regarding hardware or software related to any Amelco*

21   *retail gambling or gaming solution developed for or offered for sale in the United States.*

22   **RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

23   AUSA objects to this request as follows:

24         1.      AUSA objects to this request on grounds that it appears to be propounded for no

25   purpose other than to burden, harass, and annoy AUSA, its business partners, and customers by

26   purporting to compel AUSA to provide an essentially limitless category of documents relating in

27   any way to gaming technology and/or AUSA's business affairs, which documents might

28   reasonably include records regarding independently-developed proprietary technology, business

FENNEMORE.
7800 Rancharrah Parkway
RENO, NEVADA 89511
(775) 788-2200

plans and financial data, and third-party business relationships, the provision of which would impose an unfair and undue burden on AUSA (and on non-parties) which would substantially outweigh any likely benefit for the litigation of material issues in this case.  ISI has no colorable claim to any interest in or profits of any of AUSA's technology or business dealings with third parties, and therefore the facts and circumstances of the same are utterly irrelevant.

2.       AUSA objects to this request as vague and ambiguous to the extent it relies on the phrases "JIRA ticket or other similar Documents" and "concerning the development of hardware or software related to any Amelco retail gambling or gaming solution developed for or offered for sale," which are susceptible to multiple interpretations and which render this request overbroad, unduly burdensome, and unintelligible as drafted.

3.       AUSA objects to this request on grounds that it assumes and/or mischaracterizes facts.

4.       AUSA objects to this request as vague and ambiguous to the extent it relies on the defined term "Amelco," which is susceptible to multiple interpretations and which renders this request unintelligible and/or overbroad.  AUSA responds to this request on its own behalf based on information within its possession, custody, and control under FRCP 34, and does not purport to respond on behalf of any other party or non-party to this litigation.

5.       AUSA objects to this request as vague, overbroad, and unduly burdensome in that it purports to compel production of a broad category of documents, unlimited in time, irrespective of relevance to the claims in this matter.

6.       AUSA objects to this request as seeking material falling outside the scope of discovery under FRCP 26(b).

7.       AUSA objects to this request on grounds that it appears to seek documents or information that consist of trade secrets or other proprietary, confidential, research, development, or commercial information of AUSA that is protectable from disclosure under FRCP 26(c) or other applicable law, and/or which is prohibited from disclosure by contractual obligations to third parties.

8.       AUSA objects to this request to the extent it seeks material protected from

FENNEMORE.

7800 Rancharrah Parkway
RENO, NEVADA 89511
(775) 788-2200

disclosure by privilege or immunity, including attorney-client privilege, work product doctrine, and/or the common interest privilege.  For clarity, notwithstanding the foregoing objection, AUSA does not interpret that this request seeks such material.

Based on the foregoing specific and general objections, AUSA has no obligation to respond to this request.

**REQUEST FOR PRODUCTION NO. 41:**

*All Documents and Communications exchanged with customers or potential customers regarding hardware or software related to any Amelco retail gambling or gaming solution developed for or offered for sale in the United States, from February 2019 to the present.*

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

AUSA objects to this request as follows:

1.      AUSA objects to this request on grounds that it appears to be propounded for no purpose other than to burden, harass, and annoy AUSA, its business partners, and customers by purporting to compel AUSA to provide an essentially limitless category of documents relating in any way to gaming technology and/or AUSA's business affairs, which documents might reasonably include records regarding independently-developed proprietary technology, business plans and financial data, and third-party business relationships, the provision of which would impose an unfair and undue burden on AUSA (and on non-parties) which would substantially outweigh any likely benefit for the litigation of material issues in this case.  ISI has no colorable claim to any interest in or profits of any of AUSA's technology or business dealings with third parties, and therefore the facts and circumstances of the same are utterly irrelevant.

2.      AUSA objects to this request as vague and ambiguous to the extent it relies on the phrases "customers or potential customers" and "regarding hardware or software related to any Amelco retail gambling or gaming solution developed for or offere for sale," which are susceptible to multiple interpretations and which render this request overbroad, unduly burdensome, and unintelligible as drafted.

3.      AUSA objects to this request on grounds that it assumes and/or mischaracterizes facts.

1    4.     AUSA objects to this request as vague and ambiguous to the extent it relies on the

2    defined term "Amelco," which is susceptible to multiple interpretations and which renders this

3    request unintelligible and/or overbroad.  AUSA responds to this request on its own behalf based

4    on information within its possession, custody, and control under FRCP 34, and does not purport

5    to respond on behalf of any other party or non-party to this litigation.

6    5.     AUSA objects to this request as vague, overbroad, and unduly burdensome in that

7    it purports to compel production of a broad category of documents, irrespective of relevance to the

8    claims in this matter.

9    6.     AUSA objects to this request as seeking material falling outside the scope of

10   discovery under FRCP 26(b).

11   7.     AUSA objects to this request on grounds that it appears to seek documents or

12   information that consist of trade secrets or other proprietary, confidential, research, development,

13   or commercial information of AUSA that is protectable from disclosure under FRCP 26(c) or other

14   applicable law, and/or which is prohibited from disclosure by contractual obligations to third

15   parties.

16   8.     AUSA objects to this request to the extent it seeks material protected from

17   disclosure by privilege or immunity, including attorney-client privilege, work product doctrine,

18   and/or the common interest privilege.  For clarity, notwithstanding the foregoing objection, AUSA

19   does not interpret that this request seeks such material.

20   Based on the foregoing specific and general objections, AUSA has no obligation to respond

21   to this request.

22   **REQUEST FOR PRODUCTION NO. 42:**

23   *All Documents and Communications regarding the shipping of kiosks between you and ISI.*

24   **RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

25   AUSA objects to this request as follows:

26   1.     AUSA objects to this request on grounds that it assumes and/or mischaracterizes

27   facts.

28   2.     AUSA objects to this request to the extent it seeks documents already in the

**FENNEMORE.**

7800 Rancharrah Parkway
RENO, NEVADA 89511
(775) 788-2200

1   possession, custody, or control of ISI.

2       3.      AUSA objects to this request as vague and ambiguous to the extent it relies on the

3   phrase "regarding the shipping of kiosks between you and ISI" which assumes and

4   mischaracterizes facts and is susceptible to multiple interpretations, rendering this request

5   overbroad and unintelligible as drafted.

6       4.      AUSA objects to this request to the extent it seeks material protected from

7   disclosure by privilege or immunity, including attorney-client privilege, work product doctrine,

8   and/or the common interest privilege.  For clarity, notwithstanding the foregoing objection, AUSA

9   does not interpret that this request seeks such material.

10      Subject to the foregoing specific and general objections, AUSA requests that ISI clarify

11  what is being sought by this request.

12  **REQUEST FOR PRODUCTION NO. 43:**

13      *Documents sufficient to show the current location and condition of any hardware of*

14  *software shipped by ISI to AUSA.*

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

16  AUSA objects to this request as follows:

17      1.      AUSA objects to this request on grounds that it assumes and/or mischaracterizes

18  facts.

19      2.      AUSA objects to this request to the extent it seeks documents already in the

20  possession, custody, or control of ISI.

21      3.      AUSA objects to this request as vague and ambiguous to the extent it relies on the

22  phrase "sufficient to show the current location and condition of any hardware or software shipped

23  by ISI" which assumes and mischaracterizes facts and is susceptible to multiple interpretations,

24  rendering this request overbroad and unintelligible as drafted.

25      4.      AUSA objects to this request to the extent it seeks documents or information that

26  consist of trade secrets or other proprietary, confidential, research, development, or commercial

27  information of AUSA that is protectable from disclosure under FRCP 26(c) or other applicable

28  law, and/or which is prohibited from disclosure by contractual obligations to third parties.  For

**FENNEMORE.**

7800 Rancharrah Parkway
RENO, NEVADA 89511
(775) 788-2200

1  clarity, notwithstanding the foregoing objection, AUSA does not interpret that this request seeks

2  such material.

3         Subject to the foregoing specific and general objections, AUSA requests that ISI clarify

4  what is being sought by this request.

5  **REQUEST FOR PRODUCTION NO. 44:**

6         *All Documents and Communications concerning the use by AUSA of any hardware of*

7  *software shipped by ISI to AUSA.*

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

9  AUSA objects to this request as follows:

10        1.      AUSA objects to this request on grounds that it assumes and/or mischaracterizes

11 facts.

12        2.      AUSA objects to this request to the extent it seeks documents already in the

13 possession, custody, or control of ISI.

14        3.      AUSA objects to this request as vague and ambiguous to the extent it relies on the

15 phrase "concerning the use by AUSA of any hardware of software shipped by ISI to AUSA" which

16 assumes and mischaracterizes facts and is susceptible to multiple interpretations, rendering this

17 request overbroad and unintelligible as drafted.

18        4.      AUSA objects to this request to the extent it seeks documents or information that

19 consist of trade secrets or other proprietary, confidential, research, development, or commercial

20 information of AUSA that is protectable from disclosure under FRCP 26(c) or other applicable

21 law, and/or which is prohibited from disclosure by contractual obligations to third parties.  For

22 clarity, notwithstanding the foregoing objection, AUSA does not interpret that this request seeks

23 such material.

24        Subject to the foregoing specific and general objections, AUSA requests that ISI clarify

25 what is being sought by this request.

26 **REQUEST FOR PRODUCTION NO. 45:**

27        *All Documents and Communications between you and the team of Amelco service*

28 *providers sent to Las Vegas in or around May of 2019.*

FENNEMORE.
7800 Rancharrah Parkway
RENO, NEVADA 89511
(775) 788-2200

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

AUSA objects to this request as follows:

      1.    AUSA objects to this request on grounds that it assumes and/or mischaracterizes facts.

      2.    AUSA objects to this request as vague and ambiguous to the extent it relies on the phrase "team of Amelco service providers sent to Las Vegas in or around May of 2019," which assumes and mischaracterizes facts and is susceptible to multiple interpretations, rendering this request overbroad and unintelligible as drafted.

      3.    AUSA objects to this request as vague and ambiguous to the extent it relies on the defined term "Amelco," which is susceptible to multiple interpretations and which renders this request unintelligible and/or overbroad.  AUSA responds to this request on its own behalf based on information within its possession, custody, and control under FRCP 34, and does not purport to respond on behalf of any other party or non-party to this litigation.

      4.    AUSA objects to this request to the extent it seeks material protected from disclosure by privilege or immunity, including attorney-client privilege, work product doctrine, and/or the common interest privilege.  For clarity, notwithstanding the foregoing objection, AUSA does not interpret that this request seeks such material.

Subject to the foregoing specific and general objections, AUSA requests that ISI clarify what is being sought by this request.

**REQUEST FOR PRODUCTION NO. 46:**

*All Documents and Communications regarding the team of service Amelco providers sent to Las Vegas in or around May of 2019.*

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

AUSA objects to this request as follows:

      1.    AUSA objects to this request on grounds that it assumes and/or mischaracterizes facts.

      2.    AUSA objects to this request as vague and ambiguous to the extent it relies on the phrase "regarding the team of Amelco service providers sent to Las Vegas in or around May of

FENNEMORE.

7800 Rancharrah Parkway
RENO, NEVADA 89511
(775) 788-2200

2019," which assumes and mischaracterizes facts and is susceptible to multiple interpretations, rendering this request overbroad and unintelligible as drafted.

3.      AUSA objects to this request as vague and ambiguous to the extent it relies on the defined term "Amelco," which is susceptible to multiple interpretations and which renders this request unintelligible and/or overbroad.  AUSA responds to this request on its own behalf based on information within its possession, custody, and control under FRCP 34, and does not purport to respond on behalf of any other party or non-party to this litigation.

4.      AUSA objects to this request to the extent it seeks material protected from disclosure by privilege or immunity, including attorney-client privilege, work product doctrine, and/or the common interest privilege.  For clarity, notwithstanding the foregoing objection, AUSA does not interpret that this request seeks such material.

Subject to the foregoing specific and general objections, AUSA requests that ISI clarify what is being sought by this request.

**REQUEST FOR PRODUCTION NO. 47:**

*All Documents and Communications regarding the management of AUSA.*

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

AUSA objects to this request as follows:

1.      AUSA objects to this request as vague and ambiguous to the extent it relies on the phrase "regarding the management of AUSA," which is susceptible to multiple interpretations, rendering this request overbroad and unintelligible as drafted.

2.      AUSA objects to this request as overbroad and unduly burdensome in that it purports to compel production of a broad category of documents, unlimited in time, irrespective of relevance to the claims in this matter.

3.      AUSA objects to this request on grounds that it is more appropriately directed to AUSA.

4.      AUSA objects to this request to the extent it seeks documents or information that consist of trade secrets or other proprietary, confidential, research, development, or commercial information of AUSA that is protectable from disclosure under FRCP 26(c) or other applicable

FENNEMORE.
7800 Rancharrah Parkway
RENO, NEVADA 89511
(775) 788-2200

law, and/or which is prohibited from disclosure by contractual obligations to third parties.  For clarity, notwithstanding the foregoing objection, AUSA does not interpret that this request seeks such material.

5.     AUSA objects to this request to the extent it seeks material protected from disclosure by privilege or immunity, including attorney-client privilege, work product doctrine, and/or the common interest privilege.  For clarity, notwithstanding the foregoing objection, AUSA does not interpret that this request seeks such material.

Subject to the foregoing specific and general objections, AUSA requests that ISI clarify what is being sought by this request.

**REQUEST FOR PRODUCTION NO. 48:**

*All Documents and Communications between AUSA and Robert Miller regarding the management of AUSA.*

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

AUSA objects to this request as follows:

1.     AUSA objects to this request as vague and ambiguous to the extent it relies on the phrase "regarding the management of AUSA," which is susceptible to multiple interpretations, rendering this request overbroad and unintelligible as drafted.

2.     AUSA objects to this request as overbroad and unduly burdensome in that it purports to compel production of a broad category of documents, unlimited in time, irrespective of relevance to the claims in this matter.

3.     AUSA objects to this request on grounds that it is more appropriately directed to AUSA.

4.     AUSA objects to this request to the extent it seeks documents or information that consist of trade secrets or other proprietary, confidential, research, development, or commercial information of AUSA that is protectable from disclosure under FRCP 26(c) or other applicable law, and/or which is prohibited from disclosure by contractual obligations to third parties.  For clarity, notwithstanding the foregoing objection, AUSA does not interpret that this request seeks such material.

FENNEMORE.

7800 Rancharrah Parkway
RENO, NEVADA 89511
(775) 788-2200

1    5.    AUSA objects to this request to the extent it seeks material protected from

2  disclosure by privilege or immunity, including attorney-client privilege, work product doctrine,

3  and/or the common interest privilege.  For clarity, notwithstanding the foregoing objection, AUSA

4  does not interpret that this request seeks such material.

5    Based on the foregoing specific and general objections, AUSA has no obligation to respond

6  to this request.

7  **REQUEST FOR PRODUCTION NO. 49:**

8    *All Documents and Communications between AUSA and Damian Walton regarding the*

9  *management of AUSA.*

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

11  AUSA objects to this request as follows:

12    1.    AUSA objects to this request as vague and ambiguous to the extent it relies on the

13  phrase "regarding the management of AUSA," which is susceptible to multiple interpretations,

14  rendering this request overbroad and unintelligible as drafted.

15    2.    AUSA objects to this request as overbroad and unduly burdensome in that it

16  purports to compel production of a broad category of documents, unlimited in time, irrespective

17  of relevance to the claims in this matter.

18    3.    AUSA objects to this request on grounds that it is more appropriately directed to

19  AUSA.

20    4.    AUSA objects to this request to the extent it seeks documents or information that

21  consist of trade secrets or other proprietary, confidential, research, development, or commercial

22  information of AUSA that is protectable from disclosure under FRCP 26(c) or other applicable

23  law, and/or which is prohibited from disclosure by contractual obligations to third parties.  For

24  clarity, notwithstanding the foregoing objection, AUSA does not interpret that this request seeks

25  such material.

26    5.    AUSA objects to this request to the extent it seeks material protected from

27  disclosure by privilege or immunity, including attorney-client privilege, work product doctrine,

28  and/or the common interest privilege.  For clarity, notwithstanding the foregoing objection, AUSA

**FENNEMORE.**

7800 Rancharrah Parkway
RENO, NEVADA 89511
(775) 788-2200

1   does not interpret that this request seeks such material.

2       Based on the foregoing specific and general objections, AUSA has no obligation to respond

3   to this request.

4   **REQUEST FOR PRODUCTION NO. 50:**

5       *Documents sufficient to describe the development of the SSBT, including without limitation*

6   *the commencement of such development, any major changes or improvements made to the SSBT,*

7   *and any SSBT Hardware or Software actually marketed, sold, licensed, or offered for sale or*

8   *license to Amelco customers.*

9   **RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

10  AUSA objects to this request as follows:

11      1.      AUSA objects to this request on grounds that it appears to be propounded for no

12  purpose other than to burden, harass, and annoy AUSA, its business partners, and customers by

13  purporting to compel AUSA to provide an essentially limitless category of documents relating in

14  any way to gaming technology and/or AUSA's business affairs, which documents might

15  reasonably include records regarding independently-developed proprietary technology, business

16  plans and financial data, and third-party business relationships, the provision of which would

17  impose an unfair and undue burden on AUSA (and on non-parties) which would substantially

18  outweigh any likely benefit for the litigation of material issues in this case.  ISI has no colorable

19  claim to any interest in or profits of any of AUSA's technology or business dealings with third

20  parties, and therefore the facts and circumstances of the same are utterly irrelevant.

21      2.      AUSA objects to this request as vague and ambiguous to the extent it relies on the

22  phrases "sufficient to describe the development of the SSBT," "commencement of such

23  development," "any major changes or improvements made to the SSBT," and "any SSBT

24  Hardware or Software actually marketed, sold, licensed, or offered for sale to Amelco customers,"

25  which are susceptible to multiple interpretations and which render this request overbroad, unduly

26  burdensome, and unintelligible as drafted.

27      3.      AUSA objects to this request on grounds that it assumes and/or mischaracterizes

28  facts.

FENNEMORE.

7800 Rancharrah Parkway
RENO, NEVADA 89511
(775) 788-2200

4.      AUSA objects to this request as vague and ambiguous to the extent it relies on the defined term "Amelco," which is susceptible to multiple interpretations and which renders this request unintelligible and/or overbroad.  AUSA responds to this request on its own behalf based on information within its possession, custody, and control under FRCP 34, and does not purport to respond on behalf of any other party or non-party to this litigation.

5.      AUSA objects to this request as vague, overbroad, and unduly burdensome in that it purports to compel production of a broad category of documents, unlimited in time, irrespective of relevance to the claims in this matter.

6.      AUSA objects to this request as seeking material falling outside the scope of discovery under FRCP 26(b).

7.      AUSA objects to this request on grounds that it appears to seek documents or information that consist of trade secrets or other proprietary, confidential, research, development, or commercial information of AUSA that is protectable from disclosure under FRCP 26(c) or other applicable law, and/or which is prohibited from disclosure by contractual obligations to third parties.

8.      AUSA objects to this request to the extent it seeks material protected from disclosure by privilege or immunity, including attorney-client privilege, work product doctrine, and/or the common interest privilege.  For clarity, notwithstanding the foregoing objection, AUSA does not interpret that this request seeks such material.

AUSA objects to this request on grounds that it appears to be duplicative of Request Number 50.  AUSA refers to and incorporates its objection and response to Request Number 50.

**REQUEST FOR PRODUCTION NO. 51:**

*All documents concerning Amelco's contention that it "independently" developed the SSBT without reference to information provided by ISI.*

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

AUSA objects to this request as follows:

1.      AUSA objects to this request on grounds that it appears to be propounded for no purpose other than to burden, harass, and annoy AUSA, its business partners, and customers by

FENNEMORE.
7800 Rancharrah Parkway
RENO, NEVADA 89511
(775) 788-2200

1    purporting to compel AUSA to provide an essentially limitless category of documents relating in

2    any way to gaming technology and/or AUSA's business affairs, which documents might

3    reasonably include records regarding independently-developed proprietary technology, business

4    plans and financial data, and third-party business relationships, the provision of which would

5    impose an unfair and undue burden on AUSA (and on non-parties) which would substantially

6    outweigh any likely benefit for the litigation of material issues in this case.  ISI has no colorable

7    claim to any interest in or profits of any of AUSA's technology or business dealings with third

8    parties, and therefore the facts and circumstances of the same are utterly irrelevant.

9          2.      AUSA objects to this request as vague and ambiguous to the extent it relies on the

10   phrase "concerning Amelco's contention that it independently developed the SSBT" which is

11   susceptible to multiple interpretations and which renders this request overbroad, unduly

12   burdensome, and unintelligible as drafted.

13         3.      AUSA objects to this request as vague and ambiguous to the extent it relies on the

14   defined term "Amelco," which is susceptible to multiple interpretations and which renders this

15   request unintelligible and/or overbroad.  AUSA responds to this request on its own behalf based

16   on information within its possession, custody, and control under FRCP 34, and does not purport

17   to respond on behalf of any other party or non-party to this litigation.

18         4.      AUSA objects to this request as vague, overbroad, and unduly burdensome in that

19   it purports to compel production of a broad category of documents, unlimited in time, irrespective

20   of relevance to the claims in this matter.

21         5.      AUSA objects to this request as seeking material falling outside the scope of

22   discovery under FRCP 26(b).

23         6.      AUSA objects to this request on grounds that it appears to seek documents or

24   information that consist of trade secrets or other proprietary, confidential, research, development,

25   or commercial information of AUSA that is protectable from disclosure under FRCP 26(c) or other

26   applicable law, and/or which is prohibited from disclosure by contractual obligations to third

27   parties.

28         7.      AUSA objects to this request to the extent it seeks material protected from

FENNEMORE.

7800 Rancharrah Parkway
RENO, NEVADA 89511
(775) 788-2200

disclosure by privilege or immunity, including attorney-client privilege, work product doctrine, and/or the common interest privilege.  For clarity, notwithstanding the foregoing objection, AUSA does not interpret that this request seeks such material.

Based on the foregoing specific and general objections, AUSA has no obligation to respond to this request.

**REQUEST FOR PRODUCTION NO. 52:**

*Documents sufficient to describe the development of the SSBT, including without limitation the commencement of such development, any major changes or improvements made to the SSBT, and any SSBT hardware or software actually marketed, sold, licensed, or offered for sale or license to Amelco customers.*

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

AUSA objects to this request as follows:

1.      AUSA objects to this request on grounds that it appears to be propounded for no purpose other than to burden, harass, and annoy AUSA, its business partners, and customers by purporting to compel AUSA to provide an essentially limitless category of documents relating in any way to gaming technology and/or AUSA's business affairs, which documents might reasonably include records regarding independently-developed proprietary technology, business plans and financial data, and third-party business relationships, the provision of which would impose an unfair and undue burden on AUSA (and on non-parties) which would substantially outweigh any likely benefit for the litigation of material issues in this case.  ISI has no colorable claim to any interest in or profits of any of AUSA's technology or business dealings with third parties, and therefore the facts and circumstances of the same are utterly irrelevant.

2.      AUSA objects to this request as vague and ambiguous to the extent it relies on the phrase "sufficient to describe the technical operation and function of the SSBT" which is susceptible to multiple interpretations and which renders this request overbroad, unduly burdensome, and unintelligible as drafted.

3.      AUSA objects to this request as vague, overbroad, and unduly burdensome in that it purports to compel production of a broad category of documents, unlimited in time, irrespective

FENNEMORE.

7800 Rancharrah Parkway
RENO, NEVADA 89511
(775) 788-2200

1    of relevance to the claims in this matter.

2          4.      AUSA objects to this request as seeking material falling outside the scope of

3    discovery under FRCP 26(b).

4          5.      AUSA objects to this request on grounds that it appears to seek documents or

5    information that consist of trade secrets or other proprietary, confidential, research, development,

6    or commercial information of AUSA that is protectable from disclosure under FRCP 26(c) or other

7    applicable law, and/or which is prohibited from disclosure by contractual obligations to third

8    parties.

9          6.      AUSA objects to this request to the extent it seeks material protected from

10   disclosure by privilege or immunity, including attorney-client privilege, work product doctrine,

11   and/or the common interest privilege.  For clarity, notwithstanding the foregoing objection, AUSA

12   does not interpret that this request seeks such material.

13         Based on the foregoing specific and general objections, AUSA has no obligation to respond

14   to this request.

15   **REQUEST FOR PRODUCTION NO. 53:**

16         *Documents sufficient to describe the technical operation and function of the SSBT.*

17   **RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

18   AUSA objects to this request as follows:

19         1.      AUSA objects to this request on grounds that it appears to be propounded for no

20   purpose other than to burden, harass, and annoy AUSA, its business partners, and customers by

21   purporting to compel AUSA to provide an essentially limitless category of documents relating in

22   any way to gaming technology and/or AUSA's business affairs, which documents might

23   reasonably include records regarding independently-developed proprietary technology, business

24   plans and financial data, and third-party business relationships, the provision of which would

25   impose an unfair and undue burden on AUSA (and on non-parties) which would substantially

26   outweigh any likely benefit for the litigation of material issues in this case.  ISI has no colorable

27   claim to any interest in or profits of any of AUSA's technology or business dealings with third

28   parties, and therefore the facts and circumstances of the same are utterly irrelevant.

FENNEMORE.
7800 Rancharrah Parkway
RENO, NEVADA 89511
(775) 788-2200

2.      AUSA objects to this request as vague and ambiguous to the extent it relies on the phrase "sufficient to describe the technical operation and function of the SSBT" which is susceptible to multiple interpretations and which renders this request overbroad, unduly burdensome, and unintelligible as drafted.

3.      AUSA objects to this request as vague, overbroad, and unduly burdensome in that it purports to compel production of a broad category of documents, unlimited in time, irrespective of relevance to the claims in this matter.

4.      AUSA objects to this request as seeking material falling outside the scope of discovery under FRCP 26(b).

5.      AUSA objects to this request on grounds that it appears to seek documents or information that consist of trade secrets or other proprietary, confidential, research, development, or commercial information of AUSA that is protectable from disclosure under FRCP 26(c) or other applicable law, and/or which is prohibited from disclosure by contractual obligations to third parties.

6.      AUSA objects to this request to the extent it seeks material protected from disclosure by privilege or immunity, including attorney-client privilege, work product doctrine, and/or the common interest privilege.  For clarity, notwithstanding the foregoing objection, AUSA does not interpret that this request seeks such material.

Based on the foregoing specific and general objections, AUSA has no obligation to respond to this request.

**REQUEST FOR PRODUCTION NO. 54:**

*Documents sufficient to describe all sales of hardware or software related to the SSBT in the U.S.*

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

AUSA objects to this request as follows:

1.      AUSA objects to this request on grounds that it appears to be propounded for no purpose other than to burden, harass, and annoy AUSA, its business partners, and customers by purporting to compel AUSA to provide an essentially limitless category of documents relating in

FENNEMORE.

7800 Rancharrah Parkway
RENO, NEVADA 89511
(775) 788-2200

any way to gaming technology and/or AUSA's business affairs, which documents might reasonably include records regarding independently-developed proprietary technology, business plans and financial data, and third-party business relationships, the provision of which would impose an unfair and undue burden on AUSA (and on non-parties) which would substantially outweigh any likely benefit for the litigation of material issues in this case. ISI has no colorable claim to any interest in or profits of any of AUSA's technology or business dealings with third parties, and therefore the facts and circumstances of the same are utterly irrelevant.

2.     AUSA objects to this request as vague and ambiguous to the extent it relies on the phrase "sufficient to describe all sales of hardware or software related to the SSBT in the U.S." which is susceptible to multiple interpretations and which renders this request overbroad, unduly burdensome, and unintelligible as drafted.

3.     AUSA objects to this request on grounds that it assumes and/or mischaracterizes facts.

4.     AUSA objects to this request as vague, overbroad, and unduly burdensome in that it purports to compel production of a broad category of documents, unlimited in time, irrespective of relevance to the claims in this matter.

5.     AUSA objects to this request as seeking material falling outside the scope of discovery under FRCP 26(b).

6.     AUSA objects to this request on grounds that it appears to seek documents or information that consist of trade secrets or other proprietary, confidential, research, development, or commercial information of AUSA that is protectable from disclosure under FRCP 26(c) or other applicable law, and/or which is prohibited from disclosure by contractual obligations to third parties.

7.     AUSA objects to this request to the extent it seeks material protected from disclosure by privilege or immunity, including attorney-client privilege, work product doctrine, and/or the common interest privilege. For clarity, notwithstanding the foregoing objection, AUSA does not interpret that this request seeks such material.

Based on the foregoing specific and general objections, AUSA has no obligation to respond

FENNEMORE.

7800 Rancharrah Parkway
RENO, NEVADA 89511
(775) 788-2200

1    to this request.

2    **REQUEST FOR PRODUCTION NO. 55:**

3        *Documents sufficient to describe all sales of hardware or software related to the SSBT*

4    *outside of the U.S.*

5    **RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

6    AUSA objects to this request as follows:

7        1.    AUSA objects to this request on grounds that it appears to be propounded for no

8    purpose other than to burden, harass, and annoy AUSA, its business partners, and customers by

9    purporting to compel AUSA to provide an essentially limitless category of documents relating in

10   any way to gaming technology and/or AUSA's business affairs, which documents might

11   reasonably include records regarding independently-developed proprietary technology, business

12   plans and financial data, and third-party business relationships, the provision of which would

13   impose an unfair and undue burden on AUSA (and on non-parties) which would substantially

14   outweigh any likely benefit for the litigation of material issues in this case.  ISI has no colorable

15   claim to any interest in or profits of any of AUSA's technology or business dealings with third

16   parties, and therefore the facts and circumstances of the same are utterly irrelevant.

17       2.    AUSA objects to this request as vague and ambiguous to the extent it relies on the

18   phrase "sufficient to describe all sales of hardware or software related to the SSBT outside the

19   U.S." which is susceptible to multiple interpretations and which renders this request overbroad,

20   unduly burdensome, and unintelligible as drafted.

21       3.    AUSA objects to this request on grounds that it assumes and/or mischaracterizes

22   facts.

23       4.    AUSA objects to this request as vague, overbroad, and unduly burdensome in that

24   it purports to compel production of a broad category of documents, unlimited in time, irrespective

25   of relevance to the claims in this matter.

26       5.    AUSA objects to this request as seeking material falling outside the scope of

27   discovery under FRCP 26(b).

28       6.    AUSA objects to this request on grounds that it appears to seek documents or

**FENNEMORE**

7800 Rancharrah Parkway
RENO, NEVADA 89511
(775) 788-2200

1   information that consist of trade secrets or other proprietary, confidential, research, development,

2   or commercial information of AUSA that is protectable from disclosure under FRCP 26(c) or other

3   applicable law, and/or which is prohibited from disclosure by contractual obligations to third

4   parties.

5          7.     AUSA objects to this request to the extent it seeks material protected from

6   disclosure by privilege or immunity, including attorney-client privilege, work product doctrine,

7   and/or the common interest privilege.  For clarity, notwithstanding the foregoing objection, AUSA

8   does not interpret that this request seeks such material.

9         Based on the foregoing specific and general objections, AUSA has no obligation to respond

10  to this request.

11  **REQUEST FOR PRODUCTION NO. 56:**

12       *Documents sufficient to identify all persons involved in the development of hardware or*

13  *software related to the SSBT.*

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

15  AUSA objects to this request as follows:

16         1.     AUSA objects to this request on grounds that it appears to be propounded for no

17  purpose other than to burden, harass, and annoy AUSA, its business partners, and customers by

18  purporting to compel AUSA to provide an essentially limitless category of documents relating in

19  any way to gaming technology and/or AUSA's business affairs, which documents might

20  reasonably include records regarding independently-developed proprietary technology, business

21  plans and financial data, and third-party business relationships, the provision of which would

22  impose an unfair and undue burden on AUSA (and on non-parties) which would substantially

23  outweigh any likely benefit for the litigation of material issues in this case.  ISI has no colorable

24  claim to any interest in or profits of any of AUSA's technology or business dealings with third

25  parties, and therefore the facts and circumstances of the same are utterly irrelevant.

26         2.     AUSA objects to this request as vague and ambiguous to the extent it relies on the

27  phrase "sufficient to identify all persons involved in the development of hardware or software

28  related to the SSBT" which is susceptible to multiple interpretations and which renders this request

1   overbroad, unduly burdensome, and unintelligible as drafted.

2   3.   AUSA objects to this request as vague, overbroad, and unduly burdensome in that

3   it purports to compel production of a broad category of documents, unlimited in time, irrespective

4   of relevance to the claims in this matter.

5   4.   AUSA objects to this request as seeking material falling outside the scope of

6   discovery under FRCP 26(b).

7   5.   AUSA objects to this request on grounds that it appears to seek documents or

8   information that consist of trade secrets or other proprietary, confidential, research, development,

9   or commercial information of AUSA that is protectable from disclosure under FRCP 26(c) or other

10   applicable law, and/or which is prohibited from disclosure by contractual obligations to third

11   parties.

12   6.   AUSA objects to this request to the extent it seeks material protected from

13   disclosure by privilege or immunity, including attorney-client privilege, work product doctrine,

14   and/or the common interest privilege.  For clarity, notwithstanding the foregoing objection, AUSA

15   does not interpret that this request seeks such material.

16   Based on the foregoing specific and general objections, AUSA has no obligation to respond

17   to this request.

18   **REQUEST FOR PRODUCTION NO. 57:**

19   *Documents sufficient to identify all Amelco customers that have purchased or licensed*

20   *hardware or software related to the SSBT.*

21   **RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

22   AUSA objects to this request as follows:

23   1.   AUSA objects to this request on grounds that it appears to be propounded for no

24   purpose other than to burden, harass, and annoy AUSA, its business partners, and customers by

25   purporting to compel AUSA to provide an essentially limitless category of documents relating in

26   any way to gaming technology and/or AUSA's business affairs, which documents might

27   reasonably include records regarding independently-developed proprietary technology, business

28   plans and financial data, and third-party business relationships, the provision of which would

1   impose an unfair and undue burden on AUSA (and on non-parties) which would substantially

2   outweigh any likely benefit for the litigation of material issues in this case.  ISI has no colorable

3   claim to any interest in or profits of any of AUSA's technology or business dealings with third

4   parties, and therefore the facts and circumstances of the same are utterly irrelevant.

5        2.    AUSA objects to this request as vague and ambiguous to the extent it relies on the

6   phrase "sufficient to identify all Amelso customers that have purchased or licensed hardware or

7   software related to the SSBT" which is susceptible to multiple interpretations and which renders

8   this request overbroad, unduly burdensome, and unintelligible as drafted.

9        3.    AUSA objects to this request on grounds that it assumes and/or mischaracterizes

10   facts.

11        4.    AUSA objects to this request as vague and ambiguous to the extent it relies on the

12   defined term "Amelco," which is susceptible to multiple interpretations and which renders this

13   request unintelligible and/or overbroad.  AUSA responds to this request on its own behalf based

14   on information within its possession, custody, and control under FRCP 34, and does not purport

15   to respond on behalf of any other party or non-party to this litigation.

16        5.    AUSA objects to this request as vague, overbroad, and unduly burdensome in that

17   it purports to compel production of a broad category of documents, unlimited in time, irrespective

18   of relevance to the claims in this matter.

19        6.    AUSA objects to this request as seeking material falling outside the scope of

20   discovery under FRCP 26(b).

21        7.    AUSA objects to this request on grounds that it appears to seek documents or

22   information that consist of trade secrets or other proprietary, confidential, research, development,

23   or commercial information of AUSA that is protectable from disclosure under FRCP 26(c) or other

24   applicable law, and/or which is prohibited from disclosure by contractual obligations to third

25   parties.

26        8.    AUSA objects to this request to the extent it seeks material protected from

27   disclosure by privilege or immunity, including attorney-client privilege, work product doctrine,

28   and/or the common interest privilege.  For clarity, notwithstanding the foregoing objection, AUSA

FENNEMORE.

7800 Rancharrah Parkway
RENO, NEVADA 89511
(775) 788-2200

1   does not interpret that this request seeks such material.

2         Based on the foregoing specific and general objections, AUSA has no obligation to respond

3   to this request.

4   **REQUEST FOR PRODUCTION NO. 58:**

5         *Documents sufficient to show the amounts paid by Amelco customers that have purchased*

6   *or licensed hardware or software related to the SSBT.*

7   **RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

8   AUSA objects to this request as follows:

9         1.     AUSA objects to this request on grounds that it appears to be propounded for no

10  purpose other than to burden, harass, and annoy AUSA, its business partners, and customers by

11  purporting to compel AUSA to provide an essentially limitless category of documents relating in

12  any way to gaming technology and/or AUSA's business affairs, which documents might

13  reasonably include records regarding independently-developed proprietary technology, business

14  plans and financial data, and third-party business relationships, the provision of which would

15  impose an unfair and undue burden on AUSA (and on non-parties) which would substantially

16  outweigh any likely benefit for the litigation of material issues in this case.  ISI has no colorable

17  claim to any interest in or profits of any of AUSA's technology or business dealings with third

18  parties, and therefore the facts and circumstances of the same are utterly irrelevant.

19        2.     AUSA objects to this request as vague and ambiguous to the extent it relies on the

20  phrase "sufficient to show the amounts paid by Amelco customers that have purchased or licensed

21  hardware or software related to the SSBT" which is susceptible to multiple interpretations and

22  which renders this request overbroad, unduly burdensome, and unintelligible as drafted.

23        3.     AUSA objects to this request on grounds that it assumes and/or mischaracterizes

24  facts.

25        4.     AUSA objects to this request as vague and ambiguous to the extent it relies on the

26  defined term "Amelco," which is susceptible to multiple interpretations and which renders this

27  request unintelligible and/or overbroad.  AUSA responds to this request on its own behalf based

28  on information within its possession, custody, and control under FRCP 34, and does not purport

**FENNEMORE.**

7800 Rancharrah Parkway
RENO, NEVADA 89511
(775) 788-2200

1  to respond on behalf of any other party or non-party to this litigation.

2        5.      AUSA objects to this request as vague, overbroad, and unduly burdensome in that

3  it purports to compel production of a broad category of documents, unlimited in time, irrespective

4  of relevance to the claims in this matter.

5        6.      AUSA objects to this request as seeking material falling outside the scope of

6  discovery under FRCP 26(b).

7        7.      AUSA objects to this request on grounds that it appears to seek documents or

8  information that consist of trade secrets or other proprietary, confidential, research, development,

9  or commercial information of AUSA that is protectable from disclosure under FRCP 26(c) or other

10  applicable law, and/or which is prohibited from disclosure by contractual obligations to third

11  parties.

12        8.      AUSA objects to this request to the extent it seeks material protected from

13  disclosure by privilege or immunity, including attorney-client privilege, work product doctrine,

14  and/or the common interest privilege.  For clarity, notwithstanding the foregoing objection, AUSA

15  does not interpret that this request seeks such material.

16        Based on the foregoing specific and general objections, AUSA has no obligation to respond

17  to this request.

18  **REQUEST FOR PRODUCTION NO. 59:**

19        *Documents sufficient to identify all Amelco customers that have purchased or licensed*

20  *hardware or software related to any retail gaming or gambling kiosk or other retail gaming or*

21  *gambling solution in the US market (other than the SSBT).*

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

23  AUSA objects to this request as follows:

24        1.      AUSA objects to this request on grounds that it appears to be propounded for no

25  purpose other than to burden, harass, and annoy AUSA, its business partners, and customers by

26  purporting to compel AUSA to provide an essentially limitless category of documents relating in

27  any way to gaming technology and/or AUSA's business affairs, which documents might

28  reasonably include records regarding independently-developed proprietary technology, business

FENNEMORE.

7800 Rancharrah Parkway
RENO, NEVADA 89511
(775) 788-2200

1    plans and financial data, and third-party business relationships, the provision of which would

2    impose an unfair and undue burden on AUSA (and on non-parties) which would substantially

3    outweigh any likely benefit for the litigation of material issues in this case.  ISI has no colorable

4    claim to any interest in or profits of any of AUSA's technology or business dealings with third

5    parties, and therefore the facts and circumstances of the same are utterly irrelevant.

6          2.      AUSA objects to this request as vague and ambiguous to the extent it relies on the

7    phrase "sufficient to identify all Amelco customers that have purchased or licensed hardware or

8    software related to any retail gaming or gambling kiosk or other retail gaming or gambling solution

9    in the US market (other than the SSBT)" which is susceptible to multiple interpretations and which

10   renders this request overbroad, unduly burdensome, and unintelligible as drafted.

11         3.      AUSA objects to this request on grounds that it assumes and/or mischaracterizes

12   facts.

13         4.      AUSA objects to this request as vague and ambiguous to the extent it relies on the

14   defined term "Amelco," which is susceptible to multiple interpretations and which renders this

15   request unintelligible and/or overbroad.  AUSA responds to this request on its own behalf based

16   on information within its possession, custody, and control under FRCP 34, and does not purport

17   to respond on behalf of any other party or non-party to this litigation.

18         5.      AUSA objects to this request as vague, overbroad, and unduly burdensome in that

19   it purports to compel production of a broad category of documents, unlimited in time, irrespective

20   of relevance to the claims in this matter.

21         6.      AUSA objects to this request as seeking material falling outside the scope of

22   discovery under FRCP 26(b).

23         7.      AUSA objects to this request on grounds that it appears to seek documents or

24   information that consist of trade secrets or other proprietary, confidential, research, development,

25   or commercial information of AUSA that is protectable from disclosure under FRCP 26(c) or other

26   applicable law, and/or which is prohibited from disclosure by contractual obligations to third

27   parties.

28         8.      AUSA objects to this request to the extent it seeks material protected from

FENNEMORE.

7800 Rancharrah Parkway
RENO, NEVADA 89511
(775) 788-2200

1   disclosure by privilege or immunity, including attorney-client privilege, work product doctrine,

2   and/or the common interest privilege.  For clarity, notwithstanding the foregoing objection, AUSA

3   does not interpret that this request seeks such material.

4         Based on the foregoing specific and general objections, AUSA has no obligation to respond

5   to this request.

6   **REQUEST FOR PRODUCTION NO. 60:**

7         *Documents sufficient to show the amounts paid by Amelco customers that have purchased*

8   *or licensed hardware or software related to any retail gaming or gambling kiosk or other retail*

9   *gaming or gambling solution in the US market (other than the SSBT).*

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

11  AUSA objects to this request as follows:

12        1.      AUSA objects to this request on grounds that it appears to be propounded for no

13  purpose other than to burden, harass, and annoy AUSA, its business partners, and customers by

14  purporting to compel AUSA to provide an essentially limitless category of documents relating in

15  any way to gaming technology and/or AUSA's business affairs, which documents might

16  reasonably include records regarding independently-developed proprietary technology, business

17  plans and financial data, and third-party business relationships, the provision of which would

18  impose an unfair and undue burden on AUSA (and on non-parties) which would substantially

19  outweigh any likely benefit for the litigation of material issues in this case.  ISI has no colorable

20  claim to any interest in or profits of any of AUSA's technology or business dealings with third

21  parties, and therefore the facts and circumstances of the same are utterly irrelevant.

22        2.      AUSA objects to this request as vague and ambiguous to the extent it relies on the

23  phrase "sufficient to show the amounts paid by Amelco customers that have purchased or licensed

24  hardware or software related to any retail gaming or gambling kiosk or other retail gaming or

25  gambling solution in the US market (other than the SSBT)" which is susceptible to multiple

26  interpretations and which renders this request overbroad, unduly burdensome, and unintelligible

27  as drafted.

28        3.      AUSA objects to this request on grounds that it assumes and/or mischaracterizes

FENNEMORE.

7800 Rancharrah Parkway
RENO, NEVADA 89511
(775) 788-2200

1   facts.

2       4.    AUSA objects to this request as vague and ambiguous to the extent it relies on the

3   defined term "Amelco," which is susceptible to multiple interpretations and which renders this

4   request unintelligible and/or overbroad.  AUSA responds to this request on its own behalf based

5   on information within its possession, custody, and control under FRCP 34, and does not purport

6   to respond on behalf of any other party or non-party to this litigation.

7       5.    AUSA objects to this request as vague, overbroad, and unduly burdensome in that

8   it purports to compel production of a broad category of documents, unlimited in time, irrespective

9   of relevance to the claims in this matter.

10       6.    AUSA objects to this request as seeking material falling outside the scope of

11   discovery under FRCP 26(b).

12       7.    AUSA objects to this request on grounds that it appears to seek documents or

13   information that consist of trade secrets or other proprietary, confidential, research, development,

14   or commercial information of AUSA that is protectable from disclosure under FRCP 26(c) or other

15   applicable law, and/or which is prohibited from disclosure by contractual obligations to third

16   parties.

17       8.    AUSA objects to this request to the extent it seeks material protected from

18   disclosure by privilege or immunity, including attorney-client privilege, work product doctrine,

19   and/or the common interest privilege.  For clarity, notwithstanding the foregoing objection, AUSA

20   does not interpret that this request seeks such material.

21       Based on the foregoing specific and general objections, AUSA has no obligation to respond

22   to this request.

23   **REQUEST FOR PRODUCTION NO. 61:**

24       *All Documents or Communications exchanged between Amelco and any third party*

25   *concerning ISI.*

26   **RESPONSE TO REQUEST FOR PRODUCTION NO. 61**

27   AUSA objects to this request as follows:

28       1.    AUSA objects to this request as vague and ambiguous to the extent it relies on the

FENNEMORE.

7800 Rancharrah Parkway
RENO, NEVADA 89511
(775) 788-2200

1    phrase "concerning ISI," which is susceptible to multiple interpretations and which renders this

2    request overbroad, unduly burdensome, and unintelligible as drafted.

3         2.      AUSA objects to this request as vague and ambiguous to the extent it relies on the

4    defined term "Amelco," which is susceptible to multiple interpretations and which renders this

5    request unintelligible and/or overbroad.  AUSA responds to this request on its own behalf based

6    on information within its possession, custody, and control under FRCP 34, and does not purport

7    to respond on behalf of any other party or non-party to this litigation.

8         3.      AUSA objects to this request as overbroad and unduly burdensome in that it

9    purports to compel production of a broad category of documents, unlimited in time and scope,

10   irrespective of relevance to the claims in this matter.

11        4.      AUSA objects to this request as seeking material falling outside the scope of

12   discovery under FRCP 26(b).

13        5.      AUSA objects to this request to the extent it seeks documents or information that

14   consist of trade secrets or other proprietary, confidential, research, development, or commercial

15   information of AUSA that is protectable from disclosure under FRCP 26(c) or other applicable

16   law, and/or which is prohibited from disclosure by contractual obligations to third parties.  For

17   clarity, notwithstanding the foregoing objection, AUSA does not interpret that this request seeks

18   such material.

19        6.      AUSA objects to this request to the extent it seeks material protected from

20   disclosure by privilege or immunity, including attorney-client privilege, work product doctrine,

21   and/or the common interest privilege.  For clarity, notwithstanding the foregoing objection, AUSA

22   does not interpret that this request seeks such material.

23        Subject to, and without waiving the foregoing general and specific objections, and to the

24   extent AUSA is able to understand this request, AUSA states that it has produced or will produce

25   non-privileged, responsive documents in its possession, custody, or control that are relevant to the

26   claims at issue in this case as AUSA understands them and which are proportional to the needs of

27   the case.  Discovery and AUSA's investigation of the claims and defenses in this matter are ongoing

28   and AUSA reserves the right to supplement or amend its response to this request as and when

1  appropriate.

2  **REQUEST FOR PRODUCTION NO. 62:**

3      *All Documents or Communications that Amelco intends to rely on to support any claim or*

4  *defense in this matter.*

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

6  AUSA objects to this request as follows:

7      1.      AUSA objects to this request to the extent it purports to impose a burden on AUSA

8  to identify all pieces of evidence which might support its contentions and defenses at this stage of

9  the case.  Discovery is in its early stages and AUSA's investigation of the claims and defenses in

10 this matter are ongoing.

11     2.      AUSA objects to this request to the extent it purports to impose any obligation on

12 AUSA that is different from or additional to the mandatory early case and pretrial disclosure

13 obligations imposed under the Federal Rules of Civil Procedure.

14     Subject to, and without waiving, the foregoing specific and general objections, AUSA

15 states that it has disclosed or will disclose all documents on which it intends to rely to support its

16 claims or defenses in this matter in accordance with the mandatory early case and pretrial

17 disclosure obligations imposed under the Federal Rules of Civil Procedure.

18     DATED:  December 4, 2023

19                                      **FENNEMORE CRAIG, P.C.**

20                                      By: _____
21                                          John D. Tennert III (Nev. Bar No. 11728)
                                            Wade Beavers (Nev. Bar No. 13451)
22                                          MaryJo E. Smart (Nev. Bar No. 16139)
                                            7800 Rancharrah Parkway
23                                          Reno, NV 89511

24                                          *Attorneys for Amelco UK, Ltd., and Amelco*
                                            *USA LLC*
25

26

27

28

FENNEMORE.
7800 Rancharrah Parkway
RENO, NEVADA 89511
(775) 788-2200

1

## **CERTIFICATE OF SERVICE**

2      I hereby certify that I am an employee of FENNEMORE CRAIG, P.C., and that on this

3  date, a true and correct copy of the foregoing **DEFENDANT AMELCO USA, LLC'S**

4  **OBJECTIONS  AND  RESPONSES  TO  PLAINTIFF  INTERNET  SPORTS**

5  **INTERNATIONAL, LTD'S AMENDED FIRST SET OF REQUESTS FOR PRODUCTION**

6  **OF DOCUMENTS TO AMELCO USA, LLC** was served via electronic mail, with a copy

7  deposited for delivery via U.S. mail, to the following attorneys associated with this case:

8      Robert M. Manley
       Travis E. DeArman
9      Alfonso Chan
       Patrick Pijls
10     **MCKOOL SMITH, PC**
       300 Crescent Court, Suite 1500
11     Dallas, TX 75201
       Tel: (214) 978-4000
12     Fax: (214) 978-4044
       rmanley@mckoolsmith.com
13     tdearman@mckoolsmith.com
       achan@mckoolsmith.com
14     ppijls@mckoolsmith.com

15     J Christopher Jorgensen
       **LEWIS ROCA ROTHGERBER CHRISTIE, LLP**
16     3993 Howard Hughes Parkway, Suite 600
       Las Vegas, NV 89169
17     Tel: (702) 949-8200
       Fax: (702) 949-8398
18     cjorgensen@lewisroca.com

19     Attorneys for Internet Sports International, Ltd.

20     Dated: December 4, 2023.

21

22

23                                    _____
                                       Employee of Fennemore Craig, P.C.

24

25

26

27

28



7800 Rancharrah Parkway
RENO, NEVADA 89511
(775) 788-2200

79