John D. Tennert, III, NV Bar No. 11728
Therese M. Shanks, NV Bar No. 12890
Wade Beavers, NV Bar No. 13451
MaryJo E. Smart, NV Bar No. 16139
**FENNEMORE CRAIG, P.C.**
7800 Rancharrah Parkway
Reno, NV  89511
Telephone:	(775) 788-2200
Facsimile:	(775) 788-2279
jtennert@fennemorelaw.com
tshanks@fennemorelaw.com
wbeavers@fennermorelaw.com
msmart@fennemorelaw.com

*Attorneys for Defendants Amelco UK Ltd.
and Amelco USA, LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| INTERNET SPORTS INTERNATIONAL, LTD.,<br><br>            Plaintiff,<br>vs.<br><br>AMELCO USA, LLC. et al.,<br><br>            Defendants. | CASE NO. 2:23-cv-00893-ART-NJK<br><br>**OPPOSITION TO PLAINTIFF ISI'S MOTION TO MODIFY SCHEDULING ORDER** |

Defendants Amelco USA, LLC ("AUSA") and Amelco UK, Ltd. ("AUK") hereby oppose Plaintiff Internet Sports International, Ltd.'s ("ISI") Motion to Modify Scheduling Order filed on January 27, 2024.  This opposition is based on the below memorandum of points and authorities, the exhibits and papers on file, and any argument the Court may direct at hearing.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.	INTRODUCTION**

On January 23, 2024, the parties submitted a Joint Motion to Modify Scheduling Order ("Joint Motion").  *See* Joint Motion to Modify Scheduling Order (ECF No. 75).  In that motion, signed by counsel pursuant to Federal Rules of Civil Procedure, Rule 11, the parties' submitted to this Court that "[g]ood cause exists for the requested [e]xtension," that "***[a]ll Parties are diligently***

*prosecuting their claims or defenses*," that the parties "focused their efforts on mediation over the past 60 days," that the parties "refrained from taking depositions prior to mediation," and that the parties "***do not seek delay for their own sake, but jointly request an extension in good faith so that they may pursue the just and efficient resolution to this dispute***." *See id.* at pp. 2:18-22, 4:9-20 (emphasis added).

Now, after the Court denied the Joint Motion for lack of a showing of good cause, and without conferring with AUSA or AUK, ISI self-servingly and individually moves this Court to modify the scheduling order for no reason other than "it's all their fault." ISI apparently seeks to withdraw its prior certification to this Court made in the Joint Motion—that ISI's counsel drafted—that both parties "are diligently prosecuting their claims and defenses" to now argue its belief that only *it* has diligently pursued its case. ISI claims that it now "regrets pursuing an agreed motion for extension" and seeks to retract its prior certifications to this Court. Would ISI have "regretted" pursuing a joint motion if the Court had granted it? ISI's apparent lack of candor with the Court and with AUSA and AUK is regrettable.

If ISI had informed AUSA and AUK that ISI's representations in the Joint Motion were false (in ISI's opinion), AUSA and AUK would not have agreed to sign ISI's Joint Motion. At no time before it filed its unilateral motion to modify did ISI inform AUSA's and AUK's counsel that ISI believed that Defendants' "delay" was grounds to modify the scheduling order. AUSA and AUK stand by their representations made in the Joint Motion and will respectfully comply with the Court's Scheduling Order.

Although AUSA and AUK do not oppose the Court's granting of a modified scheduling order for the reasons stated in the Joint Motion, AUSA and AUK are compelled to respond to ISI's instant Motion to Modify Scheduling Order which is filled with mischaracterizations of purported "fact" and the "record" according to ISI. ISI's motion provides this Court with no more grounds for support than that previously provided via the Joint Motion.[1] *See* Order (ECF No. 76). Notably absent from ISI's motion is any explanation as to why the subject deadlines which are

---

[1] AUSA and AUK expressly dispute each of the mischaracterizations of fact presented by ISI in its Motion to Modify Scheduling Order.

months away cannot be met. Instead, ISI apparently seeks reconsideration of the Court's ruling on the Joint Motion and attempts to use its motion as an inappropriate vehicle to litigate various discovery disputes.

## II.   ARGUMENT

The question before the Court in determining whether to grant or deny a request to modify a scheduling order is whether the movant has established good cause, i.e., the subject deadlines cannot reasonably be met despite the exercise of diligence. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Courts look to the entire period of time already allowed in determining good cause. *See Muniz v. United Parcel Serv., Inc.*, 731 F. Supp. 2d 961, 967 (N.D. Cal. 2010) ("[N]ot only must parties participate from the outset in creating a workable Rule 16 scheduling order but they must also diligently attempt to adhere to that schedule throughout the subsequent course of the litigation.")

Neither AUSA nor AUK has intentionally obstructed or delayed in the discovery process. In fact, the parties have previously agreed—and submit to this Court—that all parties are diligently prosecuting their claims or defenses in this matter and do not seek delay for their own sake. *See* Joint Motion to Modify Scheduling Order (ECF No. 75), at pp. 2:18-22, 4:9-20. However, now, ISI has apparently changed its mind. In its Motion to Modify Scheduling Order, ISI piecemeals together an inaccurate "record," the majority of which references conduct only from October 20, 2023 to present, when in reality this case has been pending for over a year before that date. ISI argues that good cause exists because ISI has pursued discovery with diligence, but AUSA and AUK have not, as AUSA and AUK allegedly delayed in executing a protective order and objected to written discovery on grounds of which ISI disagrees. First, the fact that the parties entered into a protective order about a month after a draft was circulated among them hardly amounts to a delay necessitating the modification of the scheduling order, especially in light of the fact that the parties had been litigating this case for about a year before any protective order was discussed and ISI does not even allege the lack of a protective order hindered discovery in any way.

//

Second, AUSA and AUK timely responded to ISI's written discovery on December 4, 2023.[2] ISI's entirely overbroad requests for production of documents and the objections asserted thereto and preserved by AUSA and AUK are currently the subject of a motion to compel pending before this Court, which AUSA and AUK need not discuss here. ISI's assertion that it has shown diligence because it responded to AUSA and AUK's written discovery responses within thirty minutes of service is questionable considering the number of requests, the length of the responses, and the detail of the objections. Regardless, both parties engaged in meet and confer efforts and those efforts hardly show a lack of diligence by AUSA or AUK.

ISI repeatedly mentions that it has produced thousands of *pages* of documents in this case as a basis to argue that only it has "diligently" pursued discovery. ISI hides the fact it only recently produced limited documents in September 2023 (almost a year after it filed this lawsuit) and those documents consisted almost entirely of communications between the parties (which were already in possession of all parties). It was not until Friday, January 26, 2024 at 6:17 PM that ISI produced the thousands of pages of documents that it references in its motion. ISI then filed its instant motion on Saturday, January 27, 2024 touting this last minute disclosure as evidence of its purported "diligence" in pursuing this case. ISI produced another batch of documents on January 30, 2024. ISI then concedes that it has not completed responding to AUSA's and AUK's discovery requests and intends to amend and supplement at a later date. It is noteworthy that ISI's production of documents were made *after* the failed mediation, *after* the Court denied the Joint Motion, and on the eve of filing its unilateral motion to modify. ISI's last minute and transparent attempt to manufacture is purported diligence to contrast its allegations of AUSA's and AUK's delay is not "good cause" to modify the scheduling order.

In ISI's bid to convince this Court that AUSA and AUK have obstructed and delayed, ISI fails to mention that it waited almost over a year after filing the lawsuit, and after the deadline to seek leave to amend, to file a motion for leave to file its First Amended Complaint (ECF No. 24). After filing its First Amended Complaint, ISI changed counsel and filed its Second Amended

---

[2] AUSA and AUK disagree with ISI's characterization of the alleged "agreement" to conditions regarding an extension of AUSA and AUK's deadline to respond to ISI's written discovery.

Complaint on November 24, 2023 (ECF No. 70). ISI's Second Amended Complaint contained substantial and material changes to its prior complaints in addition to several new claims and legal theories that needlessly expanded this lawsuit. AUSA and AUK filed their Answers on December 13, 2023 (ECF Nos. 73 and 74). After that, that parties agreed to attempt mediation.

Regarding mediation, in an effort to avoid incurring additional costs and in an attempt to resolve this matter before a neutral mediator, **both parties** agreed to mediate on January 19, 2024. Both parties also agreed to refrain from taking third party depositions the week of the mediation. Mediation turned out to be unsuccessful in resolving the lawsuit, however, the effort to mediate was not in an attempt to "extract additional delay," but rather, was a good faith effort to settle this lawsuit. This is not the first time that ISI has inappropriately sought to wield its own desire to attempt mediation as vehicle to accuse AUSA and AUK of delay. The Court may recall that in September 2023, ISI argued that "*it* has been diligently pursuing the possibility of mediation" as an excuse to support its untimely motion to extend the deadline to file a motion to amend its pleadings. *See* Pl.'s Reply In Support of Motion for an Extension of Time (ECF No. 27). ISI's insistence of repeatedly injecting its own characterizations of the parties' settlement and mediation discussions in the public record appears purposeful and in violation of NRS 48.105. The Court should disregard and strike ISI's counsel's improper characterizations of the parties' settlement and mediation discussions.

Notwithstanding the fact that ISI has chosen to unilaterally file the instant motion without meeting and conferring with AUSA or AUK, AUSA and AUK remain willing to confer with ISI in the future if good cause exists to request modification of the scheduling order.

### III.   CONCLUSION

In accordance with the foregoing, AUSA and AUK do not oppose the request to modify the Court's scheduling order for those reasons stated in the Joint Motion, but explicitly dispute each of the mischaracterizations of the record presented by ISI in its motion. To the extent ISI seeks reconsideration of the Court's Order denying the Joint Motion, AUSA and AUK respect the

/ / /

/ / /

Court's order and will comply with the Court's Scheduling Order.

DATED: February 10, 2024.

**FENNEMORE CRAIG, P.C.**

By: _/s/ John D. Tennert_____
John D. Tennert, III, NV Bar No. 11728
Therese M. Shanks, NV Bar No. 12890
Wade Beavers, NV Bar No. 13451
MaryJo E. Smart, NV Bar No. 16139

*Attorneys for Defendants Amelco UK Ltd. and Amelco USA, LLC*

# CERTIFICATE OF SERVICE

I certify that I am an employee of FENNEMORE CRAIG, P.C., and that on this date, pursuant to FRCP 5(b), I am serving a true and correct copy of the **OPPOSITION TO PLAINTIFF ISI'S MOTION TO MODIFY SCHEDULING ORDER** on the parties set forth below by:

| | |
|---|---|
| _____ | Hand delivery at parties' 16.1 conference |
| _____ | Placing an original or true copy thereof in a sealed envelope placed for collection and mailing in the United States Mail, at Reno, Nevada, postage prepaid, following ordinary business practices |
| _____ | Certified Mail, Return Receipt Requested |
| _____ | Via email, per the parties' agreement |
| _____ | Placing an original or true copy thereof in a sealed envelope and causing the same to be personally Hand Delivered |
| _____ | Federal Express (or other overnight delivery) |
| __XX__ | E-service effected by CM/ECF |

addressed as follows:

| | |
|---|---|
| J. Christopher Jorgensen, Esq.<br>**Lewis Roca Rothgerber Christie LLP**<br>3993 Howard Hughes Parkway<br>Suite 600<br>Las Vegas, NV 89169<br>cjorgensen@lewisroca.com<br>*Attorney for Plaintiff* | Robert Manley, Esq.<br>Travis E. DeArman, Esq.<br>Patrick Pijls, Esq.<br>**McKool Smith, PC**<br>300 Crescent Court, Suite 1500<br>Dallas, Texas 75201<br>rmanley@mckoolsmith.com<br>tdearman@mckoolsmith.com<br>achan@mckoolsmith.com<br>ppijls@mckoolsmith.com<br>*Attorneys for Plaintiff* |

DATED: February 10, 2024.

/s/ *Shawna Charleton*
Employee of FENNEMORE CRAIG, P.C.