1  Robert M. Manley (*pro hac vice*)
   Travis E. DeArman (*pro hac vice*)
2  Patrick Pijls (*pro hac vice*)
   **MCKOOL SMITH, PC**
3  300 Crescent Court, Suite 1500
   Dallas, TX 75201
4  Tel: (214) 978-4000
   Fax: (214) 978-4044
5  rmanley@mckoolsmith.com
   tdearman@mckoolsmith.com
6  ppijls@mckoolsmith.com

7
   J Christopher Jorgensen (Nevada Bar No. 5382)
8  **LEWIS ROCA ROTHGERBER CHRISTIE, LLP**
   3993 Howard Hughes Parkway, Suite 600
9  Las Vegas, NV 89169
   Tel: (702) 949-8200
10 Fax: (702) 949-8398
   cjorgensen@lewisroca.com
11
   Internet Sports International, Ltd.
12

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| Internet Sports International, Ltd., | Case No.: 2:23-cv-00893-ART-NJK |
| Plaintiff, | **PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION TO MODIFY THE SCHEDULING ORDER** |
| v. | |
| Amelco USA, LLC. et al., | |
| Defendants. | |

Plaintiff Internet Sports International, Ltd. ("ISI") files this reply in support of its motion to modify the scheduling order.[1]

**I.   INTRODUCTION AND SUMMARY.**

<u>Defendants do not oppose the extension requested by ISI.</u>[2] In view of this non-opposition and the good cause shown in the motion and below, the Court should grant the requested extension.

---

[1] ECF No. 78 (motion) ECF No. 58 (scheduling order).

Despite their non-opposition, Defendants filed a response denying that they delayed and obstructed discovery (ECF. No. 84). Defendants' arguments are meritless and belied by the contemporaneous record incorporated in ISI's motion (ECF. No. 78-1 through 78-18). Defendants' delay, in turn, provides good cause for extending the pretrial deadlines. To do otherwise would reward Defendants' misconduct and punish ISI for its efforts to compromise.

Accordingly, and for the reasons stated below and in ISI's motion (ECF No. 78), ISI requests that the Court extend the pretrial deadlines in this case as follows:

| Event | Current Deadline | Proposed Amended Deadline |
| --- | --- | --- |
| Initial Experts | April 11, 2024 | July 11, 2024 |
| Rebuttal Experts | May 9, 2024 | August 1, 2024 |
| Discovery Cut-Off | May 23, 2024 | August 15, 2024 |
| Dispositive Motions | June 13, 2024 | September 5, 2024 |
| Joint Proposed Pretrial Order | July 11, 2024 or 30 days after resolution of dispositive motions, whichever dates comes sooner | October 3, 2024, or 30 days after resolution of dispositive motions, whichever dates comes sooner |

## II.   ARGUMENT AND AUTHORITIES.

### A.   ISI tried to resolve this issue without involving the Court, including by filing an agreed motion.

Defendants fault ISI for trying to resolve this issue without involving the Court, despite Defendants' delay and obstruction. Specifically, Defendants cite the joint motion and statement that the "[p]arties are diligently prosecuting their claims or defenses," and the parties "do not seek delay for their own sake, but jointly request an extension in good faith so that they may pursue the just and efficient resolution to this dispute."[3] Defendants spin ISI's efforts at cooperation and these statements as an "apparent lack of candor." This is false.

ISI filed the joint motion after trying for months to secure discovery. Those negotiations are documented in the contemporaneous record attached to ISI's motion. That record shows three

---

[2] ECF. No. 85 at 5.
[3] ECF No. 75 at 2, 4.

things: (1) ISI made every reasonable effort to compromise and move discovery forward; (2) Defendants delayed at every turn; <u>but</u> (3) Defendants finally agreed to cooperate in extending the pretrial deadlines. *See* ECF No. 78 at 4-10 (compiling record evidence).

Defendants' conduct left ISI with a Hobson's choice: ISI could file its own motion, including the full factual record establishing Defendants' delay. However, this would guarantee Defendants' opposition (as shown by its response). Defendants' opposition, in turn, would cause weeks of additional delay (at minimum, given the Court's busy docket). Alternatively, ISI could present an admittedly truncated set of facts, but one that Defendants would not oppose.

ISI chose the second option, filing an agreed motion. ISI hoped (naively it turns out) that Defendants would reassess their maximalist positions and refusal to participate in discovery. Again, hindsight shows that ISI should have immediately moved to compel discovery and to extend the schedule in December of 2023 (before mediation, and even at the cost of Defendants canceling mediation); ISI certainly should have forgone an agreed motion in favor of exposing Defendants' delay.

ISI regrets falling for Defendants' delay tactics. But Defendants' attempt to use ISI's willingness to compromise as a pretext to prevent an extension has no basis in the record or law. To the contrary, Defendants' complaints only highlight the reasons the Court should grant extension. *See*, *e.g.*, *Mason v. Texaco, Inc.*, No. CIV. A. 87-1337-T, 1989 WL 78178, at *3 (D. Kan. June 19, 1989) ("Courts are for the purpose of doing justice, not rewarding legal tactics which inhibit justice."); *Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1219 (9th Cir. 2018) ("The discovery process in theory should be cooperative and largely unsupervised by the district court.").

**B.      An extension is necessary because Defendants delayed and obstructed discovery.**

In its brief, Defendants argue "[n]otably absent from ISI's motion is any explanation as to why the subject deadlines which are months away cannot be met." That argument is meritless.

<u>Opening expert reports are due on April 11, 2024</u>. That deadline is less than two months away. However:

- <u>Defendants produced no documents until yesterday (February 13)</u>. Defendants began production only after Plaintiffs filed a motion to compel. Defendants have so-far refused to indicate in meaningful detail what their production includes (or excludes) or how it relates to the parties remaining disputes.[4] ISI is reviewing the production. However, it remains clear that Defendants' production is not complete and will not be complete for some time.

- <u>Defendants refuse to respond to interrogatories, in direct violation of their promises</u>. ISI tried to negotiate over Defendants' refusal to answer interrogatories. This included a series of teleconferences and an in-person conference on January 31, 2024.[5] On February 2, Defendants' counsel committed "to supplement the interrogatories next week"—*i.e.* on or before February 9. Defendants then ignored the self-imposed deadline, and refused even to identify the responses that they intend to supplement.[6] Absent a change, Defendants' behavior will force ISI to bring additional motions to the Court.

- <u>Defendants are delaying depositions</u>. ISI has taken one deposition in this case, of Amelco US's former President—a third party who committed to a deposition before being represented by Defendants' counsel. Amelco has failed to provide dates for any other witnesses, including its current employees and former employees represented by Defendants' counsel.

Even with Defendants finally *beginning* production, Defendants will not complete their production for weeks and likely not until they face a Court order(s). Defendants have shown the same obstruction with their non-responses to interrogatories. This obstruction, in turn, delays depositions by denying ISI the evidence needed to conduct a thorough deposition of Amelco's witnesses. In fact, for the one witness that has been deposed, Defendants' counsel produced documents (on behalf of third party, not Defendants) the night before the deposition. That

---

[4] Ex. 2 (Feb. 14, 2024 email exchange between T. DeArman and J. Tennert).
[5] Ex. 1 at 7 (Feb. 2, 2024 email from J. Tennert to T. DeArman, committing Defendants to "supplement the interrogatories next week").
[6] Ex. 1 at 1 (Feb. 9 and Feb. 13, 2024 emails from T. DeArman to J. Tennert, inquiring concerning Defendants' delinquent interrogatory responses).

document dump was particularly surprising given that the witness had previously confirmed that he lacked any documents.

ISI presently believes it will need deposition testimony from 13 to 16 non-expert witnesses, in addition to presenting ISI witnesses.

In this context, Defendants' arguments are not serious. The parties cannot reasonably complete document production—which Defendants only just started; obtain acceptable interrogatory responses; and conduct fact depositions in time to provide comprehensive expert reports on April 11 (or meet the other pre-trial deadlines in this case). Defendants tacitly concede this point, in <u>not opposing the relief request in ISI's motion</u>.

### C. Defendants' brief further misstates the record and misinterprets the law.

The record establishing Defendants' delay and obstruction of discovery is attached to Plaintiffs' motion. Those *contemporaneous* documents speak louder than any brief. Defendants cannot dispute the record, so they deflect, misstate the facts, and misinterpret the law.

#### 1. The Court should ignore Defendants' meritless deflections.

Defendants try to deflect attention away from their delay by arguing that the case was pending for "about a year" before the parties began pursuing discovery in earnest, and that ISI is responsible for delay during that time. The facts contradict Defendants' argument. For example, Defendant Amelco UK refused to cooperate with service, forcing ISI to invoke the Hague Convention.[7] As the Court is aware, this process causes extreme delay, and Defendants thereby prevented service on Amelco UK until May 2023.[8] After being served, Amelco UK removed the case to federal court (effectively re-starting these proceedings).[9] Amelco UK then wasted time opposing the amendment of the complaint and challenging jurisdiction, only to abandon both efforts.[10] In sum, Defendants' delay extends back to the beginning of the case.

Regardless, the motion before the Court concerns ISI's discovery propounded in October 2023, and Defendants' delay and obstruction of that discovery over the past four months.

---

[7] *See* ECF. No. 1-3 (confirming Hague service).
[8] *Id.*
[9] ECF No. 1.
[10] ECF No. 2 (motion to dismiss for lack of personal jurisdiction); ECF. No. 69 (order granting motion for leave to amend, after Defendants submitted no brief in opposition); ECF. Nos 73 and 74 (Defendants' answers to the second amended complaint).

Defendants again deflect from their failings by casting aspersions at Plaintiffs' production. Defendants cannot escape the undisputed facts, however:

1) Defendants produced <u>zero</u> documents until yesterday. Defendants also failed to state in any detail what (if anything) is forthcoming, and when that production will be made.[11]

2) Defendants refuse to answer interrogatories, and are using an extended meet-and-confer process, without committing to a final position, to further delay a resolution of this issue.[12]

3) Defendants continue to delay depositions, both by refusing to provide dates and because of the waterfall of delay caused by Defendants' failure to produce documents or answer written discovery.

In contrast, ISI has collected, reviewed, and produced tens of thousands of documents, beginning in September 2023. ISI continues to produce documents, on a rolling basis, as those documents clear the collection and review process. ISI likewise answered Defendants' other written discovery and will continue to supplement that written discovery, for example once Amelco begins to produce evidence and following expert reports.

Defendants have brought no dispute before the Court over ISI's responses and production, nor could they. ISI merely seek to compel Defendants to do the same. ISI asks the Court to permit ISI the time necessary to compel Defendants' compliance with their discovery obligations, so that the case may be tried on the merits.

**2.    Defendants continue to misstate the record.**

In its motion, ISI takes particular issue with Defendants' refusal to honor their agreement to begin discovery in exchange for an extension. ECF No. 78 at 5-6. In a footnote, Defendants "disagree with ISI's characterization of the alleged 'agreement' to conditions regarding an extension of AUSA and AUK's deadline to respond to ISI's written discovery." ECF. No. 84 at 4, N.2.

The record speaks for itself. <u>On Nov. 17, 2023</u>, the parties exchanged emails documenting Defendants' request for an extension as well as the conditions requested by ISI and agreed to by

---

[11] Ex. 2 (Feb. 14, 2024 email exchange between T. DeArman and J. Tennert).
[12] <u>See</u> above at page 4; Ex. 1.

Defendants. The exchange is reflected in Exhibit 5 to ISI's motion (ECF No. 78-6). It is copied below in pertinent part below (emphasis added).

**[Request from Wade Beavers, counsel for Defendants]**

> **From:** Beavers, Wade <WBeavers@fennemorelaw.com>
> **Sent:** Friday, November 17, 2023 12:40 PM
> **To:** Travis E. DeArman <tdearman@McKoolSmith.com>; Patrick Pijls <ppijls@McKoolSmith.com>
> **Cc:** ISI_Amelco <ISI_Amelco@mckoolsmith.com>; Jorgensen, Christopher <CJorgensen@lewisroca.com>; Tennert, John <jtennert@fennemorelaw.com>; Smart, MaryJo <msmart@fennemorelaw.com>
> **Subject:** RE: ISI - Amelco: M&C Recap
>
> Travis,
>
> Thank you. **Have you had any further thoughts on our request for an extension of the deadline for defendants to respond to plaintiff's written discovery requests served October 20? As I stated on our call on Wednesday, we're requesting a courtesy extension of 3 weeks (through December 11) in recognition of the volume/depth of the requests and the Thanksgiving holiday.** I've confirmed that I previously granted a 2 week courtesy extension on written discovery responses to plaintiff's prior counsel Shelby Dahl, and would appreciate the reciprocation.
>
> Let me know if it would help to discuss.
>
> Wade

**[Response from Travis DeArman, counsel for ISI]**

> From: Travis E. DeArman <tdearman@McKoolSmith.com>
> Sent: Friday, November 17, 2023 10:55 AM
> To: Beavers, Wade <WBeavers@fennemorelaw.com>; Patrick Pijls <ppijls@McKoolSmith.com>
> Cc: ISI_Amelco <ISI_Amelco@mckoolsmith.com>; Jorgensen, Christopher <CJorgensen@lewisroca.com>; Tennert, John <jtennert@fennemorelaw.com>; Smart, MaryJo <msmart@fennemorelaw.com>
> Subject: RE: ISI - Amelco: M&C Recap
>
> Wade, sure thing.
>
> We agree to a two-week extension, or until December 4, with the following caveats:
>
> 1) Amelco at least begin its document production at the same time it responds. I understand and expect that document production will be a rolling process, but certainly there are some documents that can be produced immediately.
> 2) Amelco serves interrogatory responses that are something more than just "Amelco objects and refuses to answer."
>
> In other words, I understand the need for an extension in order to substantively respond and to prepare for production. But if the plan is to just object, I don't see the need for the extension. Also, if we get past Thanksgiving and you feel that you absolutely need another week to respond. I am happy to have a call to discuss.
>
> With that addressed, are we ready to file the attached PO as agreed? Or do we need to prepare an opposed motion?
>
> -Travis

**[Reply from Wade Beavers]**

> From: Beavers, Wade <WBeavers@fennemorelaw.com>
> Sent: Friday, November 17, 2023 2:15 PM
> To: Travis E. DeArman; Patrick Pijls
> Cc: ISI_Amelco; Jorgensen, Christopher; Tennert, John; Smart, MaryJo
> Subject: RE: ISI - Amelco: M&C Recap
>
> Travis,
>
> Thank you, we appreciate the extension.
>
> We are comfortable with the proposed revisions to the stipulation. You can attach my e-signature to the revised version and file.
>
> Wade

Defendants' "disagreement" with the plain meaning of this exchange is representative of Defendants' arguments throughout the brief: Defendants cannot dispute the record supporting ISI's motion, but they also cannot bring themselves to acknowledge their delay and obstruction of discovery. So they rely on unsupported attorney argument.

Defendants repeat this pattern in their discussion of mediation. They do not engage with the substance of the record, or offer new facts. While both parties agreed to mediate. <u>The point is that, after the parties agreed to mediate, Defendants used the threat of canceling mediation to extract additional delays in discovery</u>. Again, this is confirmed in the record.

<u>Between December 2023 and January 2024</u>, Defendants demanded that ISI: (1) withhold third-party subpoenas directed to Defendants' U.S. customers; (2) withhold any discovery motions, pending mediation; and (2) postpone previously noticed depositions. This is confirmed in contemporaneous emails (ECF No. 78-15, No. 78-18) (copied below in pertinent part, emphasis added).

> From: Travis E. DeArman
> Sent: Thursday, January 4, 2024 4:11 PM
> To: Tennert, John
> Cc: Beavers, Wade; Smart, MaryJo; ISI_Amelco
> Subject: ISI/Amelco: Scheduling, Mediation, and Discovery
> Attachments: RE: Internet Sports International v. Amelco USA LLC et al. - Service of Responses to Discovery; ISI - Initial Search Parameters (Revised).pdf
>
> John,
>
> Following-up on our call yesterday. I understand Amelco's desire to focus on the upcoming mediation and reduce the time and money spent on discovery, prior to mediation. ==We have tried to meet you half way by, for example, holding back on third-party discovery and holding off on motions practice over Amelco's document production.== I think the parties can continue to work together on this front, but I want to make sure that we have a plan in place, in the event that mediation is not successful.

> From: Travis E. DeArman <tdearman@McKoolSmith.com>
> Sent: Wednesday, January 10, 2024 11:30 AM
> To: Tennert, John <jtennert@fennemorelaw.com>
> Cc: Smart, MaryJo <msmart@fennemorelaw.com>; Patrick Pijls <ppijls@McKoolSmith.com>
> Subject: RE: ISI/Amelco: Scheduling, Mediation, and Discovery
>
> John,
>
> A couple points where I think we can make progress:
>
> 1. Are we agreed on 60 days as an appropriate extension of the schedule? If so, I will have a notice drafted and circulate to you.
> 2. Per our last call, we agreed to push the depos of Mr. Manning & Mr. Bone at Amelco's requests.
>    - Does either Jan. 23 or Jan 24 work for Bone?
>    - I am waiting for dates from Manning.
> 3. You mentioned needed to re-set dates for Amelco depos into later January or February. Do you have alternative dates? We will try to work with you (within reason) to find a workable date for each.
>    - For ISI's witnesses, we are targeting the week of Feb. 12. We would like to group them together to minimize cost and travel.
>    - Please let me know if you have conflicts that week.
>    - I will circle-back with exact dates, if your team is available. If not please provide alternatives.
>
> -Travis

Defendants' brief does not dispute these specific facts. Defendants' demands to delay discovery, combined with the continuous and ongoing delay on all fronts, cry out for an extension.

### 3. Defendants misunderstand the law.

Defendants offer just one legal argument and citation. They claim that ISI's "characterizations of the parties' settlement and mediation discussions in the public record appears purposeful and in violation of NRS 48.105," and that the Court "should disregard and strike ISI's counsel's improper characterizations of the parties' settlement and mediation discussions." ECF No. 84 at 5. Defendants misunderstand the law.

First, Nev. Rev. Stat. Ann. (NRS) § 48.105 does not govern proceedings before this Court. Defendants should have cited to Fed. R. Ev. (FRE) 408. Regardless, neither NRS § 48.105 nor FRE 408 prevent ISI's introduction of the materials in question. NRS § 48.105 states:

1. Evidence of:

(a) Furnishing or offering or promising to furnish; or

(b) Accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is **not admissible to prove liability for or invalidity of the claim or its amount**. Evidence of conduct or statements made in compromise negotiations is likewise not admissible.

123824658.1                                   10

    2. **This section does not require exclusion when the evidence is offered for another purpose**, such as proving bias or prejudice of a witness, negativing a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.[13]

FRE 408 states:

    (a) Prohibited Uses. **Evidence of the following is not admissible**—on behalf of any party—either **to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction**:

        (1) furnishing, promising, or offering—or accepting, promising to accept, or offering to accept—a valuable consideration in compromising or attempting to compromise the claim; and

        (2) conduct or a statement made during compromise negotiations about the claim—except when offered in a criminal case and when the negotiations related to a claim by a public office in the exercise of its regulatory, investigative, or enforcement authority.

    (b) Exceptions. **The court may admit this evidence for another purpose**, such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.[14]

As a threshold matter, the record attached to ISI's motion consists of email exchanges discussing: (1) discovery, including specifically ISI's attempts to extract discovery from Defendants and Defendants' delay; (2) logistical communications concerning the timing of discovery and mediation, including ISI's reluctant agreement to delay discovery at Defendants' demand. None of these materials are properly subject to NRS § 48.105 or FRE 408.

Even assuming, *arguendo*, that the rules apply, ISI is not introducing these materials into evidence to prove liability or damages. ISI is introducing these materials to prove Defendants' delay. Introduction of such material is expressly permissible under both the Nevada statute (erroneously cited by Defendants) and under the Federal Rules of Evidence.

---

[13] Emphasis added.
[14] Emphasis added.

123824658.1

### III. CONCLUSION

The record is replete with evidence showing that Defendants have delayed at every turn. This delay requires an extension, so that Plaintiffs may litigate this case on the merits. Defendants do not oppose the requested extension.

For these and all the reasons stated above and in ISI's motion, ISI requests that the Court extend the pretrial deadlines in this matter.

Dated this 14th day of February, 2024.

MCKOOL SMITH, P.C.

By: /s/ Travis DeArman
Travis DeArman (*pro hac vice*)
Robert Manley (*pro hac vice*)
Patrick Pijls (*pro hac vice*)
300 Crescent Court, Suite 1200
Dallas, Texas 75201

J Christopher Jorgensen (SBN 5382)
LEWIS ROCA ROTHGERBER CHRISTIE LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that service of the foregoing was filed on February 14, 2024 via the Court's CM/ECF electronic filing system addressed to all Parties on the e-service list.

/s/ *Travis E. DeArman*
Travis DeArman