UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| INTERNET SPORTS INTERNATIONAL, LTD., <br><br> Plaintiff, <br><br> v. <br><br> AMELCO USA, LLC., *et al.*, <br><br> Defendants. | Case No. 2:23-cv-00893-ART-NJK <br><br> **ORDER** <br><br> [Docket No. 78] |

Pending before the Court is Plaintiff's motion to modify scheduling order. Docket No. 78. The Court has considered Plaintiff's motion, Defendants' response, and Plaintiff's reply. Docket Nos. 78, 84, 86. The motion is properly resolved without a hearing. Local Rule 78-1.

**I.   BACKGROUND**

The instant case was removed to this Court on June 6, 2023. Docket No. 1. Prior to removal, the parties engaged in discovery pursuant to the state court discovery plan. *See* Docket No. 25-1 at 8. On August 9, 2023, this Court issued a scheduling order which, inter alia, set the close of discovery for December 4, 2023. Docket No. 21.

On September 1, 2023, Plaintiff moved to extend the discovery deadlines. Docket No. 23. The Court granted that request and extended all discovery deadlines. Docket No. 29. On November 3, 2023, the parties filed a joint motion to modify the scheduling order. Docket No. 56. In granting the parties' request, the Court extended the discovery period in this case (not including the discovery that occurred when the case was in state court) to a total of 353 days, or almost double the presumptively reasonable discovery period. Docket No. 58. *See also* LR 26-1(b)(1). Nonetheless, on January 23, 2024, the parties filed yet another joint motion to modify the scheduling order. Docket No. 75. The motion, which was signed by all parties, requested a 60-day extension to the remaining discovery deadlines because Plaintiff, for reasons not stated in the motion, still had approximately 13 witnesses it had not yet deposed and because the parties self-

1

imposed a 60-day stay in anticipation of mediation. *Id*. at 3-4. The Court denied the motion because the parties failed to demonstrate diligence in conducting discovery. Docket No. 76.

Plaintiff now requests a 90-day extension to all remaining discovery deadlines.[1] Docket No. 78. In support of its request, Plaintiff submits that, despite its earlier certifications to the Court regarding diligence, Defendants have obstructed and delayed discovery throughout the discovery period. *Id*. at 2. Plaintiff further blames Defendants for the 60-day party-imposed discovery stay and, in fact, submits that the mediation itself was just a tool for Defendants to delay the instant case. *Id*. at 3-10.

In response, Defendants dispute Plaintiff's characterization of their actions regarding discovery in the instant case. Docket No. 84 at 3-5. Further, Defendants dispute Plaintiff's characterization of Plaintiff's diligence and of any agreement the parties had over written discovery. *Id*. at 3-4. Additionally, Defendants submit that they would not have signed the joint motion drafted by Plaintiff if they had known that Plaintiff believed the representations therein were false. *Id*. at 2. Defendants also submit that Plaintiff has failed to explain why it cannot meet deadlines in the scheduling order that are months away, but that they do not oppose the request to extend discovery deadlines. *Id*. at 2-3.

In reply, Plaintiff submits that, since it has shown good cause and Defendants do not oppose the extension request, the Court "should" grant it. Docket No. 86 at 2. Plaintiff further repeats its allegations regarding Defendants' behavior during the discovery period. Id. at 2-11.

**II.    STANDARDS**

"The district court is given broad discretion in supervising the pretrial phase of litigation," including in issuing and enforcing scheduling orders. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). "District court oversight is encouraged to avoid 'protracted discovery, the bane of modern litigation.'" *Garcia v. Serv. Emps. Int'l Union*, 332 F.R.D. 351, 354 (D. Nev. 2019) (quoting *Rossetto v. Pabst Brewing Co.*, 217 F.3d 539, 542 (7th Cir. 2000)). "The Ninth Circuit has also repeatedly and emphatically addressed the importance of scheduling orders as

---

[1] Plaintiff is, therefore, requesting a 443-day discovery period, in addition to the discovery that occurred in state court.

tools for district courts to manage their heavy caseloads." *Desio v. State Farm Mut. Auto. Ins. Co.*, 339 F.R.D. 632, 641 (D. Nev. 2021) (collecting cases).  As articulated in one of those cases:

> A scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril."  The district court's decision to honor the terms of its binding scheduling order does not simply exalt procedural technicalities over the merits of [the] case.  Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier.

*Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (internal citation omitted).  In short, Rule 16 of the Federal Rules of Civil Procedure, as well as the scheduling orders entered pursuant to that rule, must "be taken seriously." *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994); *see also Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005) (recognizing that "deadlines are [to be] taken seriously by the parties, and the best way to encourage that is to enforce the deadlines").[2]

"When a request to extend case management deadlines is made by stipulation, courts may consider the joint nature of the request in deciding whether the circumstances warrant an amendment to the scheduling order.  Nonetheless, courts addressing such requests are deciding at bottom whether to modify their own orders, an issue that need not be based necessarily on the promptings of the parties." *Williams v. James River Grp.*, 627 F.Supp.3d 1172, 1178 (D. Nev. Sept. 13, 2022).

A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause.  Fed. R. Civ. P. 16(b)(4); Local Rule 26-3.  The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence.

---

[2] "The Ninth Circuit is protective of this particular rule, as it deems Rule 16 to be an essential tool in controlling heavy trial court dockets." *Williams*, 627 F. Supp. 3d at 1177 n.3 (quoting *Gerawan Farming, Inc. v. Rehrig Pac. Co.*, 2013 WL 645741, at *4 (E.D. Cal. Feb. 21, 2013)).  The Ninth Circuit has at times taken a softer approach to extensions of deadlines outside the Rule 16 context, such as those related to briefing schedules. *See Ahanchian v. Xenon Pics., Inc.*, 624 F.3d 1253, 1257-60 (9th Cir. 2010); *but see Ratha v. Phatthana Seafood Co.*, 35 F.4th 1159, 1181 (9th Cir. 2022) (distinguishing *Ahanchian* and affirming denial of request to extend "stringent" briefing schedule).  Given the robust body of law specific to the Rule 16 context, the Court does not apply the standards discussed in these other cases. *See, e.g.*, *Williams*, 627 F. Supp. 3d at 1177 n.3 (citing *Espinosa v. Corrections Corp. of Am.*, No. 2:19-cv-01617-RFB-NJK, 2021 WL 4186694, at *1 n.1 (D. Nev. Aug. 23, 2021)).

*Johnson*, 975 F.2d at 609. "The diligence obligation is ongoing." *Morgal v. Maricopa Cnty. Bd. of Supervisors*, 284 F.R.D. 452, 460 (D. Ariz. 2012). The showing of diligence is measured by the conduct displayed throughout the entire period of time already allowed. *See Muniz v. United Parcel Serv., Inc.*, 731 F.Supp.2d 961, 967 (N.D. Cal. 2010) (quoting *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999)). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609. When diligence has not been shown in support of an extension request, "the inquiry should end." *Id.* The party seeking to modify case management deadlines bears the burden of establishing diligence. *Desio*, 339 F.R.D. at 638 (citing *Singer v. Las Vegas Athletic Clubs*, 376 F. Supp. 3d 1062, 1077 (D. Nev. 2019)).

## III. ANALYSIS

The Court is troubled by Plaintiff's statement that it drafted and signed an order whose representations it believed to be false. The Court expects candor from all attorneys in all dealings with the Court. Plaintiff is **ADMONISHED** that it must be truthful with the Court at all times.

In evaluating the circumstances and governing standards, the Court cannot find that Plaintiff acted diligently throughout the discovery period. Notably, Plaintiff fails to include the dates on which much of the discovery occurred. Docket No. 78 at 3-4. Further, Plaintiff never mentions when it propounded discovery on Defendants and why it has not deposed witnesses yet, particularly when it believes that it needs to depose the witnesses before disclosing its experts.[3] The inquiry should end here. In an effort for this case to be determined on its merits, however, the Court will grant a 30-day extension. During this time, the parties must diligently conduct discovery.

---

[3] Plaintiff's contention that the Court "should" grant its extension request because Defendants do not oppose it is wrong. *See Williams*, 627 F.Supp.3d at 1178.

## IV. CONCLUSION

Accordingly, Plaintiff's motion is **GRANTED** in part and **DENIED** in part. Docket No. 78. The scheduling order is **MODIFIED** and the case management deadlines are **EXTENDED** as follows:

|  |  |
|---|---|
| Initial Experts: | May 13, 2024 |
| Rebuttal Experts: | June 10, 2024 |
| Discovery Cut-Off: | June 24, 2024 |
| Dispositive Motions: | July 15, 2024 |
| Joint Pretrial Order: | August 12, 2024, 30 days after resolution of dispositive motions, or further Court order |

**NO FURTHER EXTENSIONS WILL BE GRANTED**.

IT IS SO ORDERED.

Dated: February 21, 2024.

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE