Robert M. Manley (*pro hac vice*)
Travis E. DeArman (*pro hac vice*)
Patrick Pijls (*pro hac vice*)
**MCKOOL SMITH, PC**
300 Crescent Court, Suite 1500
Dallas, TX 75201
Tel: (214) 978-4000
Fax: (214) 978-4044
rmanley@mckoolsmith.com
tdearman@mckoolsmith.com
ppijls@mckoolsmith.com

J Christopher Jorgensen (Nevada Bar No. 5382)
**LEWIS ROCA ROTHGERBER CHRISTIE, LLP**
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169
Tel: (702) 949-8200
Fax: (702) 949-8398
cjorgensen@lewisroca.com

Internet Sports International, Ltd.

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| Internet Sports International, Ltd., | Case No.: 2:23-cv-00893-ART-NJK |
|---|---|
| Plaintiff, | **MOTION TO ISSUE LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE TO THE SENIOR MASTER OF THE HIGH COURT OF ENGLAND AND WALES** |
| v. | |
| Amelco USA, LLC. et al., | |
| Defendants. | |

Plaintiff Internet Sports International, Ltd. ("ISI") respectfully moves the Court to issue a Letter of Request for International Judicial Assistance to the Senior Master of the High Court of England and Wales.[1] Through the letter of request, ISI seeks to secure the deposition testimonies

---

[1] A letter of request must contain specific information, and ISI's proposed letter of request complies with those requirements and is attached hereto. *See* Proposed Order (Letter of Request). ISI has retained Sophie Eyre of United Kingdom law firm Bird & Bird to serve as United

of Paul Manning and James Wood. On March 11, 2024, ISI's counsel conferred with Amelco's counsel by phone.[2] On the conference, ISI's counsel explained why ISI sought the letter of request.[3] ISI's counsel further reminded Amelco's counsel (also representing Messrs. Manning and Wood) that the witnesses' opportunity to protest the depositions or the scope thereof would lie in the United Kingdom and that the present issue is only whether Amelco opposes the motion to have a letter of request issued by the Court.[4] Amelco's counsel refused to provide Amelco's position unless ISI delivered a final copy of this motion for Amelco's pre-approval.[5] Amelco's counsel cited no authority for its pre-approval demand, and ISI is aware of none.

## I.      INTRODUCTION AND SUMMARY

This litigation arises from ISI's claims that Defendants Amelco USA, LLC ("AUSA") and Amelco UK, Ltd. ("AUK") misappropriated ISI's gaming technology. ISI's claims require testimony from Paul Manning and James Wood, residents of the United Kingdom. Messrs. Manning and Wood were high-ranking employees of AUK at the time of the events giving rise to this lawsuit. Mr. Manning was AUK's chief executive officer. Mr. Wood was AUK's lead project-development manager, working with ISI to develop Amelco's retail sports-betting products (hardware and software) for sale in the United States.

---

Kingdom local counsel because Ms. Eyre regularly assists clients domesticate letters of request by United States courts in the United Kingdom. Drawing on that expertise, Ms. Eyre has helped ISI craft a letter of request that, based on her experience, will be enforceable in the United Kingdom to secure the necessary evidence. ISI moves that the Court sign the letter, affix the Court's seal, and file the letter on the docket so that Ms. Eyre may file it with the appropriate United Kingdom judicial authority.

[2] Ex. 17, DeArman Decl. ¶ 13.

[3] Ex. 17, DeArman Decl. ¶ 13.

[4] Ex. 17, DeArman Decl. ¶ 13.

[5] Ex. 17, DeArman Decl. ¶ 13.

ISI's president and chief executive officer, Bill Stearns, has long had a cordial relationship with Messrs. Manning and Wood, each of whom was a primary point of contact for ISI during the parties' relationship. ISI's vice president and general counsel, Ernest Matthews, has similarly had a cordial relationship with Mr. Manning. Given Messrs. Manning's and Wood's central roles in the events giving rise to this case, ISI's counsel identified Messrs. Manning and Wood as witnesses (including in initial disclosures) who have knowledge of ISI's and Amelco's relationship. Seeking to secure the witness' testimonies, ISI's counsel then contacted Amelco's counsel in November 2023; asked whether the witnesses were still affiliated with Amelco or represented by Amelco's counsel (Fennemore Craig, P.C. or "Fennemore"); and informed Amelco and Fennemore that if they did not represent the witnesses, ISI would reach out directly to secure their testimonies. Fennemore eventually confirmed in December 2023 that they did not represent the witnesses.

ISI's outside counsel, with ISI's vice president and general counsel, Ernest Matthews, conducted a video conference that month with Messrs. Manning and Wood. At the outset of that call, ISI's counsel identified himself, clarified his representation of ISI (and not the witnesses), clarified that he could give the witnesses no legal advice (other than to seek counsel), and even offered to refer them to U.S. or U.K. lawyers.[6]

Messrs. Manning and Wood declined the offer of a referral and agreed to speak with ISI about the case. Messrs. Manning and Wood admitted to facts that are <u>critical</u> to ISI's claims, and <u>devastating</u> to Amelco's defenses:

1) Amelco had no understanding of U.S. retail sports-betting, before working with ISI;

---

[6] *See infra* p. 11.

2) ISI contributed and disclosed valuable confidential information to Amelco during the course of the parties' dealings, and otherwise assisted Amelco in developing its retail sports-betting products—including, specifically, the SSBT[7];

3) Amelco used ISI's assistance and confidential information to build the SSBT, a product it then sold to, at least, Hard Rock.[8]

These admissions are consistent with admissions delivered by Mr. Manning to Mr. Stearns, ISI's president, in prior conversations.[9]

ISI's counsel then asked if Messrs. Manning and Wood would be willing to confirm these facts in depositions. Both agreed. ISI's counsel then corresponded with the witnesses in December 2023 and January 2024 to schedule their depositions. Originally ISI noticed Mr. Manning's deposition for January 2023, but delayed the deposition at Amelco's request. ISI continued to coordinate with Mr. Manning for alternative dates. In early-February 2024, things changed.

ISI learned that Amelco's lawyers at Fennemore had contacted Messrs. Manning and Wood to arrange to represent them. Accordingly, ISI's counsel engaged with Fennemore to schedule the depositions of both witnesses. At first, negotiations proceeded amicably, and counsel offered both witnesses for deposition during the week of March 25, 2024.

On March 8, 2024, however, Fennemore informed ISI that the witnesses would no longer voluntarily sit for depositions, but would instead require service through the Hague Convention.[10] In doing so, Fennemore retracted its and its clients' prior agreements, and ISI's counsel invited Mr.

---

[7] SSBT means self-service betting terminal, and is another term that Amelco and ISI used to refer to the Kiosk Co-Development Project.

[8] Ex. 1, Matthews Decl. ¶ 10; Ex. 2, Stearns Decl. ¶¶ 8-9.

[9] *See infra* p. 7.

[10] Ex. 17, DeArman Decl. ¶ 12. The Convention's proper name is the "Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters."

4

Tennert to reconsider forcing the parties to proceed through the Convention.[11] Mr. Tennert declined to reconsider.

On March 11, 2024, therefore, ISI's counsel conferred again with Amelco's counsel by phone.[12] On the conference, ISI's counsel explained why ISI sought the letter of request.[13] ISI's counsel further reminded Amelco's counsel (also representing Messrs. Manning and Wood) that the witnesses' opportunity to protest the depositions or the scope thereof would lie in the United Kingdom and that the present issue is only whether Amelco opposes the motion to have a letter of request issued by the Court. [14] Amelco's counsel refused to provide Amelco's position unless ISI delivered a final copy of this motion for Amelco's pre-approval.[15] Amelco's counsel cited no authority for its pre-approval demand, and ISI is aware of none.

On the March 8 and March 11 conferences, and in subsequent emails and calls, Amelco's counsel implied (but did not squarely state) that they might oppose the motion because, in their view, ISI should have pursued Convention service sooner.[16] Also on the March 8 and March 11 conferences, and in subsequent emails and calls, Amelco's counsel insinuated (but again did not squarely state) that ISI's counsel had engaged in misconduct in connection with its communications with Messrs. Manning and Wood.[17]

---

[11] Ex. 17, DeArman Decl. ¶ 13.

[12] Ex. 17, DeArman Decl. ¶ 13.

[13] Ex. 17, DeArman Decl. ¶ 13.

[14] Ex. 17, DeArman Decl. ¶ 13.

[15] Ex. 17, DeArman Decl. ¶ 13.

[16] Ex. 17, DeArman Decl. ¶¶ 14-15.

[17] Ex. 17, DeArman Decl. ¶¶ 14-15.

Given ISI's substantial efforts to procure the witnesses' testimonies and given Amelco's and Fennemore's obstruction and insinuations of wrongdoing, ISI files this motion to make a clear record and asks the Court to issue the letter of request submitted concurrently with this motion.

The Court should grant the motion and issue the letter because the evidence is relevant and proportional to the needs of the case; letters of request are necessary to obtain testimony from Messrs. Manning and Wood; and Amelco cannot meet its burden of showing good cause why the letters should not issue.

## II.    LEGAL STANDARD

"In considering the issuance of letters rogatory, U.S. courts apply the discovery principles contained in Rule 26." *In re Turquoise Hill Res. Ltd. Sec. Litig.*, No. 20-CV-8585 (LJL), 2023 WL 4362933, at *1 (S.D.N.Y. July 6, 2023). In adjudicating a motion to issue a letter of request for international judicial assistance, a court "should not weigh the evidence sought from the request or predict whether evidence will actually be obtained." *Wearforce, Pty Ltd. v. Talon Eng'g, Sdn Bhd*, No. 3:21-CV-00284-MMD-CSD, 2022 WL 3083512, at *2 (D. Nev. Aug. 1, 2022). Additionally, "where a motion for letters of request is opposed, the opposing party 'must demonstrate good cause or good reason why a letter request should not issue.'" *Malcolm v. Reynolds Polymer Tech., Inc.*, No. 17-CV-02835-WJM-KLM, 2019 WL 3996650, at *3 (D. Colo. Aug. 23, 2019) (cleaned up).

## III.    ARGUMENT

"The proper method for collecting documents and the taking of testimony of persons residing in [the United Kingdom] is to seek the issuance of a Letter of Request[18] under the Hague Convention of March 18, 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters,

---

[18] "A Letter of Request is what the Hague Convention refers to as a traditional 'letter rogatory.'" *Wearforce*, 2022 WL 3083512, at *2 (cleaned up). "A letter rogatory is a formal written request sent by a court to a foreign court asking that the testimony of a witness residing within that foreign court's jurisdiction be taken pursuant to the direction of that foreign court and transmitted to the requesting court for use in a pending action." *Id.* (cleaned up).

T.I.A.S. 7444, 23 U.S.T. 2555, *reprinted* in 28 U.S.C. § 1781 ("Hague Convention")." *Wearforce*, 2022 WL 3083512, at *2. *See Malcolm*, 2019 WL 3996650, at *3 (confirming that the Convention is in force between the United States and the United Kingdom). "Rule 28(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1781(b)(2) authorize federal courts to issue letters rogatory that enable a U.S. litigant to obtain non-party discovery from a foreign entity." *In re Turquoise Hill Res. Ltd. Sec. Litig.*, 2023 WL 4362933, at *1 (cleaned up).[19]

Here, the letter of request should issue for three reasons. *First*, the letter of request is appropriate under Rule 26. *Second*, ISI cannot obtain the testimonies of Messrs. Manning and Wood without a letter of request, because Amelco's lawyers, who now represent Mr. Manning and Mr. Wood, have obstructed such efforts. *Third*, Amelco's implications and insinuations concerning ISI's (or its counsel's) delay or misconduct are meritless and belied by the record.

### A.   Letters of request are appropriate under Rule 26, as the requested discovery is relevant and proportional to the needs of the case.

As discussed, courts apply Rule 26 when evaluating motions for a letter of request. Under Rule 26, courts allow discovery into "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." *In re Turquoise Hill*, 2023 WL 4362933, at *1 (cleaned up).

Messrs. Manning and Wood have knowledge highly relevant to both ISI's claims and Amelco's defenses. As discussed, each witness was an AUK senior executive during ISI's dealings

---

[19] "Rule 28(b) provides that a deposition may be taken in a foreign country pursuant to a letter of request issued 'on appropriate terms after an application and notice of it' and 'without a showing that taking the deposition in another manner is impracticable or inconvenient.'" *In re Turquoise Hill Res. Ltd. Sec. Litig.*, 2023 WL 4362933, at *1 (cleaned up). "Section 1781 of Title 28, which authorizes the United States Department of State to accept letters rogatory issued by foreign tribunals, allows for 'the transmittal of a letter rogatory or request directly from a tribunal in the United States to the foreign or international tribunal, officer, or agency to whom it is addressed and its return in the same manner.'" *Id.* (cleaned up). "District courts [also] have the inherent authority to issue a letter rogatory." *Wearforce*, 2022 WL 3083512, at *2.

with Amelco and was a primary point of contact with ISI. In particular, both witnesses admitted the following in prior conversations with ISI's representatives:

4) Amelco had no understanding of U.S. retail sports-betting, before working with ISI;

5) ISI contributed and disclosed valuable confidential information to Amelco during the course of the parties' dealings, and otherwise assisted Amelco in developing its retail sports-betting products—including, specifically, the SSBT;

6) Amelco used ISI's assistance and confidential information to build the SSBT, a product it then sold to, at least, Hard Rock.[20]

Additionally, in the sole deposition that Amelco has permitted to-date, AUSA's former president confirmed that Messrs. Manning and Wood are best qualified to offer testimony on ISI's and Amelco's technical cooperation, exchange of information, and development of U.S. retail sports-betting hardware and software:[21]

> [I]f I were to ask you about the technical details of Amelco's coding, you're just not the right person to ask that?
>
> A. Not the right person.
>
> Q. Who's the right person to ask that question to?
>
> A. **Paul Manning was my go-to. James Wood.** A gentleman named Osaze was -- these were all product managers, who were the leaders of the tech.

AUSA's former president **twice** reiterated this testimony. *See* Bone Depo. Tr. 63:13-63:15 ("Q. And tech team, that was Paul Manning, James Wood, and others? A. Correct."); *id.* 194:6-194:8 ("Q. The technical people running that phase of things was Paul Manning, James Wood, and others? A. Correct.").

---

[20] Ex. 1, Matthews Decl. ¶ 10; Ex. 2, Stearns Decl. ¶¶ 8-9.

[21] Ex. 3, Bone Depo Tr. 56:2-56:10 (emphasis added).

The discovery is proportional. ISI has not propounded document requests on Messrs. Manning and Wood; ISI has agreed to depose the witnesses remotely at any reasonable dates and times of their choosing; and ISI seeks to do nothing more than confirm, in sworn testimony, the facts within Messrs. Manning's and Wood's personal knowledge. As discussed, the Court should not weigh the evidence sought once the low bar of Rule 26 is cleared. However, neither should the Court ignore the obvious facts concerning the critical nature of these testimonies.

Messrs. Manning and Wood have already admitted to facts that devastate Amelco's defenses. ISI's president and ISI's vice president and general counsel recount these admissions in their sworn statements and will give testimony confirming these facts if and when called to do so. However, only Messrs. Manning and Wood can provide the detailed testimony, establishing the full set of facts within their personal knowledge, as two of the key AUK executives that worked with ISI during the parties' relationship.

**B.**  **Letters of request are necessary to obtain the testimony of Messrs Manning and Wood.**

Amelco does not contest that a letter of request is necessary to obtain the testimonies of Messrs. Manning and Wood, two non-party residents of the United Kingdom. This necessity supports granting ISI's motion. *Malcolm*, 2019 WL 3996650 at *5. The need for a letter of request is all the more compelling in this case, because Amelco and its counsel have created the need for Convention service by reversing the parties' prior agreements and impeding the deposition process.

**C.**  **Amelco cannot show good cause why the letters of request should not issue, and its implications and insinuations concerning ISI's (or its counsel's) delay or misconduct are meritless and belied by the record.**

The party opposing a motion for letters of request "'must demonstrate good cause or good reason why a letter request should not issue.'" *Malcolm*, 2019 WL 3996650 at *3.

As discussed above, Amelco's counsel refused to state whether or not Amelco opposed this motion, unless ISI would provide a complete copy of the motion for its pre-approval.[22] However, Amelco's counsel implied that ISI should have pursued Convention service sooner, and insinuated that ISI's counsel engaged in misconduct in its communications with Messrs. Manning and Wood. Both arguments are meritless.

Since November 2023, ISI has sought to secure testimonies from Messrs. Manning and Wood. Given their status as former employees, however, ISI's counsel informed Amelco of this intention; confirmed Amelco's counsel did not represent the witnesses; and only then, reached out directly. Specifically, on November 20, 2023, ISI's counsel emailed Amelco's counsel, asking whether Fennemore represented Mr. Manning:[23]

> Can you please clarify if Paul Manning is still employed by / affiliated with Amelco UK.
>
> **If not, please let us know if Fennmore is representing Mr. Manning individually, or if we should reach out to him directly.**

On November 30, 2023, ISI's counsel emailed Amelco's counsel, following up on a number of issues, including to establish if any relationship still existed between Messrs. Manning and Wood and whether Fennemore would be representing the witnesses.[24]

> As part of this process, please confirm what relationship exists between AUK and Paul Manning (if any), what relationship exists between AUK and James Wood (if any), and if Fennemore is representing Mr. Manning or Mr. Wood. **If we do not hear back from you, we will reach out to Mr. Manning and Mr. Wood directly, and pursue all appropriate avenues to secure their testimony and other discovery.**

---

[22] *See supra* p. 4-5; Ex. 17, DeArman Decl. ¶ 13.

[23] Ex. 4, Email from T. DeArman to J. Tennert, at PDF 2 (Nov. 20, 2023) (emphasis added).

[24] Ex. 5, Email from T. DeArman to J. Tennert, at PDF 2 (Nov. 30, 2023) (emphasis added).

On December 7, 2023 (after follow-up emails), Amelco's counsel stated, "**Fennemore does not represent Mr. Manning or Mr. Wood.**"[25]

ISI then contacted Messrs. Manning and Wood and scheduled a call. The principal purpose of the call was to inquire into Messrs. Manning's and Wood's knowledge of facts relevant to the case.[26] That call (videoconference) occurred on December 11, 2023 via Google Meet. Mr. Matthews and ISI's counsel, Travis DeArman, attended for ISI. Both Messrs. Manning and Wood attended, joining from the United Kingdom.[27]

At the outset of the call (and after), ISI's counsel clarified that they represented ISI—and not the witnesses; advised the witnesses to seek representation; and even offered to provide referrals for either U.S. or U.K counsel:[28]

> 8. At the outset of the call, Mr. DeArman reiterated that he and I represented ISI, and not Mr. Manning or Mr. Wood, and that the purpose of the call was to explore the facts that Mr. Wood and Mr. Manning might be able to offer through their personal knowledge and testimony.
>
> 9. Mr. DeArman also encouraged Mr. Manning and Mr. Wood to consider retaining counsel, and offered to provide referrals if needed. Mr. Manning and Mr. Wood declined the referral, and agreed to discuss the facts of the case with Mr. DeArman and myself.

---

[25] Ex. 6, Email from J. Tennert to T. DeArman, at PDF 2 (Dec. 7, 2023) (emphasis added).

[26] Ex. 1, Matthews Decl. ¶ 6.

[27] Ex. 1, Matthews Decl. ¶¶ 4-5.

[28] Ex. 1, Matthews Decl. ¶¶ 8-9; Ex. 1-A (contemporaneous email from E. Matthews to B. Stearns wherein Mr. Matthews summarizes the conversation and notes, "Travis [DeArman] . . . advised both Paul [Manning] and James [Wood] that they can get their own respective counsel to represent their respective interests. He could not advise them one way or the other. They each declined to secure separate counsel. This was done before the discussion commenced"). *See* Ex. 7, Email from T. DeArman to P. Manning, at PDF 9-11 (Jan. 3, 2024) ("I have make sure we are 100% clear on one point. I represent ISI, not you or anyone else. That means I can't give you any kind of legal advice about whether to decline to testify, whether to accept service by email, or anything else. As discussed, if you want to retain a lawyer to advise you on this, I always recommend that. If you do retain someone, please let me know so that I can direct all communications to them.").

The witnesses declined the referral offer. As explained above, the witnesses then confirmed that they have knowledge directly probative of principal issues in this case.

At the end of the call, Mr. DeArman asked the witnesses whether they would voluntarily testify. Both witnesses confirmed that they would (1) accept email service of subpoenas and (2) sit for remote depositions at dates and times that they would provide.[29]

ISI desired to first secure Mr. Manning's testimony, and throughout December 2023 and January 2024, Messrs. DeArman and Manning exchanged emails on deposition scheduling.[30]

On January 3, 2024, ISI served Amelco with a notice of Mr. Manning's deposition for January 12, 2024.[31]

Mr. Tennert objected to taking the deposition on January 12.[32] Following negotiations, ISI agreed to postpone the deposition.[33]

On February 5, 2024, Mr. Manning emailed Mr. DeArman, "**We have just been told by Amelco that their lawyers will represent us.**"[34] That day, Mr. DeArman advised Mr. Manning that if he was in fact represented by Fennemore, Mr. DeArman was required to communicate through Fennemore.[35]

---

[29] Ex. 1, Matthews Decl. ¶ 12.

[30] Ex. 7, Emails Between T. DeArman and P. Manning, at PDF 5-14 (Dec. 12, 2023 through Feb. 1, 2024). Mr. DeArman also sent emails to Mr. Wood, but did not receive a reply. Ex. 8, Emails Between T. DeArman and J. Wood, at PDF 2-3 (Dec. 12, 2023 through January 23, 2024). ISI tabled pursuing Mr. Wood's deposition until it could set Mr. Manning's deposition.

[31] Ex. 9, Notice of Subpoena to Paul Manning.

[32] Ex. 10, Email from J. Tennert to T. DeArman, at PDF 3 (Jan. 4, 2024).

[33] Ex. 10, Email from T. DeArman to J. Tennert, at PDF 2 (Jan. 10, 2024).

[34] Ex. 7, Email from P. Manning to T. DeArman, at PDF 4-5 (Feb. 5, 2024) (emphasis added).

[35] Ex. 7, Email from T. DeArman to P. Manning, at PDF 4 (Feb. 5, 2024).

On February 12, 2024, after some follow-up, Mr. Manning wrote to Mr. DeArman, stating, "I think that the Amelco lawyers are going to represent us."[36]

**At no time during this period did Fennemore contact ISI's counsel to assert representation of Messr. Manning or Wood.**

On February 13, 2024, Mr. DeArman emailed Mr. Tennert to inquire whether Fennemore in fact represented Mr. Manning (or Mr. Wood):[37]

> On November 20, 2023, I asked if Fennemore represented Paul Manning or James Wood. After several weeks, you said you did not (in an email dated December 7). We then reached out to Mr. Manning and Mr. Wood directly, and set Mr. Manning's deposition for January. We delayed that deposition at Amelco's request, but had been working to secure dates for both witnesses.
>
> Yesterday, I received an email from Paul Manning saying that he had spoken to you and: "I think that the Amelco lawyers are going to represent us." Out of an abundance of caution, I am now directing all communications concerning Mr. Manning or Mr. Wood to you and Fennemore.
>
> Accordingly, please confirm whether or not you and your firm represent either or both of these witnesses. If not, we will continue to work with them directly to schedule a deposition. If not, then provide the dates that they are available.

That day (February 13), Mr. Tennert emailed Mr. DeArman that Fennemore did in fact represent the two witnesses but gave every indication that the witnesses would stand by their prior commitments to voluntarily testify at dates and times of their choosing:[38]

> Mr. Manning and Mr. Wood are in the process of retaining Fennemore. Please direct all communications concerning Mr. Manning and Mr. Wood to us.
>
> **Please let me know the weeks you would like me to request available dates and if you are proposing to take the depositions via Zoom.**

---

[36] Ex. 7, Email from P. Manning to T. DeArman, at PDF 2 (Feb. 12, 2024).

[37] Ex. 11, Email from T. DeArman to J. Tennert, at PDF 3 (Feb. 13, 2024).

[38] Ex. 11, Email from J. Tennert to T. DeArman, at PDF 2-3 (Feb. 13, 2024) (emphasis added).

Again that day (February 13), Mr. DeArman emailed Mr. Tennert that before the depositions could be scheduled, ISI needed the witnesses' documents:[39]

> The timing of their depositions depends on Amelco.
>
> • When will Amelco be producing documents?
>
> • What is Amelco producing?
>
> For example, we need the internal communications concerning ISI and the parties' relationship, as well as Mr. Manning and Mr. Wood's work on the SSBT, before the depositions. We can take the depositions within a week or two after we receive documents.

By February 20, 2024, Mr. Tennert still had not responded to Mr. DeArman, so Mr. DeArman again emailed to request dates for Messrs. Manning's and Wood's depositions:[40]

> I am again asking for deposition dates.
>
> On the Amelco side, we intend to take the depositions of:
>
> 1) Paul Manning (former CEO, AUK);
>
> 2) James Wood (former Project Manager, AUK).
>
> **Both witnesses have agreed to give depositions.** Now that Fennemore is representing them, we will coordinate with you on dates and other logistics.

That day, Mr. Tennert emailed Mr. DeArman that Fennemore needed the deposition location and that "Fennemore has not been authorized to accept nor has it accepted any subpoenas on behalf of any non-party witnesses":[41]

> I am again asking that you please identify the proposed locations of the depositions that you are seeking. I understand that Mr. Manning, Mr. Wood, Mr. Walker, Mr. Walton, and Mr. Wynne all work and reside in the UK. Mr. Miller and Mr. Riffle (counsel for AUSA) reside in Illinois. On February 13, I asked you for the weeks that you would like me to request dates and to identify those depositions that you intend to take remotely.

---

[39] Ex. 11, Email from T. DeArman to J. Tennert, at PDF 2 (Feb. 13, 2024).

[40] Ex. 12, Email from T. DeArman to J. Tennert, at PDF 8-9 (Feb. 20, 2024) (cleaned up and emphasis added).

[41] Ex. 12, Email from J. Tennert to T. DeArman, at PDF 7 (Feb. 20, 2024) (emphasis added).

> You responded that the "timing depends on Amelco" and did not identify the locations of the proposed depositions. Please advise.
>
> **For the sake of clarity, Fennemore has not been authorized to accept nor has it accepted any subpoenas on behalf of any non-party witnesses.**

Mr. Tennert's offers to negotiate dates and locations for depositions while simultaneously refusing to accept service were confusing. Mr. DeArman therefore emailed Mr. Tennert to confirm that ISI would stand by its prior commitment to remotely depose Messrs. Manning and Wood at dates and times of their choosing and to question whether Fennemore was "reversing Mr. Manning and/or Mr. Wood's prior agreement to testify via deposition":[42]

> [F]or Mr. Manning and Mr. Wood, we previously served subpoenas, and each witness previously agreed to testify. We were in the process of scheduling their depositions when Fennemore informed us they were representing the witnesses (after you previously disclaimed that representation). As a courtesy to Mr. Manning and Mr. Wood, who are no longer employed by Amelco, we agreed to take their depositions remotely. Again, I will stand by that agreement. However, we need the dates for both witnesses.
>
> I want to be 100% clear on something: **are you reversing Mr. Manning and/or Mr. Wood's prior agreement to testify vis deposition? If that is the case, say so plainly and immediately so that we may seek relief from the Court.**

On February 21, 2024, Messrs. DeArman and Tennert conferred on a telephone call on this issue, but Mr. Tennert gave no definitive commitment on whether Messrs. Manning and Wood would honor their prior commitments.[43] That day, Mr. DeArman emailed Mr. Tennert to summarize the call:[44]

> **[P]lease confirm by Friday (2/23) if Mr. Manning and Mr. Wood will sit for a deposition voluntarily (and as previously agreed).** Again, we

---

[42] Ex. 12, Email from T. DeArman to J. Tennert, at PDF 6-7 (Feb. 20, 2024) (emphasis in original).

[43] Ex. 17, DeArman Decl. ¶ 10.

[44] Ex. 12, Email from T. DeArman to J. Tennert, at PDF 4-5 (Feb. 21, 2024) (emphasis in original).

> can take their deposition remotely, via zoom, at a date / time convenient for them (within reason).
>
> -If we remain in agreement, great, please provide dates when the witnesses are available.
>
> -If, alternatively, Mr. Wood or Mr. Manning are now refusing to give a deposition voluntarily, then say so. We reserve all rights if that is the case. But I am asking, please, do not force us down that road, It will only create additional, unnecessary fights and delay, and drive up expenses.

On February 22, 2024, Mr. Tennert emailed Mr. DeArman, "**Mr. Wood is available for remote deposition on March 28.**"[45]

On February 23, 2024, Mr. Tennert emailed Mr. DeArman, "**Mr. Manning is currently available March 25 and 26.**"[46]

That same day (February 23), Mr. DeArman emailed Mr. Tennert accepting the offer: "**We can take Mr. Manning's deposition on March 26, and Mr. Wood's for March 28.**"[47] However, as a courtesy, Mr. DeArman also suggested that "[s]ince we are traveling to the UK anyway [for AUK depositions], I suggest we take both depositions in person and thereby avoid the hassles of remote depositions."[48]

By March 1, 2024, Mr. Tennert had still not responded, so ISI's counsel Patrick Pijls followed up via email.[49] That day, Mr. Pijls conferred on the telephone with Mr. Tennert on a variety of issues, including deposing Messrs. Manning and Wood in-person while ISI's counsel

---

[45] Ex. 12, Email from J. Tennert to T. DeArman, at PDF 4 (Feb. 22, 2024) (emphasis added).

[46] Ex. 12, Email from J. Tennert to T. DeArman, at PDF 3-4 (Feb. 23, 2024) (emphasis added).

[47] Ex. 12, Email from T. DeArman to J. Tennert, at PDF 2-3 (Feb. 23, 2024) (emphasis added).

[48] Ex. 12, Email from T. DeArman to J. Tennert, at PDF 2-3 (Feb. 23, 2024). Mr. DeArman's reference to travel to the United Kingdom concerns ISI's agreement to travel to the United Kingdom to depose four current AUK directors, officers, and employees.

[49] Ex. 13-A Email from P. Pijls to J. Tennert, at PDF 6 (March 1, 2024).

(and presumably Amelco's counsel) would be in London, England, for the AUK depositions.[50] Mr. Tennert stated no opposition to that plan:[51]

> April 3-12, 2024 is the tentative date range when witnesses can be deposed at Amelco's offices in London. You will confirm these dates likely by today and no later than Monday. **You are not opposed to holding Msrs. Manning's and Wood's depositions in-person and will confirm whether they are available sometime April 3-12.**

Mr. Tennert promised to confirm that day (Friday) and absolutely no later than March 4, 2024 (Monday) that the witnesses would accept subpoena by email service and would sit for in-person depositions.[52]

By March 4, 2024, Mr. Tennert had failed to respond, so Mr. Pijls followed up via email.[53] That day, Mr. Pijls again conferred on the telephone with Mr. Tennert on Messrs. Manning's and Wood's depositions. Mr. Tennert now advised that he would confirm that day (Monday) and absolutely no later than the following morning, March 5, 2024 (Tuesday) that the witnesses would accept subpoena email service and would sit for in-person depositions.[54]

By March 5, 2024, Mr. Tennert had still failed to respond, so Mr. Pijls again followed up via email.[55] That day, Mr. Pijls again conferred on the telephone with Mr. Tennert on Messrs. Manning's and Wood's depositions and stated that if it was more convenient, ISI would depose the witnesses remotely (as opposed to in-person in London):[56]

> We have been awaiting confirmation that Messrs. Manning and Wood will accept email service for weeks. You indicated that email service is acceptable to you, and both Messrs. Manning and Wood confirmed to

---

[50] Ex. 13, Pijls Decl. ¶ 4.

[51] Ex. 13-B Email from P. Pijls to J. Tennert, at PDF 8 (March 1, 2024) (emphasis added).

[52] Ex. 13, Pijls Decl. ¶ 4.

[53] Ex. 13-C, Email from P. Pijls to J. Tennert, at PDF 10 (March 4, 2024).

[54] Ex. 13, Pijls Decl. ¶ 5.

[55] Ex. 13-E, Email from P. Pijls to J. Tennert, at PDF 14 (March 5, 2024).

[56] Ex. 13-F, Email from P. Pijls to J. Tennert, at PDF 16-17 (March 6, 2024).

> Travis that email service was acceptable to them. So this issue should be a non-issue.
>
> We please need confirmation on email service no later than today.
>
> Separately, you indicated that Mr. Manning will not travel to London for an in-person deposition and that you have not yet spoken with Mr. Wood. If the witnesses agree to email service, ISI will agree to remote depositions for each witness. Mr. Wood, of course, may testify in-person, if he prefers.

On March 7, 2024, still having receiving no confirmation from Mr. Tennert, Mr. Pijls again emailed Mr. Tennert repeating his request for a confirmation.[57]

That day (March 7), ISI served Mr. Manning's subpoena on Mr. Tennert for a remote deposition on the previously agreed-to date of March 26, 2024.[58]

On March 8, 2024, ISI served Mr. Wood's subpoena on Mr. Tennert for a remote deposition on April 19, 2024.[59] That day, counsel conferred on a telephone call on a variety of issues, and during the call Mr. Tennert advised ISI's counsel that Messrs. Manning and Wood would no longer testify unless compelled through the Hague Convention.[60] ISI's counsel then sent a confirmatory email March 10, 2024.[61]

**Nine days later**, Amelco's counsel responded.  That response and ISI's reply are attached as Exhibit 16. In that correspondence, Amelco's counsel misquoted ISI's counsel and offered a series of incorrect statements, again implying that ISI's counsel committed some kind of misconduct in its communications with Messrs. Manning or Wood, for example, stating that ISI's counsel "threatened" the witnesses or tried to "coax" them into an interview.[62]

---

[57] Ex. 13-G, Email from P. Pijls to J. Tennert, at PDF 20 (March 7, 2024).

[58] Ex. 14, Amended Manning Subpoena.

[59] Ex. 15, Wood Subpoena.

[60] Ex. 17, DeArman Decl. ¶ 12.

[61] Ex. 16, Email from T. DeArman to J. Tennert, at PDF 6-9 (March 10, 2024).

[62] Ex. 16, Email from J. Tennert to T. DeArman, at PDF 2-6 (March 19, 2024).

These insinuations are meritless and lack any evidentiary support. Nevertheless, ISI and its counsel take them seriously. ISI's counsel stands by the record set forth above. Specifically, the only concern that ISI's counsel ever raised was that Amelco (through its counsel) has inserted itself into this process for the sole purpose of impeding the testimonies of Messrs. Manning and Wood.[63] Amelco's motives for this interference are obvious: Messrs. Manning and Wood have admitted facts devastating to their defenses. *See supra* Part III.A. The record demonstrating Amelco's interference, and rebutting Amelco's arguments concerning delay and misconduct, is set forth above and in the exhibits hereto. That record further supports ISI's motion.

## IV.   CONCLUSION

ISI still hopes to resolve this issue by agreement and will continue to work with Amelco and Messrs. Manning and Wood (through their common counsel, Fennemore) to secure that agreement. ISI welcomes Messrs. Manning's and Wood's truthful testimonies. ISI also stands by its commitment to minimize any burden or inconvenience to the witnesses, including by taking their depositions remotely at any reasonable dates and times of their choosing.

However, the record and authorities set forth above and in the attached exhibits demonstrates that: ISI seeks critical evidence in the form of Messrs. Manning's and Wood's testimonies; ISI must obtain a letter of request from this Court to secure the testimonies; Amelco cannot meet its burden to show good cause why the letters of request should not issue; and Amelco's arguments and insinuations against ISI and its counsel are meritless.

---

[63] *See* Ex. 16, Email from T. DeArman to J. Tennert, at PDF 2-6 (March 20, 2024) ("I have serious concerns about *Amelco's* and *Fennemore's* actions, which evidence a concerted effort by Amelco (through you and Fennemore as its agents) to prevent or delay the testimony of Mr. Manning and Mr. Wood. I specifically told you that any effort by *Amelco* to procure the absence of these witnesses (the exact words I used) would cause problems for Amelco and this case. I repeated my concerns in my follow up email, and asked you to reconsider." (cleaned up and emphasis in original)).

1    ISI therefore requests that the Court grant its motion, and issue the letter of request

2    submitted hereto as the proposed order.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DATED: March 22, 2024

**MCKOOL SMITH, PC**


*/s/ Travis DeArman*
Robert M. Manley, (*pro hac vice*)
rmanley@mckoolsmith.com
Travis E. DeArman, (*pro hac vice*)
tdearman@mckoolsmith.com
Patrick Pijls, (*pro hac vice*)
ppijls@mckoolsmith.com
300 Crescent Court, Suite 1500
Dallas, TX 75201
Tel: (214) 978-4000
Fax: (214) 978-4044

J Christopher Jorgensen (Ba No. 5382)
cjorgensen@lewisroca.com
**LEWIS ROCA ROTHGERBER CHRISTIE LLP**
3993 Howard Hughes Pkwy, Suite 600
Las Vegas, NV 89169
Tel: (702) 949-8200

*Attorneys for Plaintiff*
*Internet Sports International, Ltd.*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that service of the foregoing was filed on March 22, 2024

via the Court's CM/ECF electronic filing system addressed to all Parties on the e-service list.

*/s/ Travis E. DeArman*
Travis DeArman