# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| INTERNET SPORTS INTERNATIONAL, LTD., <br><br> Plaintiff, <br><br> v. <br><br> AMELCO USA, LLC, et al., <br><br> Defendants. | Case No. 2:23-cv-00893-ART-NJK <br><br> **Order** <br><br> [Docket Nos. 83, 88, 95, 96, 100, 104, 108, 116, and 117] |

Pending before the Court are five discovery motions. Docket Nos. 83, 88, 95, 96, 117. Also pending before the Court are four related motions to seal. Docket Nos. 100, 104, 108, 116. For the reasons discussed below, the discovery motions (Docket Nos. 83, 88, 95, 96, 117) are **DENIED** without prejudice and the motions to seal (Docket Nos. 100, 104, 108, 116) are conditionally **GRANTED**.

## I.   DISCOVERY MOTIONS

Over the past three months, the parties have engaged in rolling motion practice on discovery disputes. Each time the discovery motion practice (and accompanying motion practice on sealing) appears to be primed for resolution, a new motion or set of motions has been filed. The discovery motions generally follow a pattern: representations in the motion that a sufficient meet-and-confer was either held or that meaningful conferral efforts were blocked by misconduct of the opposing party, *see, e.g.*, Docket No. 88 at 2-4, and a counterargument that a sufficient meet-and-confer was not held, *see, e.g.*, Docket No. 92 at 4-5. The papers are also sprinkled with representations that conferral efforts continued even after a discovery motion was filed, Docket No. 85 at 7, and that some resolution actually was or could have been achieved, *see, e.g.*, Docket No. 101 at 6. The motions also appear to include disputes that (at least in part) should not require

motion practice seeking judicial intervention.[1] The Court declines to resolve these disputes at this juncture.

"Discovery is supposed to proceed with minimal involvement of the Court." *F.D.I.C. v. Butcher*, 116 F.R.D. 196, 203 (E.D. Tenn. 1986). Counsel must strive to be cooperative, practical, and sensible throughout the discovery process. *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015). Controlling law requires parties to engage in discovery in good faith, *e.g.*, *Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1246 (9th Cir. 1981), and to engage in discovery conferral efforts in good faith, *e.g.*, Fed. R. Civ. P. 37(a)(1). Seeking judicial resolution of voluminous discovery disputes is generally a red flag that these duties have not been met. *See 4R4 Sons, LLC v. Tru G. Willhelm, Inc.*, 20122 WL 2905468, at *1 (D. Nev. July 22, 2022); *see also King Tuna, Inc. v. Luen Thai Fishing Ventures, Ltd.*, 2010 WL 11515316, at *1 (C.D. Cal. Apr. 28, 2010). Moreover, parties should seek judicial intervention on discovery disputes "only in extraordinary situations that implicate truly significant interests." *In re Convergent Techs. Securities Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985).

These duties have existed for decades, but they have become all the more critical after the 2015 amendments to the discovery rules:

> As chronicled by Judge Leen, the drafters of the 2015 amendments to the Federal Rules of Civil Procedure endeavored once again to change the legal profession for the better in this context. *Roberts v. Clark County School District*, 312 F.R.D. 594, 603-04 (D. Nev. 2016). Two amendments are of particular note here. First, the text of Rule 1 was amended to make clear that attorneys and their clients have a duty to advance cases in a manner that secures the just, speedy, and inexpensive determination of the actions. Fed. R. Civ. P. 1.[2] Hence, attorneys and parties must act in a reasonable, cooperative manner to advance the litigation process (including

---

[1] As one example, the parties engaged in full motion practice regarding issuance of letters requesting international judicial assistance (along with accompanying motion practice on sealing). *See* Docket Nos. 95, 97, 103, 104, 105, 110, 115. To be clear, there appears to be no dispute that these letters should issue; the parties instead dispute the language of the proposed order. *See, e.g.*, Docket No. 97 at 4-5.

[2] The local rules governing civil practice in this District have likewise been amended to emphasize this same principle: "It is the obligation of attorneys, as officers of the court, to work toward the prompt completion of each case and to minimize litigation expense. . . . Effective advocacy depends on cooperative use of these rules to manage cases in a cost-effective manner." Local Rule 1-1(b).

> discovery). Second, the text of Rule 26 was amended to highlight the requirement that discovery be conducted in a manner that is proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Hence, practicality and common sense should be at the forefront of discovery efforts.
>
> While the 2015 amendments to the Federal Rules of Civil Procedure may not have been front-page news, they are designed to spur significant change in the practice of law in federal court. *Cf.* Tracy Chapman, *Talkin' Bout A Revolution* (Elektra/Asylum Records 1988) ("Don't you know/ They're talkin' about a revolution/ It sounds like a whisper"). Chief Justice Roberts explained that these rule changes are "a big deal" even though they may not seem so at first glance, particularly since they impose on lawyers representing adverse parties "an affirmative duty to work together" in a cooperative manner. John Roberts, 2015 Year-End Report on the Federal Judiciary at 5-6 (Dec. 31, 2015) (available at http://www.supremecourt.gov/publicinfo/year-end/2015year-endreport.pdf). Chief Justice Roberts further explained that these amendments "are a major stride toward a better federal court system," but warned that this advancement can be realized "only if the entire legal community, including the bench, bar, and legal academy, step up to the challenge of making real change." *Id.* at 9.

*PlayUp, Inc. v. Mintas*, 2022 WL 17742426, at *1 (D. Nev. Dec. 8, 2022).

The record in this case raises concern that counsel have not sufficiently familiarized themselves with these duties, so the Court will afford them an opportunity to step up to the challenge of making real change by returning to the meet-and-confer table to speak in cooperation. This process will also afford counsel the opportunity to consider whether any particular dispute that remains unresolved thereafter represents one of those "extraordinary situations that implicate truly significant interests" such that motion practice is warranted. To facilitate that process, all of the pending discovery motions will be denied without prejudice. Such motions may be refiled only after further, <u>in-person</u> conferral efforts. These efforts must be robust and handled in a spirit of cooperation. Those conferral efforts must take place by June 12, 2024, and any renewed motion practice must be filed promptly thereafter.[3]

---

[3] The Court will carefully review any renewed motion practice regarding these issues. Of course, counsel must be mindful that the improper filing of a discovery motion, or the improper forcing of a litigation opponent to file a discovery motion, will result in an award of expenses. *See, e.g.*, *Big City Dynasty v. FP Holdings, L.P.*, 336 F.R.D. 507, 513 (D. Nev. 2020). Particularly given the additional opportunity afforded herein for counsel to consider their positions, the Court will not hesitate to award expenses if the circumstances so warrant, so the loser of any renewed discovery motion practice should anticipate that the party, its attorneys, or both will incur a financial consequence.

## II. MOTIONS TO SEAL

With respect to the motions to seal, the Court must weigh competing interests, including the public's ability to understand the judicial process. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79, 1181 (9th Cir. 2006); *see also Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 679 & n.6 (9th Cir. 2010). Because the Court is not herein resolving the pending disputes, the public's interest in the subject information is limited. As such, the Court will conditionally grant the motions to seal, with the caveat that any refiled motion practice with this information must include a fulsome showing as to how the governing sealing standard is met. Moreover, counsel must make particular note moving forward to ensure that they are utilizing redaction when possible, rather than seeking to seal entire documents, *see Harper v. Nev. Prop. 1, LLC*, 552 F. Supp. 3d 1033, 1040-41 (D. Nev. 2021), and that redaction or sealing requests must be supported "by the presentation of evidence, such as a declaration from someone <u>with personal knowledge</u>, rather than by the argument of counsel," *see Henderson v. Aria Resort & Casino Holdings, LLC*, 2023 WL 4288830, at *1 (D. Nev. June 29, 2023) (collecting cases).

## III. CONCLUSION

Accordingly, for the reasons discussed above, the discovery motions (Docket Nos. 83, 88, 95, 96, 117) are **DENIED** without prejudice and the motions to seal (Docket Nos. 100, 104, 108, 116) are conditionally **GRANTED**.

IT IS SO ORDERED.

Dated: May 28, 2024.

_____
Nancy J. Koppe
United States Magistrate Judge