UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| INTERNET SPORTS INTERNATIONAL, LTD., <br><br> Plaintiff(s), <br><br> v. <br><br> AMELCO USA, LLC, et al., <br><br> Defendant(s). | Case No. 2:23-cv-00893-ART-NJK <br><br> **Order** <br><br> [Docket No. 190] |

Pending before the Court is Defendants' motion to seal. Docket No. 190; *see also* Docket No. 191 (sealed filings). Defendants later consented to the public filing of the brief itself (Docket No. 191). *See* Docket No. 218 at 8-9. Following issuance of an order to show cause, Docket No. 235, Defendants' request for secrecy has been further narrowed to seeking redaction to one exhibit, Docket No. 236 at 8-9. Plaintiff opposes secrecy. Docket No. 246.

There is a strong presumption in favor of public access to judicial records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Secrecy may be ordered in relation to information within non-dispositive filings upon a particularized showing of good cause. *Id.* at 1180. At the same time, the law "gives the district court much flexibility in balancing and protecting the interests of private parties" in applying the good cause standard. *Id.* The Ninth Circuit has recognized that sealing is warranted for contractual information concerning pricing terms, royalty rates, and guaranteed minimum payments. *In re Electronic Arts, Inc.*, 298 Fed. Appx. 568, 569 (9th Cir. 2008).

The Court begins with Defendants' proposed redaction as to Defendants' ratio for retail-to-online. Docket No. 191-1 at 41 (page 174:16-17 of the transcript). Defendants argue that this information is not publicly known and is "confidential commercial information of AUK's." Docket No. 236-1 at ¶ 12; *see also* Docket No. 236 at 9. What is missing, however, is any kind of

explanation or showing as to why the public disclosure of that information would be harmful or prejudicial to Defendants in any way. As a result, this proposed redaction is rejected. *See, e.g.*, *Kamakana*, 447 F.3d at 1186-87 (affirming finding of no good cause for sealing given the failure "to demonstrate any specific prejudice or harm").

With respect to the remaining redactions, the Court shares the concerns articulated by Plaintiff as to the scarce showing made. This is not a difficult standard to understand and it should be pretty straightforward to present a factual showing that tracks the standard, particularly after the Court has already explained these issues to the parties repeatedly. And, yet, Defendants fail to even argue, let alone show, that the disclosure of the subject information will lead to any kind of discernible harm or prejudice. Nonetheless, the Court is mindful that the information at issue is largely geared toward nonparties. Moreover, on its face, the information (about business strategy and forecasting) would suggest that secrecy would be warranted under the good cause standard. Given the circumstances, the Court will err on the side of caution and allow the redactions.[1]

Accordingly, Defendants' motion to seal is **GRANTED** in part and **DENIED** in part. The Clerk's Office is **INSTRUCTED** to continue maintaining under seal the exhibit at Docket No. 191-1 (Exhibit 3). Defendants must file, by October 21, 2024, a redacted version of Exhibit 3 that removes the proposed redaction rejected above. The Clerk's Office is **INSTRUCTED** to unseal Docket No. 191, Docket No. 191-2 (Exhibit 7), and Docket No. 191-3 (Exhibit 8).

IT IS SO ORDERED.

Dated: October 17, 2024

_____
Nancy J. Koppe
United States Magistrate Judge

---

[1] To be crystal clear, "[a] 'good cause' showing will not, without more, satisfy a 'compelling reasons' test." *Kamakana*, 447 F.3d at 1180. The leniency provided herein will not save future filings subject to the compelling reasons test.