UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| INTERNET SPORTS INTERNATIONAL, LTD., <br><br> Plaintiff, <br> v. <br><br> AMELCO USA, LLC. et al., <br><br> Defendants. | Case No. 2:23-cv-893-ART-NJK <br><br> ORDER ON PLAINTIFF'S MOTION TO FILE EXCESS PAGES (ECF No. 164), DEFENDANTS' MOTION TO FILE EXCESS PAGES (ECF Nos. 250, 251), and PLAINTIFF'S MOTION TO SEAL (ECF No. 163). |

Before the Court are motions by both parties to this action for leave to file excess pages. Plaintiff Internet Sports International ("ISI") filed a motion seeking leave to file two summary judgment motions, one in excess of page limits. (ECF No. 164.) Defendants Amelco UK Ltd. ("AUK") and Amelco USA, LLC ("AUSA") subsequently filed a motion seeking leave to file three summary judgment motions, one in excess of page limits. (ECF No. 250[1].) Also before the Court is Plaintiff's motion to file its motion for leave under seal. (ECF No. 163.)

As explained below, the Court grants both parties' motions in part. Both Plaintiff and Defendant are granted leave to file one omnibus motion for summary judgment at up to 75 pages. Responses are limited to 75 pages and replies to 35 pages. The Court also denies Plaintiff's motion to seal.

I.     **Motions for Leave to File Excess Pages**

Local Rule 7-3 limits motions for summary judgment to 30 pages. LR 7-3(a). A party may file a motion for leave to file a motion in excess of these page limits. LR 7-3(c). Such a motion is disfavored under the local rules and will be granted only upon a showing of good cause. *Id.* A District Court has broad

---

[1] Defendant's motions are docketed as ECF No. 250 "Motion for Leave to File Document" and ECF No. 251 "Motion for Leave to File Excess Pages." These motions are identical and will be referred to for clarity as ECF No. 250 in this order.

1

discretion in applying their local rules. *Miranda v. S. Pac. Transp. Co.*, 710 F.2d 516, 521 (9th Cir. 1983).

### A. Plaintiff's Motion for Leave to File Excess Pages (ECF No. 164)

ISI's motion requests leave to file two motions for summary judgment. ISI first requests to file a motion for summary judgment, within page limits, arguing that the 2019 NDA and 2019 MCA are valid and enforceable contracts binding on both Defendants, including arguments regarding alter ego. (ECF No. 164 at 1-2.) ISI next requests leave to file a motion for summary judgment arguing "for traditional and no-evidence summary judgment," and to dismiss Defendants' affirmative defenses. (*Id.* at 3.) ISI insists that because Defendants pleaded twenty-five affirmative defenses and plan to pursue all of them, seventy-five pages is necessary for this brief because it will permit approximately three pages per defense. (*Id.* at 3-4.)

Given the number of affirmative defenses Defendants plead, the Court finds good cause for Plaintiff to be granted leave file a motion for summary judgment which exceeds page limits. The Court grants Plaintiff leave to file ONE omnibus motion for summary judgment, up to 75 pages. Responses will be limited to 75 pages and replies to 35 pages.

### B. Defendants' Motion for Leave to File Excess Pages (ECF No. 250)

Defendants motion requests leave to file three motions for summary judgment. First, Defendant requests leave to file a motion for summary judgment on Plaintiff's contract and trade secret claims related to Defendants' purported breach, misappropriation and/or use of ISI's alleged confidential information and/or trade secrets (Claims 1, 2, 7, and 8), in excess of page limits at up to 45 pages. (ECF No. 250 at 2-3.) Defendants argue that excess pages are necessary because ISI has provided a lengthy log of alleged trade secrets and/or confidential information, which Defendants will be required to refute. (*Id.*) Defendants also seeks leave to file two motions within the page limits set by the local rules; a

1  motion for summary judgment on ISI's claims related to formation, breach and conduct pertaining to the "Kiosk Agreement" (Claims 3, 4, 5, 6, 9, 10, 11, and 12), and a motion for summary judgment on the issue of alter ego liability. (*Id.* at 3-4.) In the alternative, Defendants request leave to file one omnibus motion for summary judgment. (*Id.* at 3.)

Given the large number of arguments and evidence Defendants must address, the Court finds good cause for Defendant to be granted leave file a motion for summary judgment which exceeds page limits. The Court grants Defendants leave to file ONE omnibus motion for summary judgment, up to 75 pages. Responses will be limited to 75 pages and replies to 35 pages.

## II. Motion to Seal (ECF No. 163)

The Court previously approved the parties' stipulated protective order. (ECF No. 66.) The Court's subsequent November 20, 2023 order reminded the parties of the presumption of public access to judicial records and that all motions to seal must comply with *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006). (ECF No. 67.) The Court's order further stated:

> "If the sole ground for a motion to seal is that the opposing party (or non-party) has designated a document as confidential, the designator shall file (within seven days of the filing of the motion to seal) either **(1) a declaration establishing sufficient justification for sealing each document at issue or (2) a notice of withdrawal of the designation(s) and consent to unsealing.** If neither filing is made, the Court may order the document(s) unsealed without further notice."

(ECF No. 67 at 2) (emphasis added). Plaintiff filed its motion to seal the motion for leave to file excess pages in accordance with this directive. (ECF No. 163.) Plaintiff states that while it consents to public filing of the motion and all supporting documents, the motion and supporting documents include information which Defendants have designated as confidential. (*Id.*) Defendants respond that the entirety of Exhibit 1 and Exhibit 2, as well as pages 69-76 and page 249 of Exhibit 3, and pages 97-108 and 317-318 of Exhibit 4 were not

designated as confidential, and do not need to be sealed. (ECF No. 204 at 1-2.)

While Defendants indicated their consent to unsealing parts of ECF 163, Defendants failed to provide any justification for why the rest of the motion or exhibits should remain under seal. As was stated in Judge Koppe's November 20, 2023 order, "The fact that a court has entered a blanket stipulated protective order and that a party has designated a document as confidential pursuant to that protective order does not, standing alone, establish sufficient grounds to seal a filed document." (ECF No. 67 at 2) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133 (9th Cir. 2003); *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992)). As neither party has provided any justification for sealing Plaintiff's motion to file excess pages, the Court will deny the motion to seal (ECF No. 163) and unseal ECF No. 164 and the attached exhibits in entirety.

### III. CONCLUSION

It is therefore ordered that Plaintiff's motion for leave to file excess pages (ECF No. 164) is GRANTED IN PART.

It is further ordered that Defendants' motions for leave to file excess pages (ECF Nos. 250 and 251) are GRANTED IN PART.

Plaintiff and Defendants are each granted leave to file ONE 75-page omnibus motion for summary judgment. Responses will be limited to 75 pages and replies to 35 pages.

It is further ordered that Plaintiff's motion to seal (ECF No. 163) is DENIED.

The Clerk of Court is directed to UNSEAL ECF No. 164 and all attached exhibits.

Dated this 24th day of October, 2024.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE