UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

|  |  |
|---|---|
| Internet Sports International, Ltd.,<br>    Plaintiff(s),<br>v.<br>Amelco USA, LLC, et al.,<br>    Defendant(s). | Case No. 2:23-cv-00893-ART-NJK<br>**Order**<br>[Docket No. 315] |

Pending before the Court is Defendants' motion to seal an exhibit designated as confidential by Plaintiff. Docket No. 315; *see also* Docket No. 316-14 (sealed exhibit). Plaintiff filed a response in support of sealing. Docket No. 318; *see also* Docket No. 305-1 (declaration). Defendants filed a reply arguing against sealing. Docket No. 322.

There is a strong presumption in favor of public access to judicial records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). "In general, compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179.

The instant papers leave much to be desired. The Court will issue this order with some overarching rulings and the parties will be required to file a joint supplement in compliance with those rulings. First, the Court rejects Plaintiff's argument that the prior order conditionally allowing sealing obviates the need for Plaintiff to make a proper showing as to secrecy now. *See* Docket No. 318 at 2-3; *but see* Docket No. 312 at 1 ("In the event the subject exhibit is filed again with respect to future motion practice, a proper showing for sealing must be made at that juncture"). Second, the Court rejects Defendants' arguments that a finding of insufficient evidence to support a trade secret claim in a summary judgment ruling means that information cannot be

1

sealed. *See* Docket No. 322 at 2. A sealing request is an administrative motion that is generally resolved based on a declaration, rather than a ruling on the merits. *See Henderson v. Aria Resort & Casino Holdings, LLC*, 2023 WL 4288830, at *1 (D. Nev. June 29, 2023) (collecting cases). Third, the Court agrees with Defendants that a basis to seal this lengthy document has not been made, as opposed to providing redactions. *See* Docket No. 322 at 4; *see also Harper v. Nev. Prop. 1, LLC*, 552 F. Supp. 3d 1033, 1040-41 (D. Nev. 2021). The supporting declaration attests to confidential information on specific pages and compelling reasons have not been shown for secrecy on pages that are not addressed. Fourth, the Court agrees with Defendants that the declaration appears too vague to determine what precisely requires redaction. *See* Docket No. 322 at 3-4. Given the posture of the motion to seal addressing an opposing party's designated material, Plaintiff has not responded to the arguments with more specificity as to what exactly within this exhibit warrants secrecy.

In light of the above, the Court **DEFERS** ruling on this motion to seal. No later than September 17, 2025, the parties must file a joint supplement indicating what specific parts of the exhibit warrant redaction. That joint supplement must state with specificity the redactions proposed and the factual basis for asserting that compelling reasons exist for secrecy. The Court would hope the parties can agree on this administrative matter. In the event the parties cannot agree, the joint supplement must provide the parties' competing positions. Since it is Plaintiff that seeks secrecy, it must prepare and file the joint supplement.

IT IS SO ORDERED.

Dated: September 9, 2025

_____
Nancy J. Koppe
United States Magistrate Judge