UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Internet Sports International, Ltd.,<br>    Plaintiff(s),<br>v.<br>Amelco USA, LLC, et al.,<br>    Defendant(s). | Case No. 2:23-cv-00893-ART-NJK<br>**Order**<br>[Docket No. 292] |

Pending before the Court is Defendant Amelco UK Ltd.'s motion seeking imposition of contempt sanctions against Plaintiff. Docket No. 292. Plaintiff filed a response in opposition. Docket No. 295. Amelco UK filed a reply. Docket No. 307. The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the Court **DENIES** the motion for contempt sanctions, but **ORDERS** Plaintiff to produce all non-privileged documents responsive to Requests for Production 33-34, 36-37, and 123-124.

**I.    BACKGROUND**

This case involves allegations that Defendants stole confidential information and trade secrets to make sports-betting kiosks. An extensive background has been provided elsewhere and will not be repeated herein. *See* Docket No. 314 at 1-7 (summary judgment order). Pertinent to the instant dispute, the Court ruled on numerous discovery disputes and compelled in part further discovery responses. *See* Docket No. 286.[1] Amelco UK argues that Plaintiff's efforts in complying with the Court's orders were deficient in several ways and now seeks contempt sanctions. Docket No. 292. That is the matter currently before the Court.

---

[1] The Court issued its order under unfortunate circumstances, in that the parties flooded the Court with poorly drafted discovery motions and motions to seal at the last possible moment. Hence, the rulings were rendered in somewhat truncated form to avoid further unnecessary delay. *See, e.g.*, Docket No. 286 at 1-3.

## II. STANDARDS

Particularly when a party seeks the imposition of significant sanctions, the Court takes very seriously the requirement that the movant provide adequate factual and legal support for its request. *See Taddeo v. Am. Invsco Corp.*, Case No. 2:12-cv-01110-APG-NJK, 2015 WL 751072, at *1 (D. Nev. Feb. 20, 2015); *see also, e.g.*, *Tomahawk Mfg., Inc. v. Spherical Indus., Inc.*, Case No. 2:23-cv-01007-APG-NJK, 2025 WL 342094, at *2 (D. Nev. Jan. 30, 2025). In assessing whether to impose sanctions, the Court hews closely to the standards and requirements applicable to the cited authority. *See, e.g.*, *Borenstein v. Animal Found.*, Case No. 2:19-cv-00985-CDS-NJK, 2024 WL 6069434, at *1-2 (D. Nev. Feb. 14, 2024). The Court does so in accordance with Ninth Circuit law. *See Weissman v. Quail Lodge, Inc.*, 179 F.3d 1194, 1200 (9th Cir. 1999) (a court imposing sanctions "must clearly delineate under which authority it acts to insure that the attendant requirements are met"); *Keegan Mgmt. Co. Sec. Litig.*, 78 F.3d 431, 435 (9th Cir. 1996) ("For a sanction to be validly imposed, the conduct must be sanctionable under the authority relied on") (internal quotation marks omitted). The pertinent question is not whether some sort of wrongdoing has occurred; the inquiry is whether the movant has met the standards that govern its specific request for sanctions.

Amelco UK seeks the imposition of sanctions pursuant to Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure,[2] which provides as follows:

> (A) *For Not Obeying a Discovery Order.* If a party or a party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)—fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
>
> > (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

---

[2] The Court does not opine herein on whether Amelco UK could have obtained relief under some other legal authority because Amelco UK did not file a motion seeking relief pursuant to other legal authority. The time for seeking such relief has now expired. *See, e.g.*, *Kona Enterps., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (explaining that a motion for reconsideration "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation" (emphasis in original)).

2

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2). Hence, the threshold inquiry in deciding a Rule 37(b) motion for sanctions is whether the opposing party violated a discovery order. *See, e.g.*, *Hyde & Drath v. Baker*, 24 F.3d 1162, 1170 (9th Cir. 1994).

Upon finding a violation of a discovery order, the analysis turns to deciding the consequences for that disobedience. One of the potential sanctions for violating a discovery order is the initiation of contempt proceedings. *See* Fed. R. Civ. P. 37(b)(2)(A)(vii).[3] "Sanctions for civil contempt may be imposed to coerce obedience to a court order, or to compensate the party pursuing the contempt action for injuries resulting from the contemptuous behavior, or both." *Gen. Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1380 (9th Cir. 1986). "In a civil contempt action, '[t]he moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court. The burden then shifts to the contemnors to demonstrate why they were unable to comply.'" *F.T.C. v. Enforma Natural Prods., Inc.*, 362 F.3d 1204, 1211 (9th Cir. 2004) (quoting *F.T.C. v. Affordable Media, LLC*, 179 F.3d 1228, 1239 (9th Cir. 1999)). A finding of contempt is not appropriate where the contemnors have taken "all reasonable steps" to comply with the order. *See, e.g.*, *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1479 (9th Cir. 1992).

---

[3] The civil contempt power of a magistrate judge regarding failure to abide by a discovery order is governed by 28 U.S.C. § 636(e). *See Aldridge v. Young*, 782 F. Supp. 1457, 1458 (D. Nev. 1991). When an act constitutes civil contempt, a magistrate judge certifies facts to the district judge. *See* 28 U.S.C. § 636(e)(6)(B)(iii).

"A court has wide latitude in determining whether there has been contemptuous defiance of its order." *Gifford v. Heckler*, 741 F.2d 263, 266 (9th Cir. 1984). "Imposition of sanctions under Rule 37(b), and the selection of the particular sanction, are matters left to the discretion of the trial court." *Liew v. Breen*, 640 F.2d 1046, 1050 (9th Cir. 1981).

**III.     ANALYSIS**

A.     Requests for Admission

Amelco UK argues that Plaintiff violated the Court's order to "amend its responses to the requests for admission," *see* Docket No. 286 at 6, because Plaintiff has now provided "clear admissions and denials," *see* Docket No. 292 at 21.[4] While the prior order determined that Plaintiff's earlier responses to the requests for admission were "inadequate" because they asserted an inability to admit or deny without sufficient support, the Court did not specify the form of compliance with its order. Docket No. 286 at 5-6. The Court certainly did not issue a "specific and definite order" requiring Plaintiff to identify the search it had undertaken earlier in drafting responses to the requests for admission. Amelco UK having failed to show that Plaintiff violated an order with respect to its amended responses to the requests for admission, the Court will not impose Rule 37(b) sanctions on this basis.

B.     Documents Withheld as Privileged

Amelco UK argues that Plaintiff has improperly labeled a handful of documents as privileged and withheld those documents in violation of the Court's earlier order granting a motion to compel with respect to Requests for Production 1-7 and 10-11. *See* Docket No. 292 at 16-20. This privilege dispute has apparently been percolating behind the scenes for more than a year. *See, e.g.*, Docket No. 292 at 7-8 (noting demand for these documents on June 6, 2024, and production

---

[4] The gist of Amelco UK's position is that it wants to cross-examine Plaintiff at trial on its alleged dishonesty in the earlier responses to the requests for admission. *See* Docket No. 292 at 21. Of course, the goals behind requests for admission are to promote "truth-seeking in litigation and efficiency in dispensing justice," *Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007), and those goals are advanced by the service of clear admissions and denials. Policy considerations aside, however, Plaintiff did not violate the order to amend its responses, so contempt sanctions are not warranted.

of coversheets indicating that privilege was being claimed on July 10, 2024).[5] The underlying motion to compel specifically at issue asked that Plaintiff "be compelled to supplement its responses and identify which documents are responsive to which request with Bates numbers, as well as produce all responsive documents gathered after a search in conducted." Docket No. 144 at 10. The motion to compel did not seek a ruling that documents previously withheld as privileged be produced, and the Court's order granting the motion to compel did not address the issue of privilege. *See* Docket No. 286 at 10-11. Read in context, the Court did not order the production of documents that had been withheld as privileged. *See id.* As such, Amelco UK has not shown a violation of the Court's order with respect to the non-production of the documents in dispute, so the Court will not impose Rule 37(b) sanctions on this basis.

### C. Manner of Supplementation

Amelco UK argues that Plaintiff failed to properly label and organize its compelled responses to Requests for Production 99-101, 113-114, 116-117, 127-128. Docket No. 292 at 13-16. As the motion itself recognizes, Amelco UK did not previously ask for this relief as to all discovery in the case, but rather as to a specific subset of discovery, and the Court did not order Plaintiff to label and organize all compelled discovery. *See id.* at 15.[6] Amelco UK having failed to show that Plaintiff violated an order with respect to its supplemental responses to these requests for production, the Court will not impose Rule 37(b) sanctions on this basis.

### D. Discovery Related to Casino Contracts

Amelco UK argues that Plaintiff failed to produce all documents responsive to Requests for Production 33-34 and 36-37. Docket No. 292 at 9-10. Plaintiff does not dispute that it has not

---

[5] Amelco UK is effectively trying to shoehorn this privilege issue into a motion for contempt sanctions. Indeed, Amelco UK argues that the law is "clear" that five of these documents had to be produced when they were relied upon by Plaintiff's experts, Docket No. 307 at 8, which begs the question as to why Amelco UK did not file a motion seeking their production more than a year ago, *cf. Wells v. Sears Roebuck and Co.*, 203 F.R.D. 240, 241 (S. D. Miss. 2001).

[6] Amelco UK also argues that Plaintiff failed to supplement its written responses to account for the overruling of its earlier objections. Docket No. 292 at 14. Amelco UK has identified no order from the Court requiring formal supplementation of the written responses, nor does Amelco UK identify more generally legal authority to support the underlying premise that supplemental written responses are required by default when a party is ordered to produce additional documents.

5

produced all responsive documents, but argues instead that the Court's prior order only compelled it to produce casino contracts. *See* Docket No. 295 at 13. While the prior order addressed explicitly the relevance of the casino contracts, *see* Docket No. 286 at 10-11, the underlying motion to compel sought the more expansive universe of responsive documents to these requests, *see* Docket No. 144 at 10-11. The order granting that motion to compel required that all non-privileged documents must be produced responsive to Requests for Production 33-34 and 36-37, and Plaintiff did not comply with that order. While its current arguments are somewhat ticky-tacky, the Court will not hold Plaintiff in contempt for failing to comply with this order given its contentions as to the particular language in the order. *Cf. Enforma Natural Products, Inc.*, 362 F.3d at 1211. Instead, Plaintiff must produce all non-privileged documents responsive to Requests for Production 33-34 and 36-37 by October 8, 2025.[7]

Amelco UK asks that the Court impose additional requirements for this supplemental production, including that Plaintiff "serve supplemental responses that certify [Plaintiff] produced all responsive documents and identify all responsive documents produced in response to each request by Bates number," and that the "supplemental responses identify with particularity the inquiry [Plaintiff] undertook in attempting to locate responsive documents certified pursuant to FRCP 26(g)." Docket No. 292 at 10-11. Plaintiff does not address this aspect of the motion, *see* Docket No. 295 at 13-14, so it is granted as unopposed, *see, e.g.*, *Stichting Pensioenfonds APB v. Country Wide Fin'l Corp.*, 802 F. Supp. 2d 1125, 1132 (C.D. Cal. 2011) ("[i]n most circumstances, failure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue"). As such, Plaintiff's supplement as to Requests for Production 33-34 and 36-37 must comply with each of these requirements.

### E. PowerPoint Documents

Amelco UK argues that Plaintiff failed to produce all documents responsive to Requests for Production 123-24. *See* Docket No. 292 at 11-13. Once again, there appears to be no dispute

---

[7] Plaintiff agrees to meet-and-confer to produce those responsive documents that Amelco UK "does not have and believes it needs." Docket No. 295 at 14. The time for disputing the scope of these discovery requests has come and gone. The Court granted the earlier motion to compel, so Plaintiff must produce all responsive, non-privileged documents.

that all non-privileged, responsive documents have not yet been produced. *See* Docket No. 295 at 14-15. As with the documents identified in Section III.D, Plaintiff must produce all non-privileged documents responsive to Requests for Production 123-24 by October 8, 2025.

Amelco UK asks that the Court impose additional requirements for the supplemental production, including that Plaintiff "serve amended responses that comply with Rules 26(g) and 34(b)(2) by providing substantive responses, certified by counsel, indicating that all responsive documents have been produced," that the amended responses "identify with particularity the inquiry ISI undertook in attempting to locate responsive documents," and that Plaintiff "organize or label any alleged production of documents as required by Rule 34(b)(2)(E)(i)." Docket No. 292 at 12-13. Plaintiff does not address this aspect of the motion, *see* Docket No. 295 at 14-15, so it is granted as unopposed, *see, e.g.*, *Stichting Pensioenfonds*, 802 F. Supp. 2d at 1132. As such, Plaintiff's supplement as to Requests for Production 123-124 must comply with each of these requirements.

## IV.   CONCLUSION

For the reasons discussed above, the Court **DENIES** the motion for contempt sanctions, but **ORDERS** Plaintiff to produce all non-privileged documents responsive to Requests for Production 33-34, 36-37, and 123-124, no later than October 8, 2025.[8]

IT IS SO ORDERED.

Dated:  September 24, 2025

_____
Nancy J. Koppe
United States Magistrate Judge

---

[8] Amelco UK seeks an award of fees pursuant to Rule 37(b)(2)(C) of the Federal Rules of Civil Procedure. Docket No. 292 at 23. Plaintiff did not respond to that request. *See* Docket No. 295. Particularly given the mixed bag of rulings made herein, the Court declines to resolve the fees request herein without further input from the parties. *Cf.* Fed. R. Civ. P. 37(a)(5)(C). If Amelco UK continues to believe an award of fees is warranted, it must file a separate motion providing meaningful argument and all required information by October 24, 2025.