UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Internet Sports International, Ltd.,<br>　　　Plaintiff(s),<br>v.<br>Amelco USA, LLC, et al.,<br>　　　Defendant(s). | Case No. 2:23-cv-00893-ART-NJK<br>**Order**<br>[Docket Nos. 316, 317] |

Pending before the Court is Defendants' motion for sanctions sought pursuant to Rule 37(c)(1). Docket No. 317; *see also* Docket No. 316 (sealed version). Plaintiff filed a response in opposition. Docket No. 321. Defendants filed a reply. Docket No. 323.[1] The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the Court **GRANTS** in part and **DENIES** in part the motion for sanctions.

**I.　BACKGROUND**

This case involves allegations that Defendants stole confidential information and trade secrets to make sports-betting kiosks. An extensive background has been provided elsewhere and will not be repeated herein. *See* Docket No. 314 at 1-7 (summary judgment order). Pertinent to the instant dispute, the Court ruled on numerous discovery disputes and compelled in part further discovery responses. *See* Docket No. 286. On February 3, 2025, Plaintiff served a spreadsheet entitled "ESI Identification" that, *inter alia*, identified for the first time three documents as being responsive to discovery requests (ISI00174866, ISI00174867, and ISI00174868). *See, e.g.*, Docket No. 317-6 at ¶ 5. Defendants then filed a motion for case-dispositive sanctions pursuant

---

[1] The native pagination in the papers does not always align with the CMECF pagination. The Court cites herein to the CMECF pagination.

1

to Rule 37(c)(1), arguing that this production evidences discovery misconduct warranting dismissal. *See* Docket No. 317. That is the matter currently before the Court.

## II.   STANDARDS

Particularly when a party seeks the imposition of significant sanctions, the Court takes very seriously the requirement that the movant provide adequate factual and legal support for its request. *See Taddeo v. Am. Invsco Corp.*, Case No. 2:12-cv-01110-APG-NJK, 2015 WL 751072, at *1 (D. Nev. Feb. 20, 2015); *see also, e.g.*, *Tomahawk Mfg., Inc. v. Spherical Indus., Inc.*, Case No. 2:23-cv-01007-APG-NJK, 2025 WL 342094, at *2 (D. Nev. Jan. 30, 2025). In assessing whether to impose sanctions, the Court hews closely to the standards and requirements applicable to the cited authority. *See, e.g.*, *Borenstein v. Animal Found.*, Case No. 2:19-cv-00985-CDS-NJK, 2024 WL 6069434, at *1-2 (D. Nev. Feb. 14, 2024). The Court does so in accordance with Ninth Circuit law. *See Weissman v. Quail Lodge, Inc.*, 179 F.3d 1194, 1200 (9th Cir. 1999) (a court imposing sanctions "must clearly delineate under which authority it acts to insure that the attendant requirements are met"); *Keegan Mgmt. Co. Sec. Litig.*, 78 F.3d 431, 435 (9th Cir. 1996) ("For a sanction to be validly imposed, the conduct must be sanctionable under the authority relied on") (internal quotation marks and citation omitted). The pertinent question is not whether some sort of wrongdoing has occurred; the inquiry is whether the movant has met the standards that govern its specific request for sanctions.

Defendants seek the imposition of sanctions pursuant to Rule 37(c)(1) of the Federal Rules of Civil Procedure,[2] which provides as follows:

> (1) *Failure to Disclose or Supplement*. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply

---

[2] The motion makes passing reference to "inherent authority" sanctions. Docket No. 317 at 10. The Court declines to address a request that was not supported by meaningfully developed argument. *See, e.g.*, *Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 582 n.3 (D. Nev. 2013).

The Court also does not opine herein on whether Defendants could have obtained relief under some other legal authority because Defendants did not file a motion seeking relief pursuant to other legal authority. The time for seeking such relief has now expired. *See, e.g.*, *Kona Enterps., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (explaining that a motion for reconsideration "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation" (emphasis in original)).

>   evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
>>   (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>>
>>   (B) may inform the jury of the party's failure; and
>>
>>   (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Fed. R. Civ. P. 37(c)(1). Hence, obtaining sanctions pursuant to Rule 37(c)(1) entails a multi-step process, which begins with the movant bearing the burden of showing that the opposing party failed to provide information or identify a witness as required by Rule 26(a) or Rule 26(e). *See Silvagni v. Wal-Mart Stores, Inc.*, 320 F.R.D. 237, 241 (D. Nev. 2017). The Court applies these rules with an eye toward common sense, keeping in mind the purposes that the rules are intended to accomplish. *Id.* at 240 (quoting *Jackson v. United Artists Theatre Circuit, Inc.*, 278 F.R.D. 586, 592 (D. Nev. 2011)).

Rule 26(a) requires certain information be exchanged as initial disclosures to put a litigant "on notice of the factual and legal contentions of the opposing party." *Silvagni*, 320 F.R.D. at 240. As made plain by the rule's language, the scope of the initial disclosure obligation is limited to information that the disclosing party "may use to support its claims or defenses." *See* Fed. R. Civ. P. 26(a)(1)(A)(i)-(ii); *see also Big City Dynasty v. FP Holdings, L.P.*, 336 F.R.D. 507, 511 (D. Nev. 2020) ("courts generally interpret the discovery provisions in the Federal Rules of Civil Procedure based on their plain meaning"). The scope of required initial disclosures is not measured by the more expansive discovery concept of relevance. *See, e.g.*, *Werbicky v. Tree Servicing, LLC*, Case No. 2:12-cv-01567-JAD-NJK, 2014 WL 5470466, at *2 (D. Nev. Oct. 27, 2014).[3] The reach of the disclosure obligation similarly does not encompass information that will solely aid the opposing party. *See Greene v. Alan Waxler Grp. Charter Servs., LLC*, Case No. 2:09-cv-00748-

---

[3] Defendants rely extensively on *Headwater Research LLC v. Samsung Electronics Co.*, Case No. 2:22-cv-0422-JRG-RSP, 2024 WL 3647624, at *1-3 (E.D. Tex. Aug. 2, 2024). *See, e.g.*, Docket No. 317 at 22-23. In that case, the court had issued a discovery order requiring production of all information "relevant to the pleaded claims or defenses." *See id.* at *1. No such order issued in this case and, as stated above, the rules themselves are not so expansive.

JCM-NJK, 2014 WL 2808980, at *2 (D. Nev. June 19, 2014) (quoting 8A Wright, Miller, & Marcus, FEDERAL PRACTICE AND PROCEDURE, § 2053, at 365-66 (2010), and collecting cases).

Rule 26(e) governs the duty to supplement initial disclosures and discovery responses. A party has a duty to supplement initial disclosures and discovery responses in timely fashion "if the party learns that in some material respect the disclosure or response is incomplete or incorrect." Fed. R. Civ. P. 26(e)(1)(A). The supplementation requirement is designed to correct inaccuracies based on new information that was not available previously. *See, e.g.*, *Patton v. Wal-Mart Stores, Inc.*, Case No. 2:12-cv-02142-GMN-VCF, 2013 WL 6158461, at *3 (D. Nev. Nov. 20, 2013).

### III.  THRESHOLD PROCEDURAL ARGUMENTS

Before addressing the merits of the pending motion, the Court resolves Plaintiff's procedural arguments. Plaintiff argues that the instant motion should be denied because it seeks in the same filing to modify the dispositive motion deadline and to impose dispositive sanctions. *See* Docket No. 321 at 11 (citing Local Rule IC 2-2(b)). The Court declines to deny Defendants' motion on that basis. *Cf. Adherence v. CVS Health Corp.*, Case No. 2:24-cv-01590-JCM-NJK, 2025 WL 1393970, at *1 (D. Nev. Apr. 7, 2025).

Plaintiff also argues that the motion is untimely. *See* Docket No. 321 at 11-18; *see also* Docket No. 311 (prior order). While the deadline to file dispositive motions is long-expired, Plaintiff did not provide the subject material in dispute until February 2025, *see* Docket No. 317-6 at ¶ 6, and Defendants attest that they required expert input to formulate their motion, which they initially filed a little more than two months after the disclosures, *see id.* at ¶ 7, *see also* Docket No. 297 (initial motion for these sanctions). Given all of the pertinent circumstances, the Court agrees with Defendants that both good cause and excusable neglect exist such that the motion is considered timely filed. *See Branch Banking & Trust Co. v. DMSI, LLC*, 871 F.3d 751, 764-65 (9th Cir. 2017) (outlining standards).

### IV.  ANALYSIS

Defendants' motion takes something of a spaghetti approach, *cf. Independent Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir. 2003), making wide-ranging accusations of misconduct. There is a structured analysis that applies to Rule 37(c)(1) sanctions, which begins

4

with a determination of whether Defendants have established specifically a violation of Rule 26(a) or Rule 26(e). *See* Fed. R. Civ. P. 37(c)(1). The Court agrees with Plaintiff that Defendants mostly fail to make that threshold showing.

### A. Initial Disclosures

Rule 26(a) governs initial disclosure obligations. Defendants argue that Plaintiff violated its initial disclosure obligations pursuant to Rule 26(a) by not producing the subject source code earlier in the case.[4] As to the specific information at issue, Plaintiff argues that the source code documented in ISI00174867 and ISI00174868 is not pertinent to its claims and, more specifically, that it "has no intention of offering that code as evidence" in this case. Docket No. 321 at 21 (emphasis omitted). Plaintiff indicates that it will stipulate that it will not seek to introduce either of these files into evidence. Docket No. 321 at 21 n.59.[5] Defendants provide no meaningful argument as to how Plaintiff violated its initial disclosure obligation as to information on which it does not intend to rely. *See* Fed. R. Civ. P. 26(a)(1)(A)(i)-(ii). Defendants did not meet their burden of establishing an initial disclosure violation as to this information.

The picture is not so rosy for Plaintiff with respect to ISI00174866. Plaintiff indicates that it will indeed rely on that code in support of a claim in this case. *See* Docket No. 321 at 21. There is also no dispute that Plaintiff first disclosed this document after the close of discovery. *See, e.g.*, Docket No. 317-6 at ¶ 5. Hence, it would appear that Plaintiff violated its disclosure obligation

---

[4] Plaintiff is correct that the cases cited by Defendants do not resolve whether the subject information must be provided with initial disclosures. *See* Docket No. 321 at 22-23 n.64. In *Lynchval Systems Inc. v. Chicago Consulting Actuaries, Inc.*, the Court addressed the sufficiency of interrogatory answers. *See* Case No. 95 C 1490, 1998 WL 151814, at *5 (N.D. Ill. Mar. 27, 1998). In *NEXT Payment Solutions, Inc. v. CLEAResult Consulting, Inc.*, the Court addressed the sufficiency of evidence at summary judgment. *See* Case No. 1:17-cv-8829, 2020 WL 2836778, at *16 (N.D. Ill. May 31, 2020). In *Plus One, LLC v. Capital Services LLC*, the Court denied as moot a challenge to a trade secret description given the intention to supplement it. *See* Case No. 23-cv-2016 (KMM/JFD), 2024 WL 4601880, at *2 (D. Minn. Oct. 29, 2024). Hence, this unpublished, out-of-circuit authority does not aid Plaintiff here.

[5] Plaintiff also indicates that it "no longer asserts any claim on any code used to transfer lines to TV display or hexadecimal code[, so it] does not object to the exclusion of evidence on such code and will not seek to introduce any such evidence." *Id.* at 21 n.58. Given those representations, the Court orders that Plaintiff is prohibited from introducing the identified documents and code into evidence. *Cf. PlayUp, Inc. v. Mintas*, Case No. 2:21-cv-02129-GMN-NJK, 2024 WL 3621352, at *2 (D. Nev. Aug. 1, 2024).

with respect to the information within this document. Nonetheless, Plaintiff argues that it did not violate its disclosure obligation as to this information because Defendants have had it in their possession since 2019. *See* Docket No. 321 at 21. Plaintiff cites to no legal authority that such a circumstance obviates the need to identify information in an initial disclosure, *see id.*, and Defendants dispute that contention in a footnote without themselves citing legal authority regarding initial disclosure obligations, *see* Docket No. 323 at 8 n.3. The parties also raise—but fail to develop—arguments concerning whether and how the inspection circumstances of this case impact the disclosure obligation. *See, e.g.*, Docket No. 321 at 8-9. Given the rulings herein separating the wheat from the chaff, the Court will leave these issues for more focused briefing as permitted below.

### B. Supplementation of Discovery Responses

Defendants also seek sanctions based on their contention that Plaintiff provided improper responses to certain discovery requests and did not provide the subject information until compelled to do so by the Court. *See, e.g.*, Docket No. 317 at 4-10. Plaintiff responds that it provided responses to the discovery requests that were propounded and that it should not be penalized for producing discovery that was ordered after a ruling on the related motion to compel. *See, e.g.*, Docket No. 321 at 19-22.

The inquiry in addressing a request for Rule 37(c)(1) sanctions based on propounded discovery is whether a party violated its duty to supplement its discovery responses. *See* Fed. R. Civ. P. 37(c)(1) (providing that sanctions may be predicated on a Rule 26(e) violation). The supplementation duty is triggered when a party "learns" that its discovery response was incomplete or incorrect. *See* Fed. R. Civ. P. 26(e)(1)(A). Hence, as recognized by Defendants in their motion, supplementation in this context "means correcting inaccuracies . . . based on information that was not available at the time of the initial disclosure." Docket No. 317 at 10. The basis of Defendants' motion is not that Plaintiff obtained new information from which it learned that its discovery responses were incomplete or incorrect, and that Plaintiff failed to supplement. Defendants' motion is predicated on the notably different contention that Plaintiff purposefully crafted improper responses to discovery and then subsequently provided the information at issue after the

6

Court granted discovery motion practice. *See id.* at 4-10. Even assuming Defendants' characterizations of Plaintiff's conduct is accurate, which is disputed, the motion does not explain how the square peg of alleged conduct fits within the round hole of the duty to supplement. Having failed to meaningfully explain how the conduct described constitutes a failure to "supplement," Defendants failed to meet their burden of establishing such a violation.

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** in part Defendants' motion for sanctions in that Plaintiff is prohibited from introducing into evidence either ISI00174867 and ISI00174868, as well as any code used to transfer lines to TV display or hexadecimal code. The Court otherwise **DENIES** Defendants' motion for sanctions. With respect to the information within ISI00174866, this denial is without prejudice to Defendants bringing a renewed motion for Rule 37(c)(1) sanctions limited to that specific document. That motion must be filed no later than October 8, 2025.

IT IS SO ORDERED.

Dated: September 24, 2025

Nancy J. Koppe
United States Magistrate Judge