UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Internet Sports International, Ltd.,

    Plaintiff(s),

v.

Amelco USA, LLC, et al.,

    Defendant(s).

Case No. 2:23-cv-00893-ART-NJK

**Order**

[Docket No. 335]

    Pending before the Court is Defendants' renewed motion for case-dispositive sanctions sought pursuant to Rule 37(c)(1). Docket No. 335. Plaintiff filed a response in opposition. Docket No. 341. Defendants filed a reply. Docket Nos. 343, 344.[1] The motion is properly resolved without a hearing. *See* Local Rule 78-1.

    The instant motion practice centers on Plaintiff's failure to timely disclose ISI00174866, which contains source code.[2] Although Plaintiff previously appeared to indicate that it would rely on that source code at trial, *see* Docket No. 321 at 21, Plaintiff has now agreed to the exclusion of this evidence at trial, *see* Docket No. 341 at 5; *see also, e.g.*, Docket No. 341-1. Exclusion is the default and typical remedy for an initial disclosure violation. *See, e.g.*, Fed. R. Civ. P. 37(c)(1). Such relief flows directly from the underlying purpose of initial disclosures that a party must advise a litigation opponent of its factual and legal contentions so as to avoid trial by ambush. *See Silvagni v. Wal-Mart Stores, Inc.*, 320 F.R.D. 237, 240 (D. Nev. 2017); *see also* Docket No. 335 at 15 (Defendants' motion urging that a lack of disclosure may lead to litigation opponent's

---

[1] The native pagination in the papers does not always align with the CMECF pagination. The Court cites herein to the CMECF pagination.

[2] The Court previously addressed the factual background and legal standards, Docket No. 332, and will not repeat them herein.

presumption that the non-disclosing party will not use that document or information). The Court agrees with Plaintiff that exclusion of this information is the appropriate remedy given the circumstances of this case.[3]

Accordingly, Defendants' renewed motion for sanctions is **GRANTED** in part in that Plaintiff is prohibited from introducing into evidence ISI00174866. The motion is **DENIED** in all other respects.[4]

IT IS SO ORDERED.

Dated: November 17, 2025

_____
Nancy J. Koppe
United States Magistrate Judge

---

[3] As previously explained at some length, *see* Docket No. 332, the issues presented are whether Plaintiff failed to provide ISI00174866 as an initial disclosure and the relief that may be warranted pursuant to Rule 37(c)(1) of the Federal Rules of Civil Procedure. In arguing for case-dispositive sanctions, Defendants drift away from the framing and posture of their motion. For example, Defendants argue that they were prejudiced because Defendants were not able to explore and use ISI00174866 during discovery and in summary judgment motion practice. *See* Docket No. 335 at 17-18. As already explained in this case, however, initial disclosures are made as to information and documents upon which the disclosing party itself may rely; initial disclosures are not made to provide a litigation opponent information that may be detrimental to the disclosing party's claims or defenses. Docket No. 332 at 3 (discussing the text of Rule 26(a)(1)(A) and collecting cases). Moreover, given the lack of meaningful prejudice upon exclusion, Defendants' other arguments (*e.g.*, as to trial delay and need to reopen discovery) lose their force. In short, the initial disclosure violation in this case is appropriately remedied through an exclusionary sanction. Whether Plaintiff's conduct constitutes other types of violations that could have been subject to other sanctions is not the matter that is before the Court.

[4] Defendants' motion includes a cursory request for attorneys' fees. *See* Docket No. 335 at 25; *see also* Docket No. 343 at 4. The Court declines to address a request that was not supported by meaningfully developed argument. *See, e.g.*, *Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 582 n.3 (D. Nev. 2013).